United States District Court
Southern District of Texas
FILED

JUL 1 5 2004

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

**B-04-121**

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-____** |
| | § | **JURY** |
| **NEOPLAN USA CORP.** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NEOPLAN USA CORP., Petitioner herein, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1331, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.

Petitioner is the Defendant in a civil action now pending in the 197th Judicial District Court in Cameron County, Texas, Cause Number 2004-06-3193-C, styled *Daniel Enguita v. Neoplan USA Corp.*, wherein Plaintiff seeks monetary and other relief for personal injuries and constitutional injuries allegedly sustained by Plaintiff.

### II.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff. No defendant is a citizen of the State of Texas.

Defendants' Notice of Removal - Page 1

rom\motions\20820.removal

## III.

The Plaintiff, DANIEL ENGUITA, is domiciled in Cameron County, in the State of Texas, and was domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas. NEOPLAN USA CORP., the Defendant, is a corporation incorporated under the laws of the State of Colorado, having its principal place of business now and at the time this action was commenced in the State of Colorado. Defendant is now, and was at the time this action was commenced, a corporation organized under the State of Colorado and of no other state.

## IV.

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Should Plaintiff prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00)

## V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the plaintiff and defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VI.

Plaintiff, in his Original Petition filed on or about June 21, 2004, has raised federal law. Plaintiff alleges that this cause of action involves violations of Plaintiff's federal

constitutional rights and statutory rights, including violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Act.

## VII.

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was Defendant's first notice of said lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

## VIII.

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant on June 25, 2004.

## IX.

.    This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, Petitioner respectfully requests this action be removed to this Court.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)


BY:_____
     JEFFREY D. ROERIG
     Federal ID #1503
     State Bar #17161700
     ELIZABETH G. NEALLY
     Federal ID #8044
     State Bar #14840400

## VERIFICATION

THE STATE OF TEXAS           :

                             :

COUNTY OF CAMERON            :

      I, JEFFREY D. ROERIG, being first duly sworn, deposes and says that: I am counsel for Petitioner, **NEOPLAN USA CORP.,** herein;  I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.



                         JEFFREY D. ROERIG

      SUBSCRIBED AND SWORN TO BEFORE ME by the said JEFFREY D. ROERIG, this  _15th_  day of July, 2004, to certify which witness my hand and seal of office.

                       _Ruth Monk_

           Notary Public, State of Texas

```
**********************************
*   RUTH MONK                    *
*   Notary Public, State of Texas *
*   My Commission Expires 12-07-2005 *
**********************************
```

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX   78541

on this *15ᵗʰ* day of July, 2004.

_____
JEFFREY D. ROERIG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-____** |
| | § | **JURY** |
| **NEOPLAN USA CORP.** | § | |

<u>**LIST OF COUNSEL OF RECORD**</u>

**ATTORNEY FOR PLAINTIFF**:
Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX  78541
State Bar No. 00787681
Federal ID No.
(956) 386-0900
(956) 380-0771 (Fax)

**ATTORNEYS FOR DEFENDANT**:
Mr. Jeffrey D. Roerig
Fed. I.D. No. 1503
State Bar No. 17161700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520
(956) 542-5666
(956) 542-0016 (Fax)

Ms. Elizabeth G. Neally
Fed. I.D. No. 8044
State Bar No. 14840400
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520
(956) 542-5666
(956) 542-0016 (Fax)

<u>LIST OF COUNSEL</u> - Solo Page

rom\motions\24321.counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-____** |
| | § | **JURY** |
| **NEOPLAN USA CORP.** | § | |

**ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES**

1.    Counsel shall appear for an initial pretrial and scheduling conference before

U. S. Judge _____
on _____, 2004, at _____ o'clock ___.M.
At the United States District Courthouse
Brownsville, Texas
(Conference may be held telephonically if requested)

2.    Counsel shall prepare and file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pending of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed.R.Civ.P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.    After the parties meet as required by Fed.R.Civ.P. 26(f), counsel shall prepare and file not less than 10 days before the conference, a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.    The Court will enter a scheduling order and may rule on any pending motions at the conference.

*rom/motions/23751.conference*

6.   Counsel who file(s) or remove(s) an action *is responsible or providing the other parties with a copy of this order and in addition* must serve a copy of this order with the summons and complaint or with the notice of removal.

7.   Attendance by an attorney who has authority to bind the party is required at the conference.

8.   Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.   A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.   Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-____** |
| | § | **JURY** |
| **NEOPLAN USA CORP.** | § | |

## JOINT REPORT OF RULE 26(f) MEETING
### AND
## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1.      State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

2.      List the cases related to this one that are pending in any state or federal court, with the case number and court.

3.      Briefly describe what this case is about.

4.      Specify the allegation of federal jurisdiction.

5.      Name the parties who disagree and the reasons.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.      List anticipated interventions.

8.      Describe class-action issues.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10.      Describe the proposed agreed discovery plan, including:

      A.      Responses to all the matters raised in Rule 26(f).

      B.      When and to whom the Plaintiff anticipates it may send interrogatories.

C.    When and to whom the Defendant anticipates it may send interrogatories.

D.    Of whom and by when the Plaintiff anticipates taking oral depositions.

E.    List depositions Defendants anticipate taking and their anticipated completed date. See Rule 26(a)(2)(b) (expert report).

F.    When the Plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.    List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

H.    List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

13.    State the date the planned discovery can reasonably be completed.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

16.    From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.    Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

19.    Specify the number of hours it will take to present the evidence in this case.

rom/motions/23751.report

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.    List other motions pending.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-____** |
| | § | **JURY** |
| **NEOPLAN USA CORP.** | § | |

## INDEX OF MATTERS FILED

I.     State Court Documents

     A.     Plaintiff's Original Petition

     B.     Citation to Neoplan USA Corp.

     C.     Return of Citation (CM/RRR)

     C.     Civil Docket Sheet

     D.     Notice of Filing Notice of Removal


II.     Federal Court Documents

     A.     Civil Cover Sheet

     B.     Notice of Removal

     C.     List of Counsel of Record

     D.     Order for Conference and Disclosure of Interested Parties

     E.     Index of Matters Filed

CAUSE NO. _2004-06-3193-C_

| | | |
|---|---|---|
| DANIEL ENGUITA, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | _197th_JUDICIAL DISTRICT |
| | § | |
| NEOPLAN USA CORP. | § | |
|     Defendant | § | CAMERON COUNTY, TEXAS |

---

### PLAINTIFF DANIEL ENGUITA'S ORIGINAL PETITION

FILED 2:10 O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

JUN 2 1 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ DEPUTY

**TO THE HONORABLE COURT:**

      **COMES NOW, DANIEL ENGUITA** (hereinafter referred to as Plaintiff) complaining of **NEOPLAN USA CORP.** (hereinafter referred to as Defendant), and for such cause of action, would respectfully show unto the Court and the Jury, as follows:

**I.**

### Discovery Level

      1.1    Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

**II.**

### Parties

      2.1    Plaintiff, DANIEL ENGUITA, is an individual domiciled in Cameron County, Texas.

      2.2    Defendant, NEOPLAN USA CORP. is a corporation duly licensed to conduct business in the State of Texas and may be served with citation by serving its Registered Agent: C.T. Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. Service of citation is requested via Certified Mail, Return Receipt Requested.

### III.

### Venue and Jurisdiction

3.1     Venue is proper in Cameron County, Texas in that the incident made the basis of this cause of action occurred in Cameron County, Texas.

### IV.

### Factual Background

4.1     Plaintiff accepted employment with the Defendant corporation in the United States in February 1982.  During his overall distinguished thirty seven year career with the Defendant in the United States and abroad, the Plaintiff performed all the duties assigned to him with loyalty, dedication and hard work.  Plaintiff was last employed as a Production Manager.

4.2     On or about September 1, 2002, Plaintiff was wrongfully discharged by a management employee of Defendant.

4.3     Plaintiff alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory job for the Defendant during h is  employment w ith D efendant, a nd t hat t here w as w ork a vailable a nd t here continues to be work available which Plaintiff could perform.  Plaintiff further asserts and intends to prove that the mistreatment received by him was part of a pattern and practice engaged in by the Defendant towards the Plaintiff and others similarly situated.

### V.

### Exhaustion of Administrative Remedies

5.1     Plaintiff timely filed his complaints of discrimination (age, national origin, and disability) with the Texas Commission on Human Rights and the EEOC.

5.2     Plaintiff Daniel Enguita thereafter filed his formal charge of discrimination. Plaintiff waited for the requisite amount of time required by law for the Employment Commissions to investigate this claim.  After such time, Plaintiff timely filed this lawsuit within the limitations set forth by law.

5.3     All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## VI.

### Causes of Action

**A.    Employment Law Violations**

6.1    Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

6.2    Plaintiff alleges that he was discriminated against by the Defendant corporation due to his national origin, namely – Hispanic/Spanish descent; disability – spinal stenosis and surgery – hip and back; and due to his age, 61 (d.o.b. - 04/10/1941) in violation of the law.

6.3    On or about September 1, 2002, Plaintiff was fired by the Defendant corporation due to the culmination of discriminatory conduct directed against him by the Defendant corporation. The Defendant discriminated against this Plaintiff and wrongfully terminated him because he exercised his statutory rights under Section 21.051 and Section 21.055 of the Texas Labor Code (Texas Commission on Human Rights Act) and the corresponding sections under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). The Plaintiff alleges that his termination was part of a larger unwritten plan or scheme of the Defendant to discriminate against injured older Hispanic employees.

6.4    The Defendant, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff because of his national origin, his age and/or his disability.

**Discrimination by Employer**

An employer commits an unlawful employment practice if because of race, color, *disability*, religion, *sex*, *national origin*, or *age*, the employer:

1.    Fails or refuses to hire an individual, *discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment*; or

2.    *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an

-3-

*individual of any employment opportunity or adversely affect in any other manner the status of an employee.*

(Vernon's 2002)(emphasis added)

**Retaliation**

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1.  Opposes discriminatory practice;

2.  Makes or files a charge;

3.  Files a complaint; or

4.  Testifies, assists or participates in any manner an investigation, proceeding or hearing.

6.5    As a result of the discriminatory treatment, his ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

**B.    Intentional Infliction of Emotional Distress**

6.6    Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background.*

6.7    Plaintiff alleges that the Defendant's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and its purpose was to cause the infliction of emotional distress of a severe nature to the Plaintiff.   The Defendant's actions caused the Plaintiff mental as well as physical pain.  As a result of the Defendant's actions, the Plaintiff has suffered actual damages in an amount not to exceed the jurisdictional limits of this court.   Plaintiff sues the Defendant as a result of such actions.

**VII.**

**Actual Damages**

7.1    As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

-4-

**A.   Lost Earnings and Special Damages**

     7.2    At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendant, the Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.   Past and Future Mental Anguish**

     7.3    As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, depression and inferiority. The Plaintiff has further suffered ill-effects including but not limited to sleeplessness, depression and loss of self-esteem due to the discriminatory treatment and/or termination. In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

### VIII.

### Attorney's Fees

     8.1    By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary if he is successful in this case. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action.

     8.2    Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.

8.3    If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.

8.4    Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.

## Exemplary Damages

9.1    The conduct of the Defendant, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.

9.2    Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## X.

## Demand for Trial by Jury

10.1    Plaintiff, by and through his attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($30.00) with the District Clerk of Cameron County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

WHEREFORE, Plaintiff, DANIEL ENGUITA, prays that this Honorable Court grant the following:

(1)     Judgment against the Defendant NEOPLAN USA CORP. for the Plaintiff's actual damages;

(2)     Punitive damages;

(3)     Attorney's fees;

(4)     Pre-judgment interest allowed by law;

(5)     Interest on the judgment at the legal rate from the date of judgment;

(6)     For costs of suit herein; and

(7)     For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he will forever pray.

Respectfully submitted,

THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Ave.
Edinburg, Texas 78541
Telephone: (956) 386-0900
Facsimile: (956) 380-0771

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Attorney for Plaintiff
DANIEL ENGUITA

-7-

Citation for Personal Service  - BY CERTIFIED MAIL   .Lit. Seq. # 5.002.01

No. 2004-06-003193-C                **ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: NEOPLAN USA CORP.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST. PAUL ST.
    DALLAS, TX 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF DANIEL ENGUITA'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on ___ JUNE 21, 2004 ___. A copy of same accompanies this citation.

The file number of said suit being No. 2004-06-003193-C.

The style of the case is:

DANIEL ENGUITA
VS.
NEOPLAN USA CORP.

Said petition was filed in said court by _____ CARLOS E. HERNANDEZ, JR _____
(Attorney for _____ PLAINTIFF _____), whose address is
101 NORTH TENTH AVE. EDINBURG, TX  78541 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of ___ JUNE ___, A.D. 2004.

AURORA DE LA GARZA ___, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ *Rosie Sheldon Sotelo* _____, Deputy
        Rosie Sheldon Sotelo

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

2004-06-3193-C OIT 6/21/04

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

9582 0365 0000 2410 7002

Sent To
NEOPLAN USA CORP./C.T. CORP. SYSTEM
Street, Apt. No.;
or PO Box No. 350 NORTH ST. PAUL ST.
City, State, ZIP+4
DALLAS, TX 75201

PS Form 3800, June 2002                    See Reverse for Instructions

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 21st of

JUNE    2004, I mailed to

NEOPLAN USA CORP.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    9582-0365
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By: _____Rosie Sheldon Sotelo_____ , Deputy
         Rosie Sheldon Sotelo

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NEOPLAN USA CORP.
REGISTERED AGENT FOR
C.T. CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TX 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JUN 2 5 2004
CT CORPORATION

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☒ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 2410 0000 9582 0365

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CITATION 2004-06-3193-C
06/21/04

AURORA DE LA GARZA
DISTRICT CLERK
CAMERON COUNTY
974 E HARRISON
BROWNSVILLE TX 78520

DISTRICT COURT OF CAMERON COUNTY

JUN 3 0 2004

FILED
AURORA DE LA GARZA, CLK.
o'clock

RUN DATE 07/14/04
RUN TIME 4:31 PM

PAGE: 01

2004-06-003193-C

*  *  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *

DANIEL ENGUITA

VS

NEOPLAN USA CORP.

00642801
CARLOS E. HERNANDEZ, JR
101 NORTH TENTH AVE.
EDINBURG, TX    78541 0000

(10)

DAMAGES

LAW OFFICES
OF CARLOS E. HERNAN

06        21        04

30.00

06/21/04  ORIGINAL PETITION FILED
06/21/04  CITATION (CM): NEOPLAN USA CORP.
06/21/04      SERVED: 06/25/04    FILED: 06/30/0
06/21/04  JURY FEE: Pd. by CARLOS E. HERNANDEZ,
          JR

CAUSE NO. 2004-06-3193-C

| | | |
|---|---|---|
| DANIEL ENGUITA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| NEOPLAN USA CORP. | § | CAMERON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that the Defendant, on the _15th_ day of July, 2004, filed

in the United States District Court for the Southern District of Texas, Brownsville Division,

a Notice of Removal of the above-referenced and numbered cause pursuant to 28 U.S.C.

Sections 1441 and 1332. A copy of said Notice of Removal is attached hereto.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

By _____
JEFFREY D. ROERIG
Texas State Bar #17161700
ELIZABETH G. NEALLY
Texas State Bar #14840400
ATTORNEYS FOR DEFENDANT

DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL - Page 1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX   78541

on this _15th_ day of July, 2004.

JEFFREY D. ROERIG

rom\motions\23751 notice