

United States District Court
Southern District of Texas
FILED

JUL 1 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| VS. | § | CIVIL ACTION NO. B-04-121 |
| | § | JURY |
| NEOPLAN USA CORP. | § | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, NEOPLAN USA CORP., files this its Original Answer to Plaintiff's Original Petition and would show the Court the following:

**I.**

1.1   No admission or denial is necessary to Paragraph 1.1 of Plaintiff's Original Petition.

**II.**

2.1   Defendant can neither admit nor deny Paragraph 2.1 of Plaintiff's Original Petition.

2.2   Defendant denies the allegations contained in Paragraph 2.2 of Plaintiff's Original Petition.

**III.**

3.1   Defendant denies the allegations contained in Paragraph 3.1. of Plaintiff's Original Petition.

**IV.**

4.1   Defendant denies the allegations contained in Paragraph 4.1 of Plaintiff's Original Petition.

4.2   Defendant denies the allegations contained in Paragraph 4.2 of Plaintiff's Original Petition.

4.3   Defendant denies the allegations contained in Paragraph 4.1 of Plaintiff's Original Petition.

## V.

5.1   Defendant can neither admit nor deny the allegations contained in Paragraph 5.1 of Plaintiff's Original Petition.

5.2   Defendant can neither admit nor deny the allegations contained in Paragraph 5.2 of Plaintiff's Original Petition.

5.3   Defendant denies the allegations contained in Paragraph 5.3 of Plaintiff's Original Petition.

## VI.

6.1   Defendant denies the allegations contained in Paragraph 6.1 of Plaintiff's Original Petition.

6.2   Defendant denies the allegations contained in Paragraph 6.2 of Plaintiff's Original Petition.

6.3   Defendant denies the allegations contained in Paragraph 6.3 of Plaintiff's Original Petition.

6.4   Defendant denies the allegations contained in Paragraph 6.4 of Plaintiff's Original Petition.

6.5   Defendant denies the allegations contained in Paragraph 6.5 of Plaintiff's Original Petition.

## VII.

7.1   Defendant denies the allegations contained in Paragraph 7.1 of Plaintiff's Original Petition.

7.2   Defendant denies the allegations contained in Paragraph 7.2 of Plaintiff's Original Petition.

7.3   Defendant denies the allegations contained in Paragraph 7.3 of Plaintiff's Original Petition.

## VIII.

8.1   Defendant denies the allegations contained in Paragraph 8.1 of Plaintiff's Original Petition.

8.2   Defendant denies the allegations contained in Paragraph 8.2 of Plaintiff's Original Petition.

8.3   Defendant denies the allegations contained in Paragraph 8.3 of Plaintiff's Original Petition.

8.4   Defendant denies the allegations contained in Paragraph 8.4 of Plaintiff's Original Petition.

## IX.

9.1   Defendant denies the allegations contained in Paragraph 9.1 of Plaintiff's Original Petition.

9.2   Defendant denies the allegations contained in Paragraph 9.2 of Plaintiff's Original Petition.

## X.

10.1   Defendant joins Plaintiff in requesting a trial by jury contained in Paragraph 10.1 of Plaintiff's Original Petition

## XI.

## **AFFIRMATIVE DEFENSES**

11.1 By way of further answer herein, Defendant denies that Plaintiff is entitled to recover punitive damages in this case since Defendant's conduct at all relevant times demonstrated reasonable care. To recover punitive damages, the Plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure, actual or constructive, is completely absent in this case.

11.2 By way of further answer, Defendant states that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

11.3 Defendant further states that the correct standard for submitting its burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.001(2) of the Texas Civil Practice and Remedies Code, and that Plaintiff must obtain a unanimous jury verdict regarding all questions relating to establishing punitive damages.

11.4 Defendant would further request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code. Pursuant to this section, Defendant would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Original Petition be dismissed at Plaintiff's costs and for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

BY: _____
JEFFREY D. ROERIG
Federal ID #1503
State Bar #17161700

Ms. Elizabeth G. Neally
Fed. I.D. No. 8044
State Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been mailed, Certified Mail No. 7160 3901 9848 1269 8819, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX 78541

on this 15th day of July, 2004.

_____
JEFFREY D. ROERIG