IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
SEP 1 4 2004
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-121 |
| | § | JURY |
| NEOPLAN USA CORP. | § | |

## JOINT REPORT OF RULE 26(f) MEETING
## AND
## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

The Rule 26(f) meeting was held by telephone between Savannah Robinson, Attorney in Charge for Daniel Enguita; and Jeffrey D. Roerig, Attorney in Charge of Neoplan USA Corp., on September 13, 2004.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

None.

3. Briefly describe what this case is about.

Plaintiff alleges that his employment with the Defendant was terminated because of his age, national origin, and/or disability. Defendant denies those allegations. Plaintiff also alleges retaliation for opposing discriminatory practices or filing complaints. Defendant denies this allegation as well.

4. Specify the allegation of federal jurisdiction.

The parties agree that there is diversity of citizenship. The Defendant also asserts that the Plaintiff has raised federal questions in his Petition, including seeking relief under Title VII of the Civil Rights Act of 1964.

5.  Name the parties who disagree and the reasons.

The parties agree that there is diversity of citizenship. Plaintiff contends there is no federal question because identical relief can be obtained under the Texas Commission of Human Right Act.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7.  List anticipated interventions.

None.

8.  Describe class-action issues.

None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Plaintiff has made partial initial disclosures and will complete its disclosures within thirty(30) days of the initial pre-trial conference. Defendant will make its initial disclosures within thirty (30) days of the initial pre-trial conference.

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

Not applicable.

   B.  When and to whom the Plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to Defendant.

   C.  When and to whom the Defendant anticipates it may send interrogatories.

Defendant anticipates sending interrogatories to Plaintiff.

    D.    Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral depositions of Plaintiff's immediate supervisor at the time of his termination, and a corporate representative to be designated by the Defendant. Plaintiff will complete these depositions within one hundred twenty (120) days from the initial pre-trial conference.

    E.    List depositions Defendants anticipate taking and their anticipated completed date. See Rule 26(a)(2)(b) (expert report).

Defendant anticipates taking the depositions of a representative of the Texas Commission on Human Rights, the Plaintiff, Robert Tatum, Juan Malchan, Patricia Robina-Hernrov, Dorothy Elliott, Ivan Rogers and Dr. Madhaven Pisharodi. Defendant anticipates completing these depositions within one hundred fifty (150) days from the initial pre-trial conference in this case.

    F.    When the Plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate his experts and provide reports ninety (90) days before trial. Defendant will designate its experts and provide reports sixty (60) days before trial.

    G.    List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates taking the depositions of Defendant's experts and completing those depositions thirty (30) days before trial.

    H.    List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the depositions of the Plaintiff's experts and completing those depositions forty-five (45) days before trial.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

Two hundred seventy (270) days.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties discussed conducting a mediation after some initial discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties discussed mediation to bring about a prompt resolution.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

The parties discussed that they could conduct mediation within one hundred twenty (120) days from the initial pre-trial hearing.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to try the case in front of a Magistrate.

18. State whether a jury demand has been made and if it was made on time.

Plaintiff made a jury demand in a timely fashion.

19. Specify the number of hours it will take to present the evidence in this case.

The parties anticipate that it will take twenty (20) hours to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21. List other motions pending.

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

Plaintiff filed his Certificate of Interested Persons on August 11, 2004. Defendant filed its Disclosure of Interested Persons on July 30, 2004, and amended that Disclosure on August 2, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEYS FOR PLAINTIFF**:

*Savannah Robinson* by *[signature] with permission*
Savannah Robinson
**Attorney in Charge**
1822 Main Street
Danbury, TX  77534
State Bar No. 17108150
Fed. ID No. 5922
(979) 922-8825
(979) 922-8857 (Fax)

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX 78541
State Bar No. 00787681
Federal ID No.
(956) 386-0900
(956) 380-0771 (Fax)


**ATTORNEYS FOR DEFENDANT**:

_____
Jeffrey D. Roerig
Fed. I.D. No. 1503
State Bar No. 17161700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

Ms. Elizabeth G. Neally
Fed. I.D. No. 8044
State Bar No. 14840400
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)