United States District Court
Southern District of Texas
FILED

DEC 23 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

**DEFENDANT NEOPLAN USA CORP.'S
MOTION TO COMPEL PLAINTIFF'S ANSWERS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES
AND DEFENDANT'S FIRST REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Neoplan USA Corp. in the above styled and numbered cause and files this its Defendant Neoplan USA Corp.'s Motion to Compel Plaintiff's Answers to Defendant's First Set of Interrogatories and Defendant's First Requests for Production, and in support thereof would respectfully show the Court as follows:

I.

This Motion is filed pursuant to Federal Rules of Civil Procedure, Rule 37(a)(2)(B).

1. On October 7, 2004, Defendant prepared and served Defendant's First Set of Interrogatories and Defendant's First Requests for Production to Daniel Enguita by certified mail, return receipt requested.

2. Plaintiff Daniel Enguita subsequently served his responses to Defendant's First Set of Interrogatories and Defendant's First Requests for Production. However, in doing so filed frivolous objections and failed to give responsive answers to the Interrogatories and the Requests

for Production. Also, no documents were produced with the responses to the Requests for Production.

      3.      Further Defendant requests that Plaintiff be compelled to answer the Request for Production provided to him pursuant to Federal Rules of Civil Procedure, Rule 34 (b). Plaintiff's objection to said requests are unfounded.

      4.      Specifically, Plaintiff has objected to the following Requests for Production: Requests for Production Nos. 5, 6, 8, 9, 10, 26, 27, 33, 35, 43. 49, 50, 51, 52, 53, and 54.

      5.      Additionally, Plaintiff answered the following Requests for Production with unresponsive answers:

> REQUEST FOR PRODUCTION NO. 36: Please produce any and all evidence of harassment by other employees.
>
> ANSWER: What??? Have you read this petition?
>
> REQUEST FOR PRODUCTION NO. 38: Please produce any documents or computer discs reflecting that the NEOPLAN USA CORP. Committed harassment against Plaintiff or any other person.
>
> ANSWER: What?? You really ought to look at the pleadings.
>
> REQUEST FOR PRODUCTION NO. 39: Please produce all evidence, documents computer discs, reflecting any adverse employment action taken against Plaintiff.
>
> ANSWER: What??? Plaintiff has never employed anyone? Are you talking about the wrongful termination of plaintiff? If so, then the request is overbroad, cumulative or other requests, and a prohibited "fishing expedition."

REQUEST FOR PRODUCTION NO. 40: Please provide any tangible evidence supporting the date, place or person to whom you first made a complaint of harassment by NEOPLAN USA CORP.

ANSWER: You've lost your mind. This is not a sexual harassment suit.

REQUEST FOR PRODUCTION NO. 43: Please provide all forms, applications, questionnaires, complaints, filings or other documents you completed or provided to the Texas Commission on Human Rights or Equal Employment Opportunity Commission regarding your employment with or separation from Defendant.

ANSWER: Object as being cumulative and duplicative. Harassing, annoying and a wasted effort.

## II.

6.  Defendant conferred with counsel for Plaintiff by correspondence of November 29, 2004 requesting that answers and responses to the interrogatories and requests for production be served on Defendant Neoplan USA Corp. A copy of the letter is attached as Exhibit A.

7.  Specifically Plaintiff gave the following response:

INTERROGATORY NO. 2: State your educational background, along with the names of schools attended, dates of attendance, and degrees received.

ANSWER: Object as being beyond the permissible scope of discovery. Subject to the objection and without waiving same, as follows: Defendant was the employer of Plaintiff for 35 years and has his entire resume in its files.

INTERROGATORY NO. 5: Please describe all efforts made by Plaintiff to mitigate his damages since your termination including any places that you have applied for a job, the position applied to, and the date you applied.

ANSWER: Because of disability, no equivalent work has been available. Moved to Spain to reduce cost of living. Applied for unemployment both here and in Germany.

INTERROGATORY NO. 7: Please identify the names of all medical providers, psychiatrists, clergy, counselors, therapists, who have provided medical/psychiatric treatment to you in the last (10) years including, but not limited to any claim of "*past and future mental anguish*" as stated in Plaintiff's Original Petition.

ANSWER: Please see Plaintiff's response to Rule 26 Initial Disclosures.

INTERROGATORY NO. 8: Please state any facts supporting Plaintiff's claims that Plaintiff was retaliated and discriminated against because he was an injured older Hispanic employee as alleged in Plaintiff's Original Petition.

ANSWER: Please see Plaintiff's Original Petition.

INTERROGATORY NO. 9: Please state any and all facts supporting Plaintiff's claim that Defendant's actions constituted intentional infliction of emotional distress.

ANSWER: Please see Plaintiff's Original Petition.

INTERROGATORY NO. 11: If you have ever made, discussed, filed or threatened to make or file any demand letters, claims and/or lawsuits (other than this lawsuit) alleging libel, slander, defamation, retaliation, any type of employment discrimination (whether sex, race, age, disability, religion or otherwise), sexual harassment, mental anguish, personal injuries, impaired work capacity, lost earning capacity, past or future lost wages, worker's compensation claims, bodily injuries, wrongful discharge, workers compensation retaliation, unlawful discharge for whistle blowing or refusing to perform an illegal act, assault, battery or invasion of privacy by an employer, or its employees, agents, customers, supervisors, shareholders, officers or directors, then with respect to each claim or lawsuit please identify each person, corporation, or entity against whom a claim and/or lawsuit was made, discussed, threatened or filed.

ANSWER: Object as being overbroad, irrelevant, beyond the scope of discovery. Subject to the objection, not applicable.

INTERROGATORY NO. 12: Please describe each element of the damages you are seeking in this lawsuit, describing in detail your calculations, the basis of those damage calculations, and the amounts in dollars and cents that you are seeking to recover in this lawsuit
*Note: This Interrogatory includes all elements of damages you have allegedly suffered as a result of your employment with or separation from defendant, or for which you have pled in this lawsuit, including, but not limited to, back wages, future lost wages, mental anguish, medical bills, doctor's bills, lost benefits, prescriptions, liquidated damages, reasonable attorneys' fees, medical expenses, court costs and punitive damages.*

ANSWER: Please see Plaintiff's responses to Rule 26 Initial Disclosures.

INTERROGATORY NO. 13: Please identify all contracts or any written documents or oral statements which you claim were entered into between Plaintiff and Defendant.

ANSWER: Plaintiff was employed at an established wage rate, with established benefits, and provided a round trip ticket for he and his family to anywhere in the world annually.

INTERROGATORY NO. 14: Regarding every person, company and/or entity to whom you have applied for employment since the date of your employment with Defendant ended, state the name of the entity or person, the date you applied, to whom you applied, the nature of the application (phone, letter, interview, etc.) and the position for which you applied.

ANSWER: Not applicable.

INTERROGATORY NO. 15: Since the date of your employment with Defendant ended, if you have received any income, compensation, government benefits, salary, wage, tips, gifts, health insurance payments, early retirement benefits, social security benefits, unemployment compensation payments, workers' compensation payments, disability benefits, or benefits or remuneration of any kind whatsoever, identify each source of such income or benefits and state the total amount of income or benefits received.

ANSWER: Employment with Defendant ended on June 24, 2002. Plaintiff has received unemployment insurance benefits.

Defendant would show that this is a suit for wrongful termination. As such these interrogatories are directly relevant. Plaintiff's evasive and incomplete answers are regarded as failures to respond. See *Beard v. Braunstein*, 914 F.2d 434, 446 (3rd Cir. 1990).

## IV.

8.  As of the date and time of filing this Motion to Compel, Plaintiff has failed to supplement his responses to Defendant's First Set of Interrogatories and Defendant's First Requests for Production. Therefore, Defendant requests that this Court corder Plaintiff to respond to Defendant's First Set of Interrogatories and Defendant's First Requests for Production.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that an order setting a hearing on this Motion be issued; that parties take notice of the Motion and order; that upon hearing of this matter the Court enter an Order compelling Plaintiff to fully and completely answer each and every Interrogatory and Requests for Production and an order imposing such sanctions on Plaintiff as are just and equitable.

    Respectfully submitted,

    ROERIG, OLIVEIRA & FISHER, L.L.P.
    855 West Price Road, Suite 9
    Brownsville, Texas 78520
    Telephone: (956) 542-5666
    Facsimile: (956) 542-0016

    By: _____
    Elizabeth G. Neally
    State Bar No. 14840400
    Fed ID No. 8044

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Compel Plaintiff's Answers to Defendants' First Set of Interrogatories and Defendant's First Requests for Production, to counsel of record, via certified mail, return receipt requested, on this ___ day of December, 2004.

Carlos E. Hernandez, Jr.
The Law offices of Carlos E. Hernandez, Jr., P.C.
101 North Tenth Avenue
Edinburg, TX 78541

Ms. Savannah Robinson
Attorney at Law
1822 Main Street
Danbury TX 77534

_____
Elizabeth G. Neally