United States District Court
Southern District of Texas
FILED

JAN 0 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Enguita, Plaintiffs herein, and make this his response to the Motion of Defendant to compel answers, and would show as follows:

I.
BACKGROUND

1   This is a suit for wrongful termination. Plaintiff, who is a 35 year veteran for the employer and its wholely owned companies, was terminated due to his age, and disability, and having filed a workers' compensation claim for his condition. It is further alleged that the actions of the company caused him intentional infliction of emotional distress.

2.   This is not a suit for sexual harrassment. There is no reference to sexual harrassment in Plaintiff's pleadings. Nevertheless, Defendant served discovery for a sexual harrassment claim.

1

3. This is not a whistle-blowers' action. There is no reference to whistle-blowers' claims in Plaintiff's pleadings. Nevertheless, Defendant served discovery for a whistle-blowers' claim.

4. Plaintiff resides in Spain. Contact, for the purpose of determining answers to discovery, has been principally via the internet, and with the occasional phone call.

5. Answers provided to discovery were with the assistance of the client, and from the documents. A verification was requested and was received on December 3rd, 2004. It was promptly forwarded to counsel and received by them on December 16th, if not sooner.

6. Defendant requested some 58 requests for production. Necessarily, in order to amass all that paperwork for the purpose of churning the file, the requests were largely duplicative of both each other and of required initial disclosures pursuant to the Rules. All documents in the possession of Plaintiff were produced by Plaintiff, some 27 different documents, comprising over 60 pages. These documents were providee *before* the Defendant made the repetitive, cumulative, and overbroad requests. The documents were tendered on August 11, 2004, September 8, 2004, and October 7, 2004, with Initial and Supplemental Disclosures.

7. Defendant has produced one document.

## II.
## ARGUMENT

8.   This is another example of "rambo" tactics in litigation. Defendant seeks to compel additional answers, not because the answers were incomplete - but because defense counsel doesn't like them.

9.   Plaintiff's objections are correct. Knowledge of claims of sexual harrassment cannot be relevant to any claim being made, and are not the kind of inquiry that is reasonably calculated to lead to discoverable evidence. FRCP Rule 26(b). At no time has Defendant asserted that Plaintiff was fired for sexually harrassing any other person. Plaintiff does not assert that he was sexually harrassed. There is a complete absence of any mention of sexual harrassment in all documents provided.

10.  Plaintiff's response concerning his resumee (Interrogatory No. 2) was entirely appropriate. In fact, Defendant's records of his career are more comprehensive than Plaintiff's own.

11.  Plaintiff's responses concerning mitigation (Interrogatory No. 5, 14, and 15) were entirely appropriate. In fact, Plaintiff has not been reemployed anywhere else for 35 years. Records of payments made through the European branch are not available to Plaintiff, but Defendant probably has access to them.

12.  Plaintiff's responses concerning the identity of witnesses (Interrogatory No. 7) and damages (Interrogatory no. 12) were entirely approrpriate. Plaintiff had already provided this information in Disclosures. The redundant request was merely churning the file, resulting in the waste of Plaintiff's time and Defendant's attorneys' fees and resources.

13. Plaintiff's responses concerning the general story of his termination (Interrogatory No. 8 and 9) were entirely appropriate. A general statement of the facts has been given. Until depositions are taken, no more detailed answer is possible.

14. Plaintiff's response to the global request for all kinds of claims, whether there was any indication that any such claims had ever been made or not, and without regard to whether there may be any limit in time or relation to the present claims, (Interrogatory no.11) was entirely appropriate. If there were a dictionary, "overbroad, cumulative and vexatious" would have this interrogatory as an example of the words.

15. Plaintiff's response to the terms of his employment as he knew them (Interrogatory No. 13) was entirely appropriate. Documents supporting those agreements are within the exclusive control of the Defendant.

16. Last, but not least, counsel complains of the general tone of disbelief, indignation, and frustration in the answers provided. As shown by Exhibit A - the use of humor when confronted by eggregious, vexatious and poorly informed requests, positions, and demands from opposing counsel, is within the acceptable range of response. The responses provided are true, insofar as any answer is required to be made.

WHEREFORE, PREMISES CONSIDERE, Plaintiff respectfully requests that the Motion be denied.

Respectfully Submitted,

*Savannah Robinson*
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
(979) 922-8825
fax: 979-922-8857

## EXHIBITS

1 - Response to Motion to Ignore Vacation Letter.

## CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Texas Rules of Civil Procedure, on the following persons, on this the 2 day of Jan, 2005.

Jeffy Roerig
Roerig, Oliveira & Fisher
855 West Price Rd., Suite 9
Brownsville, TX 78550
FAX: 956-542-0016

*Savannah Robinson*

5

NO. 04-05855-I

| | | |
|---|---|---|
| **JENKENS & GILCHRIST,** <br> **A PROFESSIONAL CORPORATION,** <br> **and L. STEVEN LESHIN** <br><br> *Plaintiffs,* <br><br> v. <br><br> **STUART D. DWORK and** <br> **ROGER MAXWELL** <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT OF** <br><br><br><br> **DALLAS COUNTY, TEXAS** <br><br><br><br><br> **162nd JUDICIAL DISTRICT** |

## HOW THE GRINCH STOLE CHRISTMAS VACATION
-or-
### RESPONSE TO REQUEST TO IGNORE VACATION LETTER



Every Lynn
Down in Lynn-ville
Liked Christmas a lot...
But the Grinch,
Who lived at Akin Gump,
Did NOT!

The Grinch hated Christmas!
The whole Christmas season!
Now, please don't ask why. No one quite knows the reason.
It could be that his arguments weren't going quite right.
It could be, perhaps, that his clients' wallets were too light.
But I think that the most likely reason of all
May have been that his briefs were two sizes too small.

EXHIBIT A

But whatever the reason,
His briefs or thin skin,
He stood there on Christmas Eve, hating Mike Lynn,
Staring down from Pacific with a sour, Grinchy grin
At the warm lighted windows of Lynn Tillotson.
For he knew that Mike Lynn down in Lynn-ville beneath
Was busy now, writing another fine brief.

"They're withholding documents!" he snarled with a sneer.
"My guys need to see those papers! There's no privilege here!"
Then he growled, with his Grinch fingers wickedly drumming,
"I MUST find a way to keep the documents coming!"

For, tomorrow, he knew, all of Mike Lynn's fine lawyers
The young and the old, would work hard for their employer.
And they'd cite! And they'd cite! And they'd CITE! CITE! CITE! CITE!
They would cite all the case law, from the West to the East
Which was something the Grinch couldn't stand in the least!

And THEN they'd do something he liked least of all!
Every Lynn down in Lynn-ville, the tall and the small,
Would go from their offices, go all 'cross the nation.
They'd visit their loved ones. They'd go on vacation!

They'd play! And they'd play!
And they'd PLAY! PLAY! PLAY! PLAY!
And the more the Grinch thought of the whole holiday
The more the Grinch thought, "I must stop this today!
"Why for almost a week I've put up with it now!
I MUST get the privileged documents!...But HOW?"

Then he got an idea!
An awful idea!
THE GRINCH
GOT A WONDERFUL, AWFUL IDEA!

"All I need is an associate ..." The Grinch looked around.
But since the associates were scared of him, there was none to be found.
Did that stop the old Grinch.? No! The Grinch simply said,
"If I can't find an associate, I'll take a 'partner' instead!"
So he called his friend Chan and he took up his pen
And he pulled out his forms, and he laughed once again.

Then he contorted the rules and ignored precedent
Except a case overruled when Sam Houston was president.
Then the Grinch said, "Close enough! We must send the brief down
"Before all the Lynns have the chance to leave town."

But the Lynns were too quick, they were more than prepared.
Before the Grinch could get himself out of his chair
A vacation letter arrived from thin air!
"This is too much to take," the Grinch darkly hissed,
"My brief must be heard right away, oh no, I insist!"

So he muttered and sputtered. "I won't give an inch.
"There'll be no Christmas in Lynn-ville, or my name's not the Grinch!"
And he gave it some thought, for a minute or two.
But after that minute, he knew what he'd do.
"Lynn thinks he's going away – but what does he know?
"This vacation," he grinned, "is the first thing to go!"

Then he took up his pen and wrote things most unkind,
And through the whole letter he unfairly maligned.
"Untimely! Unreasonable! It just isn't fair!
"A lawyer can't go on vacation, he should not dare!"
Then he bundled it up, filed it late in the day.
The letter is attached, hereto, as <u>Exhibit A</u>.

So the Grinch had his motion, and the transmittal letter.
The idea of no vacation for Lynn, made him feel much better.
But the Grinch was not free yet, he'd committed a sin.
There's one thing he'd forgotten: the rest of the Lynns!

That's unfair said Mike's wife and his daughters
He can't blow our vacation plans out of the water.
The littlest Lynn stared at the letter, saying "Mr. Shore, why,
"Why are you taking Christmas away? WHY?"

But you know, that old Grinch was so mean and so sly
He dreamed up a crazy argument right there on the fly!
"Why, my sweet little tot, it is our position,
"Your father didn't get vacation permission.
"I want the hearing set for noon Christmas Eve
"A lawyer on holiday with his family? Don't be naive!"

But the Lynns said that's not right, we'll file a response with the court,
The Grinch scowled and gave a sneer and a snort,
But there was one thing he forgot, and that was Judge Rhea,
Who had Christmas in his heart every single day.
So Judge Rhea and his Staff granted Mike's request quick,
They thought to themselves that Grinch must be "sick."

Then every Lynn down in Lynn-ville, the tall and the small,
Started singing! Without any presents at all!
The Grinch HADN'T stopped Christmas from coming!
IT CAME!
Thanks to Judge Rhea, it came just the same!

And the Grinch, with his Grinch-feet ice-cold in the snow,
Stood puzzling and puzzling: "How could it be so?
It came without arguments! It came without a hearing!
"It came without affidavits, motions or leering!"
And he puzzled three hours, 'till his puzzler was sore.
Then the Grinch thought of something he hadn't before!
"Maybe Christmas," he thought, "doesn't come while at Court.
"Maybe Christmas...perhaps...has a little more import!"

And what happened then...?
Well...in Lynn-ville they say
That the Grinch's small briefs
Grew three sizes that day!
All in great thanks to the Honorable Judge Rhea!

And the minute the Grinch's briefs didn't feel quite so tight,
He came out of his office in the bright morning light
And he unshackled the associates! Gave some food to Chan!
And he...
...HE HIMSELF...!
Took a Christmas vacation to a faraway land!

DATED: December 20, 2004.

Irreverently submitted,

_____
Michael P. Lynn, P.C.
  State Bar No. 12738500
Mark E. Turk-Lynn
  State Bar No. 00786298
Richard Smith-Lynn
  State Bar No. 24027990
Edward Jason Dennis-Lynn
  State Bar No. 24045776
Dr. Theodor Seuss Geisel (On Brief)
  (pro hac vice application not yet submitted)
LYNN TILLOTSON & PINKER, L.L.P.
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEYS FOR PLAINTIFF
JENKENS & GILCHRIST,
A PROFESSIONAL CORPORATION**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served as shown below on the 20th day of December, 2004.

*Via Hand Delivery*
Michael W. Shore
Alfonso Garcia Chan
AKIN, GUMP, STRAUSS, HAUER & FELD
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

_____
Michael P. Lynn, P.C.

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

ALFONSO GARCIA CHAN
214.969.4276/fax: 214.969.4343
achan@akingump.com

December 17, 2004

HAND-DELIVERED

Mr. Jim Hamlin, Clerk
Dallas County District Court
162nd District Court-6th Floor
600 Commerce Street
Dallas, Texas 75202

Re: *Jenkens & Gilchrist, A Professional Corporation, and L. Steven Leshin v. Stuart D. Dwork and Roger L. Maxwell*, Cause No. 04-05855-I, 162nd Judicial District Court, Akin Gump File No. 681090.0001

Dear Mr. Hamlin:

Enclosed are the original and one (1) copy of (a) Defendant Dwork's Motion to Compel Production of Documents Authored or Received by Stuart Dwork and/or Roger Maxwell; and (b) Defendant Dwork's Motion to Compel Electronic Discovery. Please file the original with the Court, file-stamp the copy, and return it to the filing attorney.

Copies of the enclosed pleading are being served on all counsel of record.

Please note that we will also request the Court that the foregoing motions be set for hearing during the next two weeks. We understand that our opposing counsel Mike Lynn has filed a vacation letter today. We believe that vacation letter to be untimely and unreasonable under the circumstances, as it was filed the afternoon before his vacation and after he was informed that we would be filing the foregoing motions and setting them for hearing. It is Defendants' position that the Court need not acknowledge Mr. Lynn's vacation letter and will set the motions for hearing so that justice may be served.

Thank you for your assistance in this matter.

Sincerely yours,

Alfonso Garcia Chan

EXHIBIT A

DEC 17 2004