United States District Court
Southern District of Texas
FILED

FEB 28 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Neoplan USA Corp. In the above styled and numbered cause and files this Defendant's Motion for Summary Judgment and in support thereof would respectfully show the Court as follows:

### I.

### STATEMENT OF THE CASE

1. Defendant would show that there is no jurisdiction for the Court to hear Plaintiff's claims under Title VII for discrimination based on sex or disability. See, Plaintiff Original Petition, Paragraph VI, Exhibit A. Plaintiff was terminated on or about June 24, 2002 for his employment with Neoplan. He did not file his Texas Commission of Human Rights Act 'TCHR" or Equal Employment Opportunity Act "EEOC" complaint with the EEOC or the TCHR until July 22, 2003. See, Claim of Discrimination dated and signed by Mr. Enguita on July 23, 2003, Exhibit B.

2. In Plaintiff's Original Petition, he claims that his last date of employment with Defendant was September 1, 2002. See, Plaintiff's Original Petition, Paragraph 4.2. Yet, his supplemental interrogatory answers dated February 8, 2005 indicate in response to Request for Interrogatory No.

15, Plaintiff gave the following answer: 'Employment with Defendant ended on June 24, 2002. Plaintiff has received unemployment insurance benefits. There was a settlement with Neoplan Stuttgart - but it is unclear whether this relates to income, or is some sort of pension plan." Also, in response to Interrogatory No. 4 requesting "Your ending salary for each employment; and The reason for leaving(i.e. termination, resigned, etc.)....Plaintiff gave the following answer "Date of Termination: June 24, 2002." See Ex. "C".

3. Even when taking Plaintiff's date of alleged harm as true of September 1, 2002, more than one year expired before the filing of the complaint and therefore, pursuant to the limitations provisions in the Texas Commission on Human Rights Act, Texas Labor Code, Section 21.202 and the Civil Rights Act, Title Seven, 42 USC 20003, there is no jurisdiction for the Court to consider these claims.

## II.

## SUMMARY JUDGMENT STANDARD AND EVIDENCE

4. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56); **Celotex Corp. v. Catrett**, 477 U.S. 317, 323-25, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).* A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. ***Anderson v. Liberty Lobby, Inc.***, *477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).* Once the moving party has made an initial showing, the party opposing the motion must offer evidence sufficient to demonstrate the existence of the required elements of the party's case. ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, *475 U.S. 574, 586, 89 L. Ed. 2d*

*538, 106 S. Ct. 1348 (1986).* All evidence and inferences to be drawn "must be viewed in the light most favorable to the party opposing the motion." **United States v. Diebold, Inc.**, *369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962);* **Marshall v. Victoria Transp. Co.**, *603 F.2d 1122, 1123 (5th Cir. Tex. 1979).* Finally, in reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the submitted documents to which the nonmoving party directs its attention. *See* **Guarino v. Brookfield Township Trustees**, *980 F.2d 399, 403 (6th Cir. Ohio 1992).*

5. Summary judgment evidence attached hereto and relied on by Defendants include the following:

| | |
|---|---|
| Exhibit "A" | Plaintiff's Original Petition |
| Exhibit "B" | TCHR Charge of Discrimination |
| Exhibit "C" | First Supplemental to Defendant's First Request for Interrogatories to Plaintiff |
| Exhibit "D" | Correspondence from the TCHR dated May 15, 2003 to Daniel Enguita |
| Exhibit "E" | Affidavit of Pat Robinette |

### III.

### ARGUMENTS AND AUTHORITIES

6. The attached exhibits evidence that Plaintiff was notified of his termination in April 24, 2002 and that his last day of employment was July 24, 2002, See Ex. B., C., D. Evidenced from the correspondence in the Texas Workforce Commission file is Plaintiff's failure to timely file his TCHR Charge of Discrimination. See, Correspondence from the TCHR dated May 15, 2003 from Supervisor Raymond Hammond, wherein the TCHR indicates that the Commission is unable to draft a charge because Mr. Enguita has not provided a signed complaint, Exhibit "D".

7. The affidavit of Pat Robinette, Human Resource Director attached as Exhibit "E" establishes that Mr. Enguita was notified on April 24, 2002, that his last day of employment was June 24, 2002. Further, correspondence attached to the affidavit from Mr. Enguita relating to an unemployment claim evidences his admission that his last day of work was June 24, 2002.

8. Even taking Plaintiff claim that he was employed until September 1, 2002 as true, more than 180 days expired before Plaintiff filed either his EEOC or TCHR complaint.

9. More than 180 days elapsed from the date of the adverse employment action on which he bases his claims of discrimination. Therefore, it is proper to dismiss this case for lack of jurisdiction under the limitations set out in both the Texas Commission on Human Rights Act, Section 21.202, or the Labor Code and the Civil Rights Act, Title Seven, 42 USC 2000e(1).

10. The Texas Commission on Human Rights Act, § 21.202 provides:

"(a) A Complaint under this subchapter must be filed no later than the 180th day after the alleged unlawful employment practice occurred."

11. The same 180 day rule applies to claims filed with the Equal Employment Opportunity Commission, unless the complainant has filed suit in a timely fashion with the state agency, in which case the limitations period is extended to 300 days. See, 42 USCS § 2000e-5(e).

12. In this case Plaintiff did not timely file suit with either the TCHR or the EEOC within 180 days and, therefore, the extension of the 300 day limitation does not apply.

13. See, _Vincent v. W. Texas State Univer._, 895 SW2d 469, 473 (Tex. App. Amarillo 1995). The requirement under the Texas Commission of Human Rights Act that complainant file his complaint within 180 days of the alleged discriminatory act, is mandatory and jurisdictional. _Lottinger v. Shell Oil Co._, 143 F.Supp. 2d 743 (S.D. Tex. 2001). Plaintiff's failure to timely file his

complaint with the Commission on Human Rights and pursue his administrative remedies bars his employment discrimination claim of disability and age. See, *Texas Department of Public Safety*, 985 SW2d 149 (Tex. App. Austin 1998).

14. Plaintiff may argue that the Texas Commission on Human Rights issued a "Right to Sue" letter. The Texas Commission on Human Rights issuance of a "Right to Sue" letter to the employee does not confer subject matter jurisdiction where employee fails to file his claim within 180 days of the discrimination. *Guevara v. H.E. Butt Grocery Co.*, 82 SW3d 550 (Tex. App. San Antonio 2002).

WHEREFORE, PREMISES CONSIDERED, Defendant Neoplan USA Corporation requests that this Court grant this Motion for Summary Judgment and grant such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 Wet Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telefax    : (956) 542-0016

By: _____
Jeffrey D. Roerig
State Bar No. 17161700
Federal ID No. 1503
Elizabeth G. Neally
State Bar No. 14840400
Federal ID No. 8044

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment has been mailed, Certified Mail Return Receipt Requested, to the Attorney for Plaintiff, as follows:

> Ms. Savannah Robinson
> Attorney at Law
> 1822 Main Street
> Danbury TX 77534
>
> Mr. Carlos E. Hernandez, Jr.
> THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
> 101 North Tenth Avenue
> Edinburg, TX 78541

on this 25 day of February, 2005.

_____
JEFFREY D. ROERIG
ELIZABETH G. NEALLY