CAUSE NO. 2004-06-3193-C

| | | |
|---|---|---|
| DANIEL ENGUITA,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 197th JUDICIAL DISTRICT |
| NEOPLAN USA CORP.<br>Defendant | §<br>§ | CAMERON COUNTY, TEXAS |

### PLAINTIFF DANIEL ENGUITA'S ORIGINAL PETITION

FILED
AURORA DE LA GARZA DIST. CLERK
JUN 21 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                    DEPUTY

**TO THE HONORABLE COURT:**

COMES NOW, DANIEL ENGUITA (hereinafter referred to as Plaintiff) complaining of NEOPLAN USA CORP. (hereinafter referred to as Defendant), and for such cause of action, would respectfully show unto the Court and the Jury, as follows:

I.

### Discovery Level

1.1    Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

II.

### Parties

2.1    Plaintiff, DANIEL ENGUITA, is an individual domiciled in Cameron County, Texas.

2.2    Defendant, NEOPLAN USA CORP. is a corporation duly licensed to conduct business in the State of Texas and may be served with citation by serving its Registered Agent: C.T. Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. Service of citation is requested via Certified Mail, Return Receipt Requested.



Ex. A

### III.
### Venue and Jurisdiction

3.1   Venue is proper in Cameron County, Texas in that the incident made the basis of this cause of action occurred in Cameron County, Texas.

### IV.
### Factual Background

4.1   Plaintiff accepted employment with the Defendant corporation in the United States in February 1982. During his overall distinguished thirty seven year career with the Defendant in the United States and abroad, the Plaintiff performed all the duties assigned to him with loyalty, dedication and hard work. Plaintiff was last employed as a Production Manager.

4.2   On or about September 1, 2002, Plaintiff was wrongfully discharged by a management employee of Defendant.

4.3   Plaintiff alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory job for the Defendant during his employment with Defendant, and that there was work available and there continues to be work available which Plaintiff could perform. Plaintiff further asserts and intends to prove that the mistreatment received by him was part of a pattern and practice engaged in by the Defendant towards the Plaintiff and others similarly situated.

### V.
### Exhaustion of Administrative Remedies

5.1   Plaintiff timely filed his complaints of discrimination (age, national origin, and disability) with the Texas Commission on Human Rights and the EEOC.

5.2   Plaintiff Daniel Enguita thereafter filed his formal charge of discrimination. Plaintiff waited for the requisite amount of time required by law for the Employment Commissions to investigate this claim. After such time, Plaintiff timely filed this lawsuit within the limitations set forth by law.

5.3   All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

-2-

## VI.

### Causes of Action

A. **Employment Law Violations**

6.1 Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

6.2 Plaintiff alleges that he was discriminated against by the Defendant corporation due to his national origin, namely – Hispanic/Spanish descent; disability – spinal stenosis and surgery – hip and back; and due to his age, 61 (d.o.b. - 04/10/1941) in-violation of the law.

6.3 On or about September 1, 2002, Plaintiff was fired by the Defendant corporation due to the culmination of discriminatory conduct directed against him by the Defendant corporation. The Defendant discriminated against this Plaintiff and wrongfully terminated him because he exercised his statutory rights under Section 21.051 and Section 21.055 of the Texas Labor Code (Texas Commission on Human Rights Act) and the corresponding sections under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). The Plaintiff alleges that his termination was part of a larger unwritten plan or scheme of the Defendant to discriminate against injured older Hispanic employees.

6.4 The Defendant, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff because of his national origin, his age and/or his disability.

**Discrimination by Employer**

> An employer commits an unlawful employment practice if because of race, color, *disability*, religion, *sex*, *national origin*, or *age*, the employer:
>
> 1. Fails or refuses to hire an individual, *discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment*; or
>
> 2. *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an

-3-

> *Individual of any employment opportunity or adversely affect in any other manner the status of an employee.*

(Vernon's 2002)(emphasis added)

**Retaliation**

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1. Opposes discriminatory practice;

2. Makes or files a charge;

3. Files a complaint; or

4. Testifies, assists or participates in any manner an investigation, proceeding or hearing.

6.5   As a result of the discriminatory treatment, his ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

**B.   Intentional Infliction of Emotional Distress**

6.6   Plaintiff re-alleges the allegations contained in Section IV, entitled *Factual Background*.

6.7   Plaintiff alleges that the Defendant's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and its purpose was to cause the infliction of emotional distress of a severe nature to the Plaintiff. The Defendant's actions caused the Plaintiff mental as well as physical pain. As a result of the Defendant's actions, the Plaintiff has suffered actual damages in an amount not to exceed the jurisdictional limits of this court. Plaintiff sues the Defendant as a result of such actions.

## VII.

### Actual Damages

7.1   As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

A.  **Lost Earnings and Special Damages**

7.2  At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendant, the Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

B.  **Past and Future Mental Anguish**

7.3  As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, depression and inferiority. The Plaintiff has further suffered ill-effects including but not limited to sleeplessness, depression and loss of self-esteem due to the discriminatory treatment and/or termination. In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## VIII.

### Attorney's Fees

8.1  By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary if he is successful in this case. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action.

8.2  Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.

8.3 If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.

8.4 Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.

### Exemplary Damages

9.1 The conduct of the Defendant, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.

9.2 Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## X.

### Demand for Trial by Jury

10.1 Plaintiff, by and through his attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($30.00) with the District Clerk of Cameron County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

WHEREFORE, Plaintiff, DANIEL ENGUITA, prays that this Honorable Court grant the following:

(1) Judgment against the Defendant NEOPLAN USA CORP. for the Plaintiff's actual damages;

(2) Punitive damages;

(3) Attorney's fees;

(4) Pre-judgment interest allowed by law;

(5) Interest on the judgment at the legal rate from the date of judgment;

(6) For costs of suit herein; and

(7) For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he will forever pray.

Respectfully submitted,

THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Ave.
Edinburg, Texas 78541
Telephone: (956) 386-0900
Facsimile: (956) 360-0771

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Attorney for Plaintiff
DANIEL ENGUITA

-7-

09/01/2004 01:00 FAX 9563800771        LAWOFC                                    ☒005

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☒ FEPA  ☐ EEOC
CHARGE NUMBER:

Texas Commission On Human Rights and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Mr. Daniel Enquita
**HOME TELEPHONE** (Include Area Code): (956) 504-9229
**STREET ADDRESS, CITY, STATE AND ZIP CODE**: 912 Grey Fox Circle, Brownsville, TX 78520
**DATE OF BIRTH**: 04/10/1941

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Neoplan USA Corporation
**NUMBER OF EMPLOYEES, MEMBERS**: Cat A (15-100)
**TELEPHONE** (Include Area Code): (956) 547-9797
**STREET ADDRESS, CITY, STATE AND ZIP CODE**: 2045 Las Mauldin Blvd., Brownsville, TX 78520
**COUNTY**: 061

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 09/01/2002    LATEST: 09/01/2002
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

Original Received 1/27/03

I. During my employment, I was subjected to exclusion and different terms and conditions of employment.

On/about 9/1/02, I was discharged from my position as Production Manager.

II. No reason given.

III. I believe that I have been discriminated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Texas Commission on Human Rights Act, as amended, the Americans with Disabilities Act, the Age Discrimation in Employment Act of 1967, as amended, based on my National Origin, Spanish, my age, 52, (DOB: 4/10/41) and my disability, Back Impairment.

*[handwritten: Spinal stenosis - Surgery hip & back]*

I am aware that employees Dorothy Elliot, Ivan Rogers & Robert Taton (Caucasion) were allowed to relocate to other parts of the country. I was not given the same options.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

x 7-22-3    x Daniel Enquita
Date         Charging Party

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Daniel Enquita

SUBSCRIBED AND SWORN TO (Month, day and year)
Yolanda D. Gonzalez

[Notary Seal: YOLANDA H. GONZALEZ / OCTOBER 10, ____]

EEOC FORM 5 (Rev. 07/99)

Exh. B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

### PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS/ANSWERS TO DEFENDANTS' FIRST REQUEST FOR INTERROGATORIES TO PLAINTIFF

To:

COMES NOW, Daniel Enguita, Plaintiff herein, and by and through his attorney of record, and pursuant to the Texas Rules of Civil Procedure, files the attached Plaintiff's First Supplemental Objections/Answers to Defendant's First Set of Request for Interrogatories, as follows:

OBJECTIONS/ANSWERS TO INTERROGATORIES

### REQUEST FOR INTERROGATORY NO. 1
Please identify yourself fully by stating your full name together with all aliases you have gone by, your date and place of birth, social security, Texas Driver's liscense number, residence address and telephone number and fascimile number.

### ANSWER:
Object as being beyond the permissible scope of discovery. Subject to the objection and without waiving same, as follows:

| | |
|---|---|
| Full Name: | Daniel Enguita (no aliases) |
| Address: | Calle Mayor, No.1 |
| | Alconchel de Ariza 4Daniel Enguita |
| | Calle Mayor, No1 |
| | Alconchel de Ariza 42269 |
| | Zaragoza, Epana. |
| Tel: | 34-975-327307 |

No fax number.
Place of Birth: Spain

### REQUEST FOR INTERROGATORY NO. 2
State your educational background, along with the names of schools attended, dates of attendance, and degrees received.

RECEIVED
FEB 1 1 2005
Exh. C

**ANSWER:**
High school in Spain. Industrial Certification from high school. Began working with Neoplan Stuttgart, and received training with his employers, including Defendant and Neoplan Stuttgart..

**REQUEST FOR INTERROGATORY NO. 3**
Please itemize all amounts claimed for lost wages.

**ANSWER:**
Please see Plaintiff's Rule 26 Initial Disclosures, with all supplements. All categories of damage are listed. Plaintiff will supplement when additional information is available.

**REQUEST FOR INTERROGATORY NO. 4**
Please state the names and addresses of each person or organization by who or with which you have employed for the time period from 1992 until trial of this matter, and with respect to each, state:
- The beginning and ending dates of each employment;
- The nature of your work and duties;
- Your supervisor's name;
- Your ending salary for each employment; and
- The reason for leaving (i.e. terminated, resigned, etc.), and if you were terminated give the reasoning behind each termination.

If you have been self- employed, indicate the name and nature of the business and your earnings while self-employed.

**ANSWER:**
Neoplan USA Corporation
Date of Employment: February 1982
Date of Termination: June 24,2002
Supervisor: Juan Malchan
Yearly Salary estimated at $65,000.00 per year
Terminated

**REQUEST FOR INTERROGATORY NO. 5**
Please describe all efforts made by Plaintiff to mitigate his damages since your termination including any places that you have applied for a job, the position applied to, and the date you applied.

**ANSWER:**
Mr. Enguitas has been unable to seek work because of his disability. To reduce his financial strain he returned to Spain.

**REQUEST FOR INTERROGATORY NO. 6**
Have you ever been arrested, indicted, convicted, or given a military discharge other than honorable for the attempt or commission of a felony or any crime of moral turpitude? If so, please give full details as to each occurrence, disciplinary action taken, including incarceration or sentence inposed, if any.

2

**ANSWER:**
Object as being outside the permissible scope of discovery. Subject to the objection, no.

**REQUEST FOR INTERROGATORY NO. 7**
Please identify the names of all medical providers, pshchiatrists, clergy, counselors, therapists, who have provided medical/psychiatric treatment to you in the last (10) years including, but limited to any claim of *"past and future mental anguish"* as stated in Plaintiff's Original Petition.

**ANSWER:**
All health care providers are listed in Plaintiff's Rule 26 Initial Disclosures, with all supplements. No psychiatric treatment has been sought.

**REQUEST FOR INTERROGATORY NO. 8**
Please state any facts supporting Plaintiff's claim that Plaintiff was retailiated and discriminated against because he was an injured older hispanic employee as alleged in Plaintiff's Original Petition.

**ANSWER:**
Please see Plaintiff's Original Petition. Plaintiff believes he was let go because he was disabled, making accomodating his physical needs more difficult than comparable employees, and because he was older.

**REQUEST FOR INTERROGATORY NO. 9**
Please state any and all facts supporting Plaintiff's claim that Defendant's actions constituted intentional infliction of emotional distress.

**ANSWER**
Please see Plaintiff's Original Petition. Plaintiff believes he was betrayed. Betrayal causes severe emotional distress.

**REQUEST FOR INTERROGATORY NO. 10**
Please state the name, addresses of all witnesses who observed any acts of harassment against Plaintiff.

**ANSWER:**
Please see Plaintiff's Rule 26 Initial Disclosures, with all supplements. All known persons with knowledg of relevant facts are listed.

**REQUEST FOR INTERROGATORY NO. 11**
If you have ever made, discussed, filed or threatened to make or file any demand letters, claims and/or lawsuits (other than this lawsuit) alleging libel, slander, defemation, retaliation, any type of employment discrimination (wether sex, race, age, disability, religion or otherwise), sexual harassment, mental anguish, personal injuries, imapired work capacity, lost earning capacity, past or future lost wages, worker's compensation claims, bodily injuries, wrongful discharge, workers compensation retaliation, unlawful discarge for whistle blowing or refusing to perform

3

an illegal act, assualt, battery or invasion of privacy by an employer, or its employees, agents, customers, supervisors, shareholders, officers or directors, then with espect to each claim or lawsuit please identify each person, corporation, or entity against wom a claim and/or lawsuit was made, discussed, threatened or filed.

**ANSWER:**
Object as being overbroad. Subject to the objection, Plaintiff has sought, through a FOIA request records from TCHR and will provide them when received. Mr. Enguitas was on medical leave from February 2002 to May 2002, and you or your insurance carrier should have records of those claims for compensation.

**REQUEST FOR INTERROGATORY NO. 12**
Please describe each element of the damages you are seeking in this lawsuit, describing in detail your calculations, the basis of those damage calcualtions, and the amounts in dollars and cents that you are seeking to recover in this lawsuit.
 *Note: This Interrogatory inclused all elements of damages you have allegedly sufferred as a result if your employment with or separation from defendant, or for which you have pled in this lawsuit, including, but not limited to, back wages, future lost wages, mental anguish, medical bills, doctor's bills, lost benefits, prescriptions, liquidated damages, reasonable attorneys' fees, medical expenses, court costs and punitive damages.*

**ANSWER:**
Please see Plaintiff's Rule 26 Initial Disclosures, with all supplements. All categories of damages are listed. Plaintiff will supplement regurlarly as more information becomes available..

**REQUEST FOR INTERROGATORY NO. 13**
Please identify all contracts or any written documents or oral statements which you claim were entered into between Plaintiff and Defendant.

**ANSWER:**
There was no known written contract. However, there was an oral agreement, as shown by the performance of the agreement by Defendant prior to Plaintiff's termination which consisted of a salary, benefits, and a round trip ticket for the family once a year.

**REQUEST FOR INTERROGATORY NO. 14**
Regarding every person, company and/or entity to whom you have applied for employment since the date of your employment with Defendant ended, state the name of the entity or person, the date you applied, to whom you applied, the nature of the application (phone letter, interview, etc.), and the position for which you applied.

**ANSWER:**
Plaintiff has been unable to seek employment because of his disability.

**REQUEST FOR INTERROGATORY NO. 15**

Since the date of your employment with Defendant ended, if you have received any income, compensation, government benefits, salary, wage, tips, gifts, health insurance payments, early retirement benefits, social security benefits, unemployment with Defendant

**ANSWER:**
Employment with Defendant ended on June 24, 2002. Plaintiff has received unemployment insurance benefits. There was a settlement with Neoplan Stuttgart - but it is unclear whether this relates to income, or is some sort of pension plan.

Respectfully Submitted,
LAW OFFICE OF SAVANNAH ROBINSON

Savannah Robinson
SBN: 17108150
Fed. ID: 3922
1822 Main Street
Danbury, Texas 77534
(979) 922-8825
FAX: 979-922-8857

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served, pursuant to the Federal Rules of Civil Procedure, on the following persons, on the ___ day of ___Feb___, 2005.
Jeffrey Roerig
Roerig, Oliveira & Fisher
855 West Price Road, Ste 9
Brownsville, TX 78550

Savannah Robinson

5