United States District Court
Southern District of Texas
FILED

MAR 0 8 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Enguita, Plaintiff herein, and makes this his response to the Motion for Summary Judgement of Defendant and would show as follows:

I.

1.      The motion for summary judgment of Defendant complains that this Court lacks subject matter jurisdiction, based on their belief that his termination was effective on June 24, 2002. This is false. In fact, he continued to receive salary payments through September 13, 2002, and continued to believe that the company was seeking a position for him. (Exhibit 1, 4) Thus his termination date was September 01, 2002 - as stated in his TCHR/EEOC complaint. (Defendant's Exhibit B.)

2.      Daniel Enguitas began his administrative process on January 27, 2003. (Exhibits 1, 2, and 3). This was within 180 days of his termination on September 01, 2002. He simultaneously filed with the EEOC (Defendant's Exhibit B). This filing was within 300 days of his termination.

1

II.
LEGAL STANDARDS

A. STANDARDS CONCERNING SUMMARY JUDGMENT

3.  The standards for review of a summary judgment are well established: (1) the movant has the burden of showing that there is no fact issue or legal issue for resolution by the trier of fact, and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence provided by the non-movant will be taken as true; (3) the non-movant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *Nixon v. Mr. Property Management Corp.*, 690 S.W. $2^d$ 546 (Tex. 1987); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W. 2d 499 (Tex. 1988); *Sysco Food Svc. v. Trapnell*, 890 S.W. 2d 796 (Tex. 1994); *Fontenot v. Upjohn Co.*, 780 F. 2d 1190 (5th Cir. 1986).

4.  A Defendant who moves for summary judgment has the burden of showing that as a matter of law no material issue of fact exists for the Plaintiffs' cause of action. *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W. 2d 165 (Tex. 1987). This may be accomplished by evidence showing that at least one necessary element of Plaintiffs' cause of action has been conclusively established against the Plaintiff. *Gibbs v. General Motors Corp.*, 450 S. W. 2d 827 (Tex. 1970*). Celotex Corp. v. Catrett*, 477 US 317, 322, 106 S.Ct. 2548, 2552 (1986). A Defendant who is moving on the basis of an affirmative defense must all of the essential elements

of the defense.. *Chaplin v. NationsCredit Corp.*, 307 F. 3d 368, 372 (5th Cir. 2002).

5. In Texas, the Texas Commission on Human Rights Act prohibits employment discrimination on the basis of disability, or race. Tex. Lab. Code §21.051. One of the purposes of the Act is to execute the policies underlying Title VII of the Civil Rights Act of 1964; accordingly, interpretation of the statute looks to analogous federal statutes and caselaw in applying the Act's provisions. *Quantum Chem. Corp. v. Toennies*, 47 S.W. 3d 473, 476 (Tex. 2001)[1]. Because Mr. Cardenas alleges circumstantial evidence of discrimination, his claims are governed by the three-step burden shifting process announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 36 L Ed 2d 668 (1973); *Quantum*, 47 S.W. 3d at 476. Under this process, the plaintiff initially has the burden to present a prima facie case of discrimination that includes, among other things depending on the nature of the claim, proof of an adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802; *Quantum*, 47 S.W. 3d at 477. Once the plaintiff presents a prima facie case, the defendant must then put forward a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Quantum*, 47 S.W. 3d at 477. If the defendant meets that burden, the presumption of discrimination disappears and the burden of production shifts back to the plaintiff to present evidence that the stated reason was merely a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at

805-07; *Quantum*, 47 S.W. 3d at 477. When challenged to do so in a motion for summary judgment, a plaintiff must establish a prima facie case and present evidence raising a fact issue of pretext in order to survive such a motion. *Russo v. Smith Int'l, Inc.*, 93 S.W. 3d 428, 438-39 (Tex.App.-Houston [14th Dist.] 2002, pet. denied).

6. Where the facts are controverted, if the plaintiff raises more than a scintilla of evidence in support of his claims, the motion for summary judgment should be denied. *Fontenot v. Upjohn Co.*, 780 F. 2d 1190 (5th Cir. 1986). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex.2002).

7. In a case involving multiple claims, the movant must show that at least one necessary element of each of Plaintiffs' claims is missing, or proven conclusively against Plaintiff. *American Petrofina Co. v. Crump Business Forms*, 597 S.W. 2d 467 (Tex. Civ. App. - Dallas 1980, writ ref'd n.r.e.).

8. If sufficient evidence is produced such that reasonable minds could differ about the fact determination to be made by the jury, then summary judgment would not be proper. *Transportation Ins. Co. v. Moriel*, 879 S.W. 2d 10, 25 (Tex. 1994).

9. Issues not expressly presented to the trial court in the motion, answer or other response shall not be considered. *City of Houston v. Clear Creek Basin*

---

[1] In this diversity case, filed under State law, the substantive state law governs.

*Authority*, 589 S.W. 2d 671 (Tex. 1979). Summary Judgment may not be granted on grounds that are not raised by the movant in his motion. *McConnell v. Southside ISD*, 858 S.W. 2d 337 (Tex. 1993). *Russ v. International Paper Co.*, 943 F2d 589, 592 (5th Cir. 1991).

10.   Mere conclusions in an affidavit supporting a motion for summary judgment are insufficient to establish the existence of a fact. *Mercer v. Daoran Corp.*, 676 S.W. 2d 580 (Tex. 1984); *Anderson v. Snider*, 808 S.W. 2d 54 (Tex. 1991). *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F. 2d 547, 549 (5th Cir. 1987) (hearsay evidence in affidavits cannot be considered for purposes of summary judgment); *Davis v. Howard*, 561 F. 2d 565, 569 (5th Cir. 1977). Rather, affidavits should detail particular facts, show the affiant's competency, and the allegations contained in the affidavit should be direct, unequivocal, and such that perjury is assignable to them, if untrue. *Brownlee v. Brownlee*, 665 S.W. 2d 111 (Tex. 1984). *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F. 2d 539, 556 (5th Cir. 1980).

11.   Affidavits will not be considered where the fact assert could not have been readily controverted. *Collora v. Navarro*, 574 S.W. 2d 65 (Tex. 1978); *Bessent v. Times-Herald Printing Co.*, 709 S.W. 2d 635 (Tex. 1986). Summary Judgment should never be granted when the issues are inherently those for the finder of fact, such as involving malice, fraud, reliance, intent, reasonable care, uncertainty and the like. *Dan Lawson & Assoc. v. Miller*, 742 S.W. 2d 528 (Tex. Civ. App. - Ft. Worth 1987, no writ). Conclusory statements, subjective belief and mere surmise

or suspicion are not evidence and do not raise a fact issue. *Texas Div.-Tranter, Inc. v. Carrozza*, 876 S.W. 2d 312, 313 (Tex. 1994).

12.  A non-movant need not respond to allegations and evidence, which are insufficient as a matter of law. *Cove Investments v. Manges*, 602 S.W. 2d 512 (Tex. 1980).

B. STANDARDS FOR NO EVIDENCE MOTIONS

13.  A no evidence motion is appropriate where there has been adequate time for discovery. Tex. R. Civ. Pro 166a(i). Whether there has been an adequate time for discovery is not measured by any strict standard, but depends on the circumstances. *Aguirre v. Phillips Properties, Inc*, 111 S.W. 3d 328, 344 (Tex. App - Corpus Christi 2003, pet den.). To determine whether adequate time for discovery has passed, appellate courts have considered the following non-exclusive list of factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence summary judgment; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery which has already taken place; and (7) whether the discovery deadlines were specific or vague. Id. When a party contends that it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. Id.

14. To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. Tex. R. Civ. Pro 166a(i); *Southwestern Elec. Power Co. v. Grant*, 73 S.W. 3d 211, 215 (Tex. 2002); *Flameout Design & Fabrication Inc. v. Pennzoil Caspian Corp*, 994 S.WS. 2d 830, 834 (Tex. App - Houston [1st Dist] 1999, no pet.) The Defendant moving for summary judgment must point out with particularity the elements of Plaintiff's claims which they believe there is no proof upon. *Holmstrom v. Lee*, 26 S.W. 3d 526, 530 (Tex. App - Austin, 2000, no pet.) Once a specific fault in the pleadings or proof is identified, the claimant has the burden to bring forward proof of the challenged element on which the claimant has the burden of proof.

15. A "no-evidence" motion for summary judgment is not proper if the plaintiff brings forward more than a scintilla of evidence to prove a probative fact. *Forbes v. Granada Biosciences, Inc.*, 124 S.W. 3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists if the evidence "rise[s] to a level that would enable reasonable and fair minded people to differ in their conclusions." *Merrell Dow Pharm, Inc. v. Havner*, 953 S.W. 2d 706, 711 (Tex. 1997); *King Ranch v. Chapman*, 118 S.W. 3d 742, 751 (Tex. 2003).

16. Evidence is material if it might affect the outcome of the suit. *Moore v. K-Mart Corp*, 981 S.W. 2d 266, 269 (Tex. App - San Antonio 1998, pet den.).

C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. The Texas Commission on Human Rights Act ("Act") establishes a comprehensive administrative review system for obtaining relief from unlawful employment practices. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). Before suing in state court, an employee must exhaust his administrative remedies under the Act by first filing a complaint with the TCHR within 180 days of the alleged discriminatory act. *Id.*; see also TEX. LAB.CODE ANN. § 21.202(a).

18. If the TCHR dismisses the complaint or determines that it will not file suit, the complainant may request a written notice of right to file a private, civil suit in the district court. *Schroeder*, 813 S.W.2d at 485. Once the complainant receives the notice of right to sue from the TCHR, the complainant, if she chooses to file suit, must do so within sixty days of the receipt of notice. *Id..*; see TEX. LAB.CODE ANN. § 21.254. A complainant must file a civil action on his claims within two years from the date he filed her initial charge with the TCHR, or his claim is barred by the statute of limitations. TEX. LAB.CODE ANN. § 21.256.

19. However, a complaint need not be sworn at the first submission. The complain may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint. TEX. LAB. CODE ANN. § 21.201(e). A verified complaint relates back to and satisfies any deficiencies in an unverified questionnaire filed within the applicable time limit. See *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 373 (Tex.1993); *Wal-Mart Stores, Inc. v. Canchola,* 64 S.W.3d 524, 536

(Tex.App.-Corpus Christi 2001) reversed on other grounds 121 S.W.3d 735 (Tex. 2003).

20. "To comply with the exhaustion requirement under the [TCHRA], an aggrieved employee must do the following: (1) file with the Texas Commission on Human Rights ...; (2) allow the Commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the Commission." *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex.App.-Houston [14th Dist.] 2002, no pet.). A complainant's exhaustion of remedies in a discrimination complaint occurs when the complainant files a timely charge with TCHR and waits 181 days to file suit. *Burgmann Seals America, Inc. v. Cadenhead*, 135 S.W.3d 854, 858 (Tex.App.-Hous. (1 Dist.) 2004).

D. APPLICATION TO THE FACTS

21. Mr. Enguitas original complaint was filed on January 27, 2003, and received by the authorities on January 29, 2003. (Exhibits 1, 2, and 3).

22. The factory closed on June 24, 2002, (Defendant's Exhibit D-1), but Mr. Enguitas continued receiving salary and other benefits, and reasonably believed that management was seeking a position for him with the company either in Colorado, or elsewhere. (Exhibit 4). Mr Enguitas believes his date of termination was September 01, 2002. (Defendant's Exhibit B; Plaintiff's Exhibit 4).

23.	Other filings, and discovery responses, are reasonably explained by the confusion over the meaning of those inquiries. (Exhibit 4). Moreover, credibility is not a question to be assessed at the summary judgment stage. *Russell v. McKinney Hosptial Venture*, 235 F. 3d 219, 222 (5th Cir. 2000)

24.	Where contested, the date of termination sufficient to commence limitations is when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination. *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 928 (Tex. 1996); *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 588-89 (5th Cir. 1995). Thus, there is more than a scintilla of evidence showing that the TCHR administrative process was duly begun, and exhausted.

24.	Furthermore, the simultaneous filing with the EEOC has a longer limitations period, 300 days. 29 USCA §626(d). Because of the work-share agreement between the agencies, the filing with the TCHR is effective as a filing with the EEOC, and the co-terminous complaints under Title VII are also made. See: *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir.1995); *Anson v. University of Tex. Health Sci. Ctr.*, 962 F.2d 539, 540-41 (5th Cir.1992), *Texas Parks & Wildlife Dept. v. Dearing*, 2004 WL 35543 *5 (Tex.App.-Austin 2004). The filing on January 27 was within 300 days of either date. Hence, even assuming arguendo, that the Defendant may prove at trial that the termination date was June 24, and not September 01, 2002, this Court does not lose jurisdiction because of the alternate claims.

25.     Suit was filed within 180 days of January 27, 2003 (suit was filed on June 21, 2004). Thus the argument that failure to file suit within 180 days of the TCHR filing makes inapplicable the 300 day deadline of Title VII fails. Further suit was filed within two years of either date of termination.

26.     Although it is not clearly stated, Defendant appears to argue that the EEOC claims are further not timely, because suit was not filed within 90 days of the May 2003 letter of intent to dismiss. (Defendant's Exhibit D-3). However, that letter resulted from the TCHR erroneously sending correspondence to Mr. Enguitas' Brownsville address, when he had filed and was represented by counsel, and after he had moved to Spain. After being notified of the administrative error, the claim was reinstated. After being reinstated, the July 22, 2003 sworn complaint was filed with TCHR, and accepted by them. (Defendant's Exhibit B). The complaint was forwarded to Neoplan USA on August 12, 2003. (Exhibit 5). Thus the May 2003 letter is not the dismissal of the complaint that would start the 90 day filing period. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988), *Bolling v. City & County of Denver*, 790 F.2d 67, 69 (10th Cir.1986), *Torres v. Johnson*, 91 S.W.3d 905, 908 (Tex.App.-Fort Worth 2002).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Motion be denied.

Respectfully Submitted,

*Savannah Robinson*
Savannah Robinson
ATTORNEY IN CHARGE

FOR PLAINTIFF<br>
SBN: 17108150<br>
Fed. ID: 5922<br>
1822 Main<br>
Danbury, TX 77534<br>
(979) 922-8825<br>
fax: 979-922-8857

## EXHIBITS

Exhibit 1 - 01/27/03 Ltr from Carlos Hernandez to TCHR, JD Powell Re: :Ltr of Rep. Please file a charge and also with the EEOC. Attached is a copy of the intake questionnaire

Exhibit 2 - 01/29/03 Ltr from EEOC to Neoplan Re: notice of complaint

Exhibit 3 - 01/29/03 EEOC Intake Record (date received 1/29/03)

Exhibit 4 - Affidavit of Daniel Enguitas.

Exhibit 5 - 8/12/03, sworn charge forwarded by TCHR to Neoplan USA

## CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the ___7___ day of _Man_, 2005.

Jeffy Roerig
Roerig, Oliveira & Fisher
855 West Price Rd., Suite 9
Brownsville, TX 78550
FAX: 956-542-0016

_(signature)_
Savannah Robinson