United States District Court
Southern District of Texas
FILED

MAR 1 6 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| DANIEL ENGUITA | § | |
|---|---|---|
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Neoplan USA Corp., defendant in the above styled cause and serves Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment and would show the Court the following:

**I.**

Plaintiff is correct that the Motion for Summary Judgment of Defendant is based on the termination of Mr. Enguita being effective on June 24, 2002. In fact, the response to the Summary Judgment admits "the factory closed on June 24, 2002...." See, paragraph 22., page 9 of Plaintiff's Response to Defendant's Motion for Summary Judgment. Plaintiff claims that Mr. Enguita continued to receive salary and benefits of which there is no evidence other than Plaintiff's self-serving affidavit. Even if Plaintiff was to receive additional monies there is no doubt that the plant closed and that the correspondence received by Plaintiff and indicated by Plaintiff in his responses to interrogatories evidences that he was well aware of the termination as of June 24, 2002.

As is indicated by the Plaintiff mere conclusions and an affidavit supporting a motion for summary judgment are insufficient to establish an existence of a fact. *Mercer v. Daoran Corp.*, 676

SW2d 580 (Tex. 1984); *Anderson v. Snider*, 808 SW2d 54 (Tex. 1991); *Martin v. John W. Stone Oil Distributors, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); *Davis v. Howard*, 561 F.2d 565, 569 (5th Cir. 1977).

Conclusory statements, subjective beliefs, and mere surmise or suspicion are not evidence and do not raise a fact issue. *Tex. Div. - Tranter, Inc. v. Carrozza*, 876 SW2d 312, 313 (Tex. 1994). See, Plaintiff's Reply to Summary Judgment, paragraphs 10, 11, and 12 on this issue. Even though the Plaintiff acknowledges the closing of the plant on June 24, 2002, any claims after that time were based on speculation by the Plaintiff that he would continue to be employed in a different position. The fact that Plaintiff may have received vacation or sick pay does not offset the fact that Plaintiff was aware of his termination on June 24, 2002 and hence, that is the starting date for his claim of discrimination.

## II.

Defendant would further show that the information that is contained in the Response to Summary Judgment including the intake questionnaire and correspondence contained in Exhibit 1 and 2 were only recently provided to the Defendant in Plaintiff's Fourth Supplemental Responses to Requests for Disclosure on March 9, 2005. Defendant objects to this evidence as unreliable and not proper Summary Judgment evidence in that it has not been authenticated as properly filed with either the TCHR or EEOC. Even so, this evidence does not refute the premise that the date of discrimination was the date of termination which was June 24, 2002. As of that date, Plaintiff was well aware that his position with the company was no longer necessary and he had 180 days in order to file his claims.

Defendant's argument that the 300 day period applied to the EEOC complaint is valid only if the underlying State Agency claim, Texas Commission on Human Rights, was timely filed within 180 days. 42 USC § 2000e-5(e)(1). Here, Plaintiff has not shown that the TCHR complaint was timely filed, even if the Court accepts the intake questionnaire as proper Summary Judgment evidence the questionnaire was filed more than 180 days after June 24, 2002 and does not refute Defendant's Motion for Summary Judgment.

Plaintiff concludes in his last paragraph No. 26 that the correspondence from the EEOC put the Plaintiff on notice of the dismissal of the case. Plaintiff has an excuse for why this also was not timely and does not apply to him and that Mr. Enguita's Brownsville address was no longer valid. Plaintiff does not indicate in his response when the correct dismissal of the complaint would start the 90 day period for filing.

## III.

Defendant, Neoplan USA Corp. continues to urge its Summary Judgment based on lack of jurisdiction and that the complaint filed by Plaintiff was not timely filed after the date of termination of June 24, 2002.

WHEREFORE, PREMISES CONSIDERED, Defendant Neoplan USA Corporation requests that this Court grant this Motion for Summary Judgment and grant such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 Wet Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telefax    : (956) 542-0016

Attorneys for Defendant Neoplan USA Corp.

By: _____
    Jeffrey D. Roerig
    State Bar No. 17161700
    Federal ID No. 1503
    Elizabeth G. Neally
    State Bar No. 14840400
    Federal ID No. 8044

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment has been mailed, Certified Mail No. 7160 3901 9848 1269 8819, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Ms. Savannah Robinson
Attorney at Law
1822 Main Street
Danbury TX 77534

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX 78541

on this 16 day of March, 2005.

_____
JEFFREY D. ROERIG
ELIZABETH G. NEALLY