IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

EMERGENCY MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Enguita, and requests emergency relief and a

Protective Order, and would show as follows:

I.

On April 25, 2005, Defendant faxed a letter requesting the deposition of

Mr. Enguitas, who lives in Zaragoza, Spain, more than 100 miles away. (Exhibit

1).  On April 26th, Counsel for Mr. Enguitas responded that they would be willing

to cooperate as soon as possible, provided that Mr. Enguitas could attend by

phone. (Exhibit 2)

On April 26, 2005, Defendant refused to permit Mr. Enguitas to appear by

phone. (Exhibit 3) Plaintiff responded again, on April 27th, that phone deposition

was required. (Exhibit 4).

Although the certificate of service is not filled in, the Notice of Mr.

Enguitas deposition was received on Monday, May 2, 2005, requiring his presence

in McAllen [sic - Edinburg] on May 6th. (Exhibit 5).

It is not possible to provide Mr. Enguitas on such short notice because of the difficulty of travel and time involved in making arrangements and the travel itself.

Counsel for plaintiff is not available on the date and at the time noticed, being scheduled to appear in this Court in cause number B-05-021; *Hernandez v. Allstate*.

Mr. Enguitas has serious health problems which make travel difficult.

No reason is given for refusing to permit Mr. Enguitas to appear by phone. See TRCP Rule 199.1(b); FRCP Rule 30(b)(7).

## II.

Both State and Federal rules require *reasonable* notice of oral deposition. TRCP Rule 200 (2)(a); *Johnson v. Fourth Court of* Appeals, 700 S.W. 2d 916, 917 (Tex 1985); *Ginsberg v. Fifth Court of Appeals*, 686 S.W. 2d 105, 108 (Tex. 1985); FRCP Rule 30(b)(1), 32(a); *Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F.2d 56 (5th Cir. 1950).

The date and time of the proposed deposition is not reasonable because of the unavailability of the deponent, and counsel.

The taking of deposition in person is not reasonable because of the health problems, distance and expense of travel, and availability of telephonic deposition as a substitute for personal appearance.

2

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the

Court consider this motion on an emergency schedule, and grant a Protective

Order requiring that the deposition be taken by telephone.

Respectfully Submitted,

___/s/ Savannah Robinson_____
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
(979) 922-8825
fax: 979-922-8857

EXHIBITS

Exhibit 1 - Letter dated April 25, 2005
Exhibit 2 - Reply to letter dated 4/25/05, dated April 26, 2005.
Exhibit 3 - Letter dated April 26, 2005
Exhibit 4 - Reply to letter dated 4/26/05, dated April 27, 2005.
Exhibit 5 - Notice of deposition, received May 02, 2005.

CERTIFICATE OF SERVICE

    I hereby certify that a true, complete and correct copy of the attached and
foregoing was this day served by certified mail, return receipt requested, pursuant
to the Federal Rules of Civil Procedure, on the following persons, on this the
_____ day of _____, 2005.

Jeffy Roerig
Roerig, Oliveira & Fisher
855 West Price Rd., Suite 9
Brownsville, TX 78550
FAX: 956-542-0016

_____/s/ Savannah Robinson_____
Savannah Robinson
