IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, Daniel Enguitas, Plaintiff herein, and makes this his motion for Protective Order, and would show as follows:

I.
BACKGROUND

After being fired by the Defendant, Mr. Enguitas returned to Spain, where he was born. He has lived in Zaragoza, Spain during the pendency of this litigation.

Defendant seeks to take Mr. Enguitas deposition, but will not agree to allow him to appear for deposition by telephone. (Exhibit 1).

It will cost over $4,000 to bring him to Texas for his deposition. (Exhibit 2) If the case cannot be settled, the trip would have to be repeated for trial. Additionally, his health is an issue and may restrict his ability to travel. Finally, he must secure a Visa to travel to Texas, which will take a minimum of ten days according to the U.S. Consulate. (Exhibit 3)

It is believed that the date and time of a deposition can be worked out with counsel. However, the Court must resolve the issue of whether the Plaintiff must travel to Brownsville, Texas.

A notice of the deposition has been served upon Plaintiff that is silent as to how Plaintiff may attend. (Exhibit 4) In the absence of any affirmative statement, with the correspondence received from counsel, it is believed that it is intended that Mr. Enguitas shall appear in person.

This is not a criminal case. FRCrim P Rule 15. The identity of the deponent is not in doubt. This is not a Rule 35 request for examination of the person.

## II.
## AUTHORITY

The Federal Rules of Civil Procedure acknowledge that travel out of the country is a hardship for a witness, and permit deposition before a suit is filed for that reason. See: FRCP Rule 30(a)(2)(C).

The Rules give the Court authority to order telephonic depositions. FRCP Rule 30(b)(7).

The Rules further give the Court authority to enter orders directing the manner of discovery. FRCP Rule 26(c)(2, 3). The Rules give the Court authority to enter orders to prevent "burdensome" and "expensive" discovery when the same discovery can be had from a means that is more convenient, less burdensome and less expensive. FRCP Rule 26 (b)(2).


Federal Rule of Civil Procedure 26(c) provides a means of preventing a deposition when such would impose an "undue burden" on the deponent. It is far from settled law that a party need not travel to his or her chosen forum for a deposition when a defendant so requests, *see* 8A, Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *FederalPractice and Procdure §2112* (noting that as a "normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought" but further noting that "this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending"). See also: *Cruz v. Aramark Services, Inc.*, Not Reported in F.Supp.2d, 2004 WL 838009, *1 (W.D.Tex. 2004).

Even when technical difficulties are allowed to interfere with the procedure, which is not likely in this case, it is not abuse of discretion to allow a telephonic deposition. *Texas-Capital Contractors, Inc. v. Abdnor*, 933 F.2d 261, 269 (5th Cir. 1990).

## III.
## ARGUMENT

Because of the extreme expense of the travel, the time constraints of obtaining a Visa, and his medical condition, appearance in person on June 1st is not possible.

Because of the extreme expense of the travel, the time constraints of obtaining a Visa, and his medical condition, it is unduly burdensome for the

3

Plaintiff to make a trip from Zaragoza, Spain, to Brownsville, Texas for his deposition. The deposition can be accomplished without incurring the burden and expense by telephonic means.

The identity of the witness can be ascertained by the Court reporter in Spain. And, although there is a time difference, an early morning deposition (the witness' afternoon) will be convenient for all.

Further, reduction of expense is a goal in attempting to settle any case. This case was mediated, but the mediation terminated because of the lack of information. That information can be provided by telephonic deposition. However, the expense and hardship of travel may make a material difference in the ability of the parties to settle the case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter its Order directing the parties to conserve resources and obtain this deposition telephonically.

    Respectfully Submitted,

    ___/s/ Savannah Robinson_____
    Savannah Robinson
    ATTORNEY IN CHARGE
    FOR PLAINTIFF
    SBN: 17108150
    Fed. ID: 5922
    1822 Main
    Danbury, TX 77534
    (979) 922-8825
    fax: 979-922-8857

ATTACHMENTS
Exhibit 1 - correspondence with counsel

Exhibit 2 - travel estimates
Exhibit 3 - email from client regarding Visa requirements/timing
Exhibit 4 - Notice of deposition

## CERTIFICATE OF SERVICE

    I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the _____ day of _____, 2005.

Jeffy Roerig
Roerig, Oliveira & Fisher
855 West Price Rd., Suite 9
Brownsville, TX 78550
FAX: 956-542-0016

                                              _____/s/ Savannah Robinson_____
                                              Savannah Robinson