United States District Court
Southern District of Texas
FILED

MAY 2 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| DANIEL ENGUITA | § | |
|---|---|---|
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

**DEFENDANT NEOPLAN USA CORP.'S REPLY TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Neoplan USA Corp. in the above styled and numbered cause and files this its Defendant Neoplan USA Corp.'s Reply to Plaintiff's Motion for Protective Order, and in support thereof would respectfully show the Court as follows:

I.

Plaintiff has requested a protective order to prevent the deposition of Plaintiff from being taken in person in the jurisdiction where Plaintiff filed suit.

Defendant would show that per the attached correspondence, Defendant offered to reset the deposition of Mr. Enguita so that he could be present in Brownsville, Texas at a mutually agreeable time. In running a very quick search on Continental Airlines it was determined that a round trip ticket to fly from Madrid to Brownsville, Texas was in the range of $1,000.00 to $1,200.00. See, Exhibit 1 attached.

Plaintiff has asserted authority under the Federal Rules of Civil Procedure, Rule 30(a)(2)(C) which refers to a witness being allowed to testify by telephone. Defendant would show that Mr.

Enguita is not just a witness, he is the party to this lawsuit. Mr. Enguita chose to bring to suit in Brownsville, Texas against Neoplan USA Corp. even though Neoplan USA Corp. is not a resident of Cameron County, Texas and its primary place of business is in Colorado.

Defendant has repeatedly tried to work with the Plaintiff's counsel to set the deposition of the Plaintiff at a mutually convenient time June 1, 2005 was noticed for the deposition only after receiving confirmation from Plaintiff's counsel's office that this date was agreeable. On May 11, 2005, Defendant's counsel again advised we would reset the deposition to avoid any conflict and provided a schedule to prove there were flights available for $1,040.00 round trip two weeks later. See, Exhibit 2, correspondence dated May 11, 2005.

Plaintiff does not live in the United States. Plaintiff lives in Spain. The Federal Rules of Civil Procedure, Rule 36(B)(d) provides in part that "if a party...fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice...the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A)(b)(c) of subdivision (b)(2). Plaintiff fails to provide the Court or defense counsel with any case law that would allow a party's deposition to be taken by telephone when the party is in a foreign country.

For the Defendant to pursue a deposition of a witness who is located in Spain by telephone or otherwise it would be necessary for the Federal Rules of Civil Procedure concerning the deposition in a foreign land to control the deposition. The Federal Rules of Civil Procedure, Rule 28(b) pertaining to the taking of a deposition in a foreign land require that depositions in a foreign land may be taken by four methods:

> "Depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony."
> Federal Rules of Civil Procedure, Rule 28(b).

Plaintiff's counsel has never advised on the procedures to be taken to secure this deposition by telephone. It is assumed that Plaintiff proposes taking the deposition of this Plaintiff with the defense counsel and Plaintiff's counsel being present before a court reporter in the United States and a telephone call will be made to the Plaintiff for him to appear for his deposition.

The correct scenario is that we need to follow the laws of the country of Spain with their court reporters to take the deposition of the Plaintiff. At this point and time, it is unknown how rigorous this approach would be; but it surely would be overly burdensome to the defense counsel as opposed to the Plaintiff resetting the deposition as suggested by defense counsel for a mutually agreeable time with reasonable cost associated.

## II.

Defendant is opposed to taking the deposition of a party by telephone. Telephonic depositions do not adequately allow Defendant to assess the credibility of the Plaintiff for the purpose of trial preparation or for evaluation for settlement. Defendant has no way of knowing Plaintiff's facial expressions or whether there is someone in the room with Plaintiff who is coaching his answers.

A round trip ticket for Plaintiff and travel expenses of $1,000.00 to $2,000.00 for Plaintiff to appear in person is not unreasonable given that Plaintiff is demanding six figures to settle his case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that Plaintiff's Motion for Protective Order be dismissed and Plaintiff be ordered to appear for his deposition in person in Brownsville, Texas and for such other and further relief as is just and equitable.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Elizabeth G. Neally
State Bar No. 14840400
Fed ID No. 8044

Jeffrey D. Roerig
State Bar No. 17161700
Fed ID No. 1503

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Reply to Plaintiff's Motion for Protective Order to counsel of record, via fax and certified mail, return receipt requested, on this 24th day of May, 2005.

Carlos E. Hernandez, Jr.
The Law offices of Carlos E. Hernandez, Jr., P.C.
101 North Tenth Avenue
Edinburg, TX 78541

Ms. Savannah Robinson
Attorney at Law
1822 Main Street
Danbury TX 77534

_____
Elizabeth G. Neally
Jeffrey D. Roerig