IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-04-121 |
| | § | |
| **NEOPLAN USA CORP.** | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

BE IT REMEMBERED that on May 25, 2005, the Court **GRANTED** "Plaintiff's Motion for Protective Order." Dkt. No. 25.

**I.    Background**

On June 21, 2004, Daniel Enguita ("plaintiff"), who currently resides in Zaragoza, Spain, filed suit in Cameron County, Texas, against his former employer Neoplan USA Corporation ("defendant"). The complaint alleges the defendant wrongfully terminated the plaintiff while employed at defendant's factory in Brownsville, Texas, in violation of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. On July 15, 2004, the defendant filed a notice of removal. Dkt. No. 1.

On May 10, 2005, defendant noticed its intent to take plaintiff's deposition in Brownsville, Texas, on June 1. A week later, on May 17, plaintiff motioned the Court for a protective order. Dkt. No. 25. The plaintiff's motion does not seek to quash the deposition.

Rather, pursuant to Fed.R.Civ.Pro. 30(b)(7), plaintiff seeks to have the deposition conducted telephonically. The plaintiff argues that requiring his physical presence at the deposition in Texas would be unduly burdensome because he resides in Spain, suffers from poor health,[1] and the total cost of the trip would be extreme (plaintiff's estimate: $4,000).[2]

The defendant, in response, argues that no law supports the allowance of a telephonic deposition of a party to a lawsuit in a foreign country. Dkt. No. 27. Specifically, the defendant maintains that Fed.R.Civ.Pro. Rule 28(b) controls the taking of depositions in a foreign country and that nothing therein mentions telephonic conferences. The defendant further notes that certain aspects of the deposition would need to adhere to the laws of Spain. See Fed.R.Civ.Pro. 28(b). Therefore, "although it is unknown how rigorous this approach would be; . . . it surely would be overly burdensome to the defense counsel as opposed to the Plaintiff resetting the deposition as suggested by defense counsel for a mutually agreeable time with reasonable cost associated." Dkt. No. 27, ¶I, p.3. In addition, the defendant argues that the need to assess the plaintiff's credibility and facial expressions is paramount in preparation for trial or the evaluation of settlement. Lastly, the defendant asserts that the travel expense for the plaintiff would not exceed $2,000.

## II.   Discussion

Pursuant to Fed.R.Civ.Pro. 26(c), upon motion and "for good cause shown," the Court "in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that the . . . discovery may be had on specified terms and conditions, including a designation of the time or place; [or] that the discovery may be had only by a method of discovery other than that

---

[1] In his reply to defendant's response, the plaintiff attaches an untranslated letter allegedly written by his doctor in Spain. Dkt. No. 28, at Ex. 1. The letter purportedly states that the plaintiff's "doctor does not believe that [the plaintiff] should travel." Id. at Mot., ¶3, p.2.

[2] The plaintiff provides unsworn evidence allegedly demonstrating that it would take at least 10 days to procure a visa. The Court will not utilize this factor in its analysis.

selected by the party seeking discovery . . . ."³ Id.

"The court may upon motion order that a deposition be taken by telephone or other remote electronic means." Fed.R.Civ.Pro. 30(b)(7). It used to be that a plaintiff who sought to have his deposition taken by telephone, while abroad, had to demonstrate that holding his deposition in the forum of the action would impose an extreme hardship. See Clem v. Allied Lines Int'l corp., 102 F.R.D. 938, 940 (S.D.N.Y. 1984). Overtime, however, the courts relaxed this standard, requiring only that the nonresident deponent simply show some financial or other hardship. Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 592-94 (S.D.N.Y. 1994). Today, requests for telephonic depositions are presumptively granted, and largely permitted. See, e.g., Advani Enterprises, Inc. v. Underwriters at Lloyds, 2000 WL 1568255, at *2 (S.D.N.Y. 2000). "This approach is consistent with the rationale for the rule, which is to minimize unnecessary costs to the parties." Fireman's Fund Ins. Co. v. Zoufaly, 1994 WL 583173, at *1 (S.D.N.Y. 1994).

"The mere assertion by the requesting party that telephonic depositions are preferred on the grounds of efficiency and economy constitutes a legitimate reason to permit them." Advani Enterprises, 2000 WL 1568255, at *2 (citing Fireman's Fund, 1994 WL 583173, at *1); Cressler v. Neuenschwander, 170 F.R.D. 20, 21 (D.Kan. 1996). The burden then shifts to the objecting party to demonstrate why the depositions should proceed in the traditional manner. Advani, 2000 WL 1568255, at *2 (citing Cressler, 170 F.R.D. at 21). Importantly, in assessing the propriety of a telephonic deposition, the Court should focus on how the deposing party will be prejudiced in terms of accuracy and trustworthiness by not being able to depose the party in person. Cressler, 170 F.R.D. at 21. The Court, then, should weigh the movant's hardship versus any prejudice faced by the nonmoving party. See Normande v. Grippo, 2002 WL 59427, at *2 (S.D.N.Y. 2002).

Here, the plaintiff lives in Spain, experiences health problems, and would incur large

---

³The Court notes that the plaintiff's motion for a protective order lacks the required certificate of conferral with opposing counsel. Fed.R.Civ.Pro. Rule 26(c). The Court finds, however, that such a conferral in the present case would have been futile considering the parties have hotly contested this deposition for over a month.

costs in traveling to Texas for the deposition. Courts have allowed telephonic depositions on similar grounds. See id. ("In sum, because this is not a complex case, Plaintiff is proceeding *pro se*, and the time, expense, and inconvenience of coming to New York from Brazil with an infant child would be significant, Plaintiff's application to have her deposition taken by telephone is granted."). Therefore, the Court finds that plaintiff has met his burden.

The defendant argues that permitting the telephonic deposition will deny it the ability to observe and interact with the plaintiff during the deposition. Courts have rejected the logic of this argument because accepting it "would be tantamount to repealing Rule 30(b)(7)" since all telephonic depositions inherently lack some advantage of a face-to-face interaction. Advani, 2000 WL 1568255, at *2.

The defendant next argues that permitting a telephonic deposition under the circumstances could potentially lead to confusion with the employment of Spain's laws. See Fed.R.Civ.Pro. Rule 28(b) (requiring depositions in foreign countries to occur before appropriately authorized individuals). The defendant fails, however, to clarify what requirements of Spain's laws are overly burdensome. The Court presumes that defendant's attorneys are more than competent to adhere to any such anomalies.[4]

Lastly, the defendant appears to assert that Rule 28(b) controls the manner in which depositions in foreign countries are conducted. Therefore, according to the defendant, because nothing Rule 28(b) permits telephonic depositions of a party in a foreign country, such depositions are not permitted. The Court disagrees. Rule 28(b) controls "Persons Before Whom Depositions may be Taken . . . In Foreign Countries." In pertinent part, the Rule requires that a deposition be taken in a foreign country "on notice before a person authorized to administer oaths in the place where the examination is held . . . or before a person commissioned by the court, and a person so commissioned shall have the power by virtue of

---

[4] Any objections to a telephonic deposition on the grounds of accuracy and difficulties in translation are futile. Courts have found the interplay between Rule 30(b)(7) and Rule 28(b) serves "to mitigate the dangers inherent in foreign depositions, both in terms of accuracy and identity of deponents and documents, by requiring that the deponent testify . . . on notice before one authorized or commissioned to administer oaths" in the foreign country. Advani, 2000 WL 1568255, at *2.

the commission to administer any necessary oath and take testimony." Id. This Rule clearly deals before whom a deposition may occur. On the other hand, Rule 30(b)(7) governs "Deposition Upon Oral Examination." In relevant part, the Rule provides that the "parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means." Id. The Court, along with other federal courts who have decided the issue, finds nothing in these Rules precluding the telephonic deposition of a party in a foreign country. See Rehau v. Colortech, Inc., 145 F.R.D. 444, 446-47 (W.D.Mich. 1993) (permitting telephonic deposition of plaintiff's corporate officers in Germany and Sweden); Normande, 2002 WL 59427, at *1-2 (permitting telephonic deposition of plaintiff in Brazil); Anguile v. Gerhart, 1993 WL 414665, at *1-3 (D.N.J. 1993) (permitting telephonic deposition of plaintiff in Gabon).

The defendant presents no evidence or argument that persuades this Court that requiring the in person deposition of the plaintiff outweighs the expense saved and benefit of allowing the telephonic deposition of an individual in Spain with health problems. Rehau, 145 F.R.D. at 447 ("I see positively no reason to add the cost of two trans-Atlantic flights and hotel accommodations to the tab when the same task can be accomplished with two simple phone calls."). Further, the defendant gives the Court no reason to doubt the trustworthiness or accuracy of the telephonic deposition. Id. Accordingly, the Court will grant plaintiff's motion subject to certain conditions.

In granting such motions, Court have required the deposed party to bear the expense of the deposition. Normande, 2002 WL 59427, at *2; Anguile, 1993 WL 414665, at *3 ("Having commenced this action, plaintiff cannot dispute that she has an obligation to provide discovery in the form of a deposition. Nor can plaintiff visit the expense of the deposition upon defendant, for she is the one who asserts the claims. Thus, the cost of the telephonic deposition shall be the responsibility of plaintiff."). Further, it is the deposed party's responsibility to make arrangements to be sworn by an individual who is authorized to administer oaths in the country where the deposed party will be during the deposition. Normande, 2002 WL 59427, at *2; see also Fed.R.Civ.Pro. Rule 28(b). The plaintiff will further be required to provide the Court a proposal demonstrating compliance with Rule 28(b)

prior to the deposition. Advani, 2000 WL 1568255, at *3. The Court reserves the right to require the plaintiff to appear in Brownsville, Texas, for a follow-up deposition upon a showing that the defendant was unable to conduct a meaningful telephonic deposition. Normande, 2002 WL 59427, at *2. Lastly, to the extent necessary, counsel for both plaintiff and defendant should fax relevant documents "to the witness in order to be certain that the witness and counsel are reviewing the same documents at the same time." Sheehan v. Anderson, 1999 WL 1241087, at * 1 (E.D.Pa. 1999).

### III.   Conclusion

The Court **GRANTS** plaintiff's motion for protective order requesting the plaintiff's deposition occur telephonically subject to the conditions outlined above. Dkt. No. 25.

The Court further **CANCELS** the hearing on this motion scheduled for May 26, 2005, at 11:00 a.m. Dkt. No. 26.

DONE at Brownsville, Texas, this 25th day of May, 2005.

Hilda G. Tagle
United States District Judge