IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| NEOPLAN USA CORP., | § | |
|     Defendant. | § | |

**OPINION AND ORDER**

BE IT REMEMBERED that on July 7, 2005, the Court **GRANTED IN PART** and **DENIED IN PART** defendant Neoplan USA Corporation's Motion for Summary Judgment. Dkt. No. 19.

**I.   Introduction**

Daniel Enguita ("plaintiff"), a native of Spain and Texas domiciliary, was employed by the Neoplan USA Corporation ("defendant"), a Colorado corporation. In 2002, after approximately thirty-seven years of service, the defendant terminated the plaintiff's employment.

On June 21, 2004, the plaintiff sued the defendant in the 197th District Court of Cameron County, Texas. Dkt. No. 1 (Pl.'s Orig.Pet.). The complaint alleges that the defendant discharged the plaintiff on the basis of his national origin, disability, and age, in violation of the Texas Commission on Human Rights Act ("TCHRA"). See Tex.Lab.CodeAnn. § 21.051(1). The plaintiff additionally asserts a cause of action for retaliation. See id. at § 21.055. The complaint further lists actions under the corresponding sections of federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the Age Discrimination in Employment

Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1). On July 15, 2004, defendant removed the plaintiff's case to federal court basing jurisdiction on diversity. Dkt. No. 1.

On February 28, 2005, defendant filed for summary judgment asserting the affirmative defense that all of the plaintiff's claims were time barred. Dkt. No. 19. The plaintiff submitted an opposing response on March 8, and defendant replied on March 16. Dkt. Nos. 20 & 21, respectively.

## II.   Standard of Review

Granting a motion for summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. Rule 56(c). "The substantive law determines which facts are material." Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001). A genuine dispute about a material fact exists "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Cooper/T. Smith, 929 F.2d 1073, 1076 (5th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "An issue is material if its resolution could affect the outcome of the action" under the governing law. Roberts v. Cardinal Services, Inc., 266 F.3d 368, 373 (5th Cir. 2001); Anderson, 477 U.S. at 248. In assessing whether a genuine issue of material fact exists, the Court views the evidence in the light most favorable to the non-moving party, here the plaintiff. BP Oil Intern., Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 336 (5th Cir. 2003).

To adequately motion for summary judgment, the moving party must inform the Court of the basis of its motion and demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where, as here, "a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, 'it must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto.'" Lottinger v. Shell Oil Co., 143 F. Supp. 2d 743, 750 (S.D.Tex. 2001) (Crone, J.) (quoting Rushing v.

Kansas City S. Ry. Co., 185 F.3d 496, 505 (5th Cir. 1999)). If the moving party meets its initial burden, the burden then "shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue" of material fact. Racal Survey U.S.A., Inc. v. M/V COUNT FLEET, 231 F.3d 183, 187 (5th Cir. 2000). The non-moving party "must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial." Pavone v. Mississippi Riverboat Amusement, Corp., 52 F.3d 560, 565 (5th Cir. 1995).

### III.    Undisputed Facts

Upon completing highschool in Spain, the plaintiff accepted employment with the defendant. Pl.'s Resp., Dkt. No. 20, Ex.4, ¶3. After jobs in Germany and South Africa, the plaintiff took a position with the defendant's Colorado, U.S.A.'s branch in 1982. Id.; Def.SJM, Dkt. No. 19, Ex.C, p.2. "After being employed for sometime in Colorado," the plaintiff was eventually transferred to the defendant's plant in Brownsville, Texas. Pl.'s Resp., Dkt. No. 20, Ex.4, ¶3.

On April 24, 2002, the plaintiff received a letter from the defendant notifying him of the plant's upcoming closure on June 24. Id. at ¶5; Def.SJM, Dkt. No. 19, Ex.E-1. The letter specifically advised the plaintiff that his "last day of work will be June 24, 2002." Def.SJM, Dkt. No. 19, Ex.E-1. The letter also stated, "It is our hope that this plant can be re-opened in 12 to 18 months, depending on business conditions. However, there is no guarantee that this will happen." Id. Lastly, the plaintiff was informed, "We have arranged for a severance benefit for you." Id.

At the time it sent these letters, however, the defendant offered some of the Brownsville plant's employees positions elsewhere. Pl.'s Resp., Dkt. No. 20, Ex.4, ¶5. The plaintiff "believed that, because of [his] many years of service to the company, and because of conversations [he] had with management, that [he] would be offered work elsewhere." Id. After the plant's closure on the specified date, the plaintiff continued to receive his regular salary until September 1, 2002. Id. at ¶7. The plaintiff was then notified that his final payment would be made on September 13, 2002. Id.

On January 27, 2003, the plaintiff's attorney filed an intake questionnaire describing the defendant's alleged discriminatory acts with the Texas Commission of Human Rights ("TCHR"). Id. at Ex.1. The letter further requested that the "charge" be filed with the Equal Employment Opportunity Commission ("EEOC"). Id. Two days later, on January 29, the TCHR notified the plaintiff that it had received the "tendered document that constitutes an initial complaint . . . ." Id. at Ex.2. The EEOC also received the plaintiff's complaint on January 29. Id. at Ex.3.

On May 15, 2003, the TCHR sent plaintiff a letter informing him that the "Commission will be unable to draft a charge on your behalf [because] more than thirty (30) days have elapsed since a draft complaint was mailed to you. To date, the Commission is not in receipt of your signed, notarized complaint." Def.SJM, Dkt. No. 19, Ex.D. On July 22, plaintiff filed a sworn complaint with the TCHR. Id. at Ex.B. The EEOC, on August 18, forwarded a "Notice of Charge of Discrimination" to the defendant. Pl.'s Resp., Dkt. No. 20, Ex.5.

### IV. Discussion

#### A. TCHRA Claims

The defendant maintains that the plaintiff's TCHRA claims are untimely. The TCHRA provides a comprehensive administrative system for procuring relief from unlawful employment practices. Eckerdt v. Frostex Foods, Inc., 802 S.W.2d 70, 71 (Tex.App.– Austin 1990, no writ). Before seeking damages in Court, an employee must exhaust certain administrative remedies. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 486 (Tex.1991). In particular, a complaint alleging employment discrimination must be filed with the TCHR or the EEOC "not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex.Lab.CodeAnn. § 21.202(a); Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996). The provision is "mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction." Green v. Aluminum Co. of Am., 760 S.W.2d 378, 380 (Tex.App.– Austin 1988, no writ). As such, the "statutory prerequisites for filing suit under the [TCHRA] are . . . not capable of equitable modification." Bernard v. Browning-Ferris Indus., Inc., 1994 WL 575520, at *4

(Tex.App.– Houston [1st Dist.] 1994, no pet. h.); Guevara v. H.E. Butt Grocery Co., 82 S.W.3d 550 (Tex.App.– San Antonio 2002).

The defendant avers that the applicable date of termination was plaintiff's last day of employment at the factory, June 24, 2002. In support, the defendant provides answers to specific interrogatories where the plaintiff listed June 24, as his date of termination. Def.SJM, Dkt. No. 19, Ex.C. Defendant also produces a letter from its president addressed to the plaintiff dated April 24, 2002, stating that the plaintiff's "last day of work will be June 24, 2002." Id. at Ex.E-1. The plaintiff, on the other hand, generates his own affidavit asserting his belief that September 1, 2002, the date when the defendant ceased sending the plaintiff his regular paychecks, marks his date of termination. Pl.'s Resp., Dkt. No. 20, Ex.4, ¶¶5 & 7.

Texas courts, and indeed the Supreme Court of the United States, have held that the "limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 493 (Tex. 1996); Del. St. College v. Ricks, 449 U.S. 250, 259 (1980) (holding in Title VII case claiming discrimination based upon plaintiff's national origin that the applicable "limitations period commenced to run when the tenure decision was made and [plaintiff] was notified"). "Thus, the 180-day limitations period for an employment discrimination complaint commences on the date the alleged unlawful employment practice *occurred*." Sympson v. Dallas/Fort Worth Int'l Airport Bd., 2005 WL 1356388, at *3 (Tex.App.– Forth Worth, 2005) (citing Cooper-Day v. RME Petroleum Co., 121 S.W.3d 78, 83 (Tex.App.– Forth Worth, 2003, pet. denied)) (emphasis in original).

The defendant's letter, which plaintiff received on April 24, 2002, unequivocally advises the plaintiff that his employment would be terminated. Neither the plaintiff's subjective belief that the defendant would offer him work elsewhere nor the defendant's continuing payments negate the fact that the letter was received and clearly terminated the employment relationship. Because the letter provided the plaintiff with notice of the complained of discriminatory act, the limitations period commenced on the date the plaintiff received the letter. See Selby v. Revlon Consumer Prods. Corp., 1998 WL 101903, at *2-3 (N.D.Tex. 1998); Sympson, 2005 WL 1356388, at *3-4. Therefore, in order to meet the requirements

of §21.202(a), the plaintiff needed to file with the TCHR 180 days from April 24, or October 21, 2002.

The defendant asserts that the plaintiff failed to appropriately file a complaint with the TCHR until July 22, 2003. The plaintiff claims that he filed a complaint with the TCHR on January 27, 2003. Even if the plaintiff did file with the TCHR in January of 2003, as he contends, he still missed the filing deadline by more than three months. Therefore, the Court finds the plaintiff's TCHRA claims time barred.

### B.   Federal Claims

The defendant further contends that the plaintiff's Title VII[1] claims are untimely.[2] Title VII allows employees to sue their employers for discriminatory employment decisions. Oden v. Oktibbeha County, Mississippi, 246 F.3d 458, 465 (5th Cir. 2001). Like the TCHRA, Title VII requires a complainant "to file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." EEOC v. Commercial Off. Prods. Co., 486 U.S. 107, 110 (1988); 42 U.S.C. § 2000e-5(e)(1). However, if a complainant files a nominal complaint "with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days."

---

[1] The defendant also contests the timeliness of plaintiff's ADA claim. Because the ADA incorporates by reference Title VII's administrative prerequisites, a separate analysis of the plaintiff's claims under the ADA would be redundant and is, therefore, omitted. See Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996); Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262-63 (11th Cir. 2001); Lottinger, 143 F. Supp. 2d at 757 ("Employees asserting claims under Title I of the ADA are required to follow the procedures applicable to Title VII actions."); Decker v. Univ. of Houston, 970 F. Supp. 575, 578-79 (S.D.Tex. 1997) (Harmon, J.); 42 U.S.C. § 12117(a).

[2] Plaintiff also sues the defendant under the ADEA. The defendant does not specifically raise the issue of whether the plaintiff's filing failed to meet the statute of limitation requirements for the ADEA. The Court, for the sake of completeness, implicitly includes the ADEA claim in its analysis since the same limitation period applies as in Title VII cases. Aucoin v. Kennedy, 355 F. Supp. 2d 830, 837-38 (E.D.La. 2004); Decker, 970 F. Supp. at 578-79; Blumberg v. HCA Mgt. Co., Inc., 848 F.2d 642, 645-46 (5th Cir. 1988); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328-29 (2d Cir. 1999); 29 U.S.C. § 626(d)(2).

Commercial Off. Prods. Co., 486 U.S. at 110; Griffin v. City of Dallas, 26 F.3d 610, 612 (5th Cir. 1994); 42 U.S.C. § 2000e-5(e)(1); Urrutia v. Valero Energy Corp., 841 F.2d 123, 125 (5th Cir. 1988) (holding that a nominal filing all that is required to institute proceedings with the proper state or local agency). This 300-day filing extension applies regardless of whether the state or local proceedings were filed in a timely manner. Mennor v. Ft. Hood Natl. Bank, 829 F.2d 553, 566 (5th Cir. 1987); Griffin, 26 F.3d at 612; Lottinger, 143 F. Supp. 2d at 753 ("[Texas] law claims of employment discrimination are time-barred when filed after the 180-day period, while the same claims brought under federal law would be timely if filed within 300 days of the alleged discriminatory conduct."). Importantly, due to a 1989 worksharing agreement between the EEOC and TCHR, the Fifth Circuit has held that when either entity receives a charge, it does so as the other's agent. Vielma v. Eureka Co., 218 F.3d 458, 462 (5th Cir. 2000); Griffin, 26 F.3d at 612. In other words, when a charge is filed with the EEOC, it is considered automatically filed with the TCHR, and vice-versa. In summation, therefore, in order to timely file for relief under Title VII in Texas, a plaintiff must simply file a nominal charge with *either* the EEOC or the TCHR within 300 days of the alleged discriminatory act. See Blanchet v. Chevron/Texaco Corp., 368 F. Supp. 2d 589, 596 (E.D.Tex. 2004).

Title VII's 300 day limitations period, as opposed to the TCHRA, is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Blanchet, 368 F. supp. 2d at 596. However, it is well settled that a Court may not entertain a Title VII claim when the claimant has failed to first exhaust their administrative remedies by filing a charge with the EEOC. Nat'l Assoc. of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Texas, 40 F.3d 698, 711 (5th Cir. 1994); Blanchet, 368 F. Supp. 2d at 601. "Because failure to exhaust administrative remedies [in a Title VII case] is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." Williams v. Runyon, 130 F.3d 568, 573 (3d. Cir. 1997).

As with the TCHRA claims analysis *supra*, the Court finds the date plaintiff received defendant's termination letter, April 24, 2002, as the date the limitations period commenced. Ricks, 449 U.S. at 259 (holding in Title VII case claiming discrimination based upon plaintiff's national origin that the applicable "limitations period commenced to run when the tenure

decision was made and [plaintiff] was notified"). Therefore, the burden rests with the defendant to show that the plaintiff failed to file a nominal complaint with either the EEOC or TCHR before February 18, 2003 – 300 days from April 24, 2002. Aleman v. State, 803 F. Supp. 10, 12 (S.D.Tex. 1992) (Crone, J.); Martinez v. Bally's Casino Lakeshore Resort, 2000 WL 23099, at *3 (E.D.La. 2000).

      The defendant argues that the evidence establishes the plaintiff's failure to file its claim with either the EEOC or TCHR until July 22, 2003. First, the defendant points to a letter addressed to the plaintiff from the TCHR, dated May 15, 2003. Def.SJM, Dkt. No. 19, Ex.D. The letter states that the TCHR "has received and carefully reviewed your recent inquiry concerning possible employment discrimination against you by your employer. This is to inform you that the Commission will be unable to draft a charge on your behalf . . . [because] [m]ore than thirty days (30) have elapsed since a draft complaint was mailed to you. To date, the Commission is not in receipt of your signed, notarized complaint." Id. Second, the defendant offers the charge the plaintiff subsequently signed and filed with the TCHR on July 22, 2003. Id. at Ex.B. The defendant fails to meet its burden.

      Nothing in the May 15, 2003, letter reveals that the plaintiff failed to timely file with either the TCHR or the EEOC. The letter merely explains that the plaintiff filed an initial questionnaire with the TCHR on some unspecified date, but failed to return a signed complaint the TCHR mailed to him. The defendant offers no evidence or argument as to why the referenced initial questionnaire was untimely or why it fails to satisfy the requisite nominal filing. See Urrutia, 841 F.2d at 125 (holding that a nominal filing all that is required to institute proceedings with the proper state or local agency). The July 22, 2003, charge offered by the defendant, although filed well beyond the end of the limitations period, specifically states that the plaintiff's complaint was originally filed on January 27, 2003. The defendant, again, offers no evidence or argument negating the referenced earlier filing. Thus, examining the charge

in the light most favorable to the non-moving party, the evidence actually demonstrates that the plaintiff timely filed his initial complaint.[3]

The plaintiff, furthermore, offers exhibit 3, the EEOC's intake record which indicates receipt of the plaintiff's complaint on January 29, 2003. Pl.'s Resp., Dkt. No. 20, Ex.3. The defendant does not object to its lack of authentication nor produce evidence controverting the probative value of this exhibit. Lawson v. Am. Motorists Ins. Corp., 217 F.2d 724, 726 (5th Cir. 1955) (finding failure to object to authentication requirement for summary judgment evidence results in waiver of the objection to the deficiency); Merrill v. I.T.I., Inc., 505 F. Supp. 973, 974 n.2 (N.D.Ill. 1981) (same). By filing a complaint with the EEOC on January 29, the plaintiff fulfilled his obligation in filing a nominal complaint with either the EEOC or TCHR within the 300-day limitations period. Vielma, 218 F.3d at 462; Griffin, 26 F.3d at 612.

In the event the Court errs in finding that the defendant failed to meets its burden or that the plaintiff's exhibit 3, at the very least, raises a genuine issue of material fact as to when the plaintiff actually commenced his suit, the Court would nonetheless deny defendant's motion for summary judgment as to the plaintiff's federal claims. The Court finds persuasive plaintiff's exhibits 1 and 2. Exhibit 1 is the plaintiff's intake questionnaire filed with the TCHR on January 27, 2003. Exhibit 2 is TCHR's letter, dated January 29, 2003, notifying the plaintiff that it received the intake questionnaire. Pl.'s Resp., Dkt. No. 20, Exs. 1 & 2. These exhibits demonstrate that the plaintiff filed a nominal complaint with the TCHR no later than January 29, within the 300-day limitations period provided for under Title VII. Griffin, 26 F.3d at 612.

The defendant, however, objects to these exhibits "as unreliable and not proper Summary Judgment evidence in that it [sic] has not been authenticated as properly filed with either the TCHR or EEOC." Dkt. No. 21, p.2. The exhibits do lack authentication required by Rule 56 and may be excluded. See, e.g., Rill v. Trautman, 950 F. Supp. 268, 269 (D.Mo. 1996) (finding that unauthenticated medical reports inadmissible in summary judgment motion in an automobile accident case). Nonetheless, a Court, in its discretion, can consider

---

[3]To the extent the July 22, 2003, charge can be considered an amendment to the plaintiff's original filing, federal law permits technical amendments to relate back to the date of the original filing. Blanchet, 368 F. Supp. 2d at 600 (citing 29 C.F.R. § 1601.12(b)).

documents lacking proper authentication in determining a motion for summary judgment. Eguia v. Tompkins, 756 F.2d 1130, 1136 (5th Cir. 1985).

As noted *supra*, the defendant does not take issue with any other of the plaintiff's exhibits lacking authentication. See, e.g., Dkt. No. 20, Ex.3. Furthermore, the Court notes that the two of the exhibits the defendant relies upon in attempt to establish plaintiff's failure to timely file his complaint, Exhibits B and D, suffer from the same defect. See Def.SJM, Dkt. No. 19, Exs.B&D. The Court will not dismiss only certain evidence lacking authentication and ignore the fact that other evidence is similarly defective. In any event, the defendant does not contest that plaintiff actually filed the intake questionnaire with the TCHR within 300 days of the plaintiff's termination or that the TCHR actually notified the plaintiff of the questionnaire's receipt. Rather, the defendant merely avers that the proffered exhibits do not rebut its evidence establishing that the plaintiff failed to timely file his TCHRA claims with the TCHR within 180 days of termination. As the Court has already determined, however, to gain the 300-day limitations period in a Title VII case, the plaintiff need only file with the TCHR or the EEOC within 300 days. Griffin, 26 F.3d at 612. Therefore, notwithstanding the exhibits' deficiencies, the Court exercises its discretion and considers plaintiff's exhibits 1 and 2 since their non-compliance is strictly technical (i.e., lack of authenticating affidavit) and there is no reason to believe the plaintiff, by submitting the alleged intake questionnaire and notification letter, is acting in bad faith. See 10A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2728 (West Group 1998) (A court may "refrain from granting summary judgment even though it theoretically could so . . . if the noncompliance with [Rule 56] merely technical and the opposing party appears to be proceeding in good faith. For example, when the evidence offered in opposition to the motion is defective in form but is sufficient to apprise the court that there is important and relevant information that could be proffered to defeat the motion . . . ."). In conclusion, the Court finds that plaintiff timely filed his Title VII, ADA, and ADEA claims.

**V.    Conclusion**

The Court **GRANTS** the defendant's motion for summary judgment as to the plaintiff's TCHRA claims. The Court, therefore, **DISMISSES WITH PREJUDICE** the plaintiff's TCHRA claims as time-barred.

The Court **DENIES** the defendant's motion for summary judgment as to the plaintiff's federal employment discrimination claims. This case shall proceed, therefore, on the federal claims only.

Accordingly, for the aforementioned reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the defendant's motion for summary judgment. Dkt. No. 19.

DONE at Brownsville, Texas, this 7th day of July, 2005.

_____
Hilda G. Tagle
United States District Judge