IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, Daniel Enguita, Plaintiff herein, and makes this his first Amended Complaint complaining of NEOPLAN USA CORP., and would show as follows:

I.

1.　Plaintiff is a resident and citizen of Spain. At all times material hereto, he was a resident of Cameron County, Texas, USA, where he was employed by Neoplan USA Corp., Defendant.

2.　Defendant Neoplan USA Corp. is a corporation, authorized to do business in the State of Texas, with principal place of business in Colorado. Defendant has been served and answered herein.

3.　Venue is proper in the Southern District of Texas, Brownsville division.

II.

4.　Mr. Enguitas came to the United States to work for the predecessor corporation of Defendant in 1982. Serving the corporation in various states, and being provided with an "essential personnel" visa because of that service, Mr. Enguitas was last employed in Brownsville, Texas as a Production Manager.

5.      Throughout his service to the company, Mr. Enguitas had been moved many times, to many different countries, and many different plants. He performed all the duties assigned to him with loyalty, dedication and hard work. The relationship was close enough that the company had loaned him money to buy a home, and provided other perks, including round trip tickets to any where in the world for him and his family.

6.      During his stay in the Colorado plant, he had surgery. That surgery required an extensive period of rehabilitation. However, after that surgery, Plaintiff was able to perform his job duties as a Production Manager with little accomodation for his physical problems. While in the Brownsville plant, Plaintiff was evaluated for back problems. However, his back problems did not interfere with the performance of his job. However, as a result of the physical problems and recuperations, Defendant had a perception that Plaintiff was disabled.

7.      On June 24, 2002, Plaintiff was notified that the plant in Brownsville was closing. Because of his long history with the company, Plaintiff reasonably believed that the company would find another job for him in another location. However, on September 01, 2002, Plaintiff received his last check, and was thereafter terminated.

8.      There was no legitimate reason for Plaintiff's termination. The real reason(s) that influenced the decision to terminate, and not relocate Plaintiff was a perceived physical disability arising from his spinal stenosis, his national origin (Spain), and his age. There was work available that Plaintiff could perform. Other persons who were not of Spanish origin, did not have a perceived disability and were younger, were given the opportunity to continue to work for the company.

2

III.

9. Plaintiff timely filed his complaint of discrimination (age, national origin and disability) with the Texas Commission on Human Rights and the EEOC.

10. Plaintiff thereafter filed his formal charge of discrimination, waited for the required amount of time, received his notice of right to sue, and filed his suit within the time limits required by the applicable law.

11. All conditions precedent to suit have been performed or have occurred, or have been waived by defendant.

IV.

CAUSES OF ACTION

12. Plaintiff was terminated and not relocated because of prohibited and discriminatory reasons - his national origin (Spain); disability - spinal stenosis, hip and back surgeries; and his age (1, dob: 4/10/41). Discriminatory practices because of these reasons is prohibited by Title VII of the Civil Rights Act of 1964, 42 USC §2000e, et seq; the Age Discrimination in Employment Act (ADEA), 29 USC §621 et seq; and the Americans with Disabilities Act (ADA), 42 USC §12101, et seq.

13. Title VII provides, in pertinent part: "(a) Employer practices. It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or *national origin*..." 42 USC §2000e-2. (emphasis added).

14. The ADA provides, in pertinent part: "(a) General Rule. No covered entity shall discriminate against a qualified individual with a disability because of the *disability* of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, employment compensation, job training, and other terms, conditions and privileges of employment." 42 USC §12112. (emphasis added).

15. The ADEA provides, in pertinent part: " (a) Employer practices. IT shall be unlawful for an employer - (1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's *age*..." 29 USC §623. (emphasis added).

16. Age, national origin and age were motivating factors in the termination of Plaintiff, and the failure to relocate the plaintiff. As a result of the discriminatory treatment, his ultimate termination, and the acts described herein, Plaintiff has suffered damges.

V.

DAMAGES

17. As a result of the discriminatory treatment, ending in his termination, Plaintiff has incurred damages in the following respects:

A.      LOST EARNINGS AND SPECIAL DAMAGES

18. At the time of the adverse employment determination complaint of, Plaintiff was gainfully employed. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff was deprived of his occupation and thereby suffered a loss of income

for which he sues. As a result of the wrongful conduct of the Defendant, Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earning and loss of earning capacity will continue long into the future, if not for the balance of his natural life. Plaintiff therefore seeks to recover for any lost earnings in the form of back pay, lost wages, front pay, insurance benefits, medical benefits, retirement benefits, fringe benefits, lost future earnings and/or diminished earnings capacity to the extent permitted by law.

B. Past and Future Mental Anguish.

19.     As a direct and proximate result of the conduct as alleged herein, Plaintiff has suffered physical injury, sickness and illness as well as severe mental pain and anguish. He has suffered feeling of anxiety, worthlessness, embarrassment and inferiority. He has further suffered ill health effects, including agitation, restlessness, sleeplessness, depression and loss of self-esteem due to his discriminatory treatment and termination. In all reasonable probability, he will continue to suffer such severe mental anguish and physical pain for a long time in the future, if not for the balance of his natural life.

C. Attorneys' fees

20.     Plaintiff is further entitled to recover attorneys' fees in a sum that is reasonable and necessary for the prosecution of this suit. Plaintiff has employed the undersigned attorneys to assist him. He further seeks an upward adjustment or enhancement to the lodestar amount of attorneys' fees to be determined in the prosecution of this lawsuit. A reasonable attorneys' fee is further requested for the work expended in the preparation and trial of this cause, along with a reasonable fee for any and all appeals. Further,

plaintiff seeks to recover for the reasonable and necessary costs of suit, including the use of paralegals or law clerks, and all litigation expenses, including filing fees, experts fees, and other reasonable and necessary charges to prosecute this action.

VI.

DEMAND FOR TRIAL BY JURY

21.     Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendant be served and made to answer herein, and that upon trial on the merits, that Plaintiff be awarded her actual harm and loss, attorneys fees, costs of court, punitive damages, pre- and post-judgment interest as allowed by law, and such other and further relief, in law or in equity, to which she may show herself entitled.

Respectfully Submitted,

__/s/ Savannah Robinson___
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1822 Main Street
Danbury, Texas 77534
Phone: (979)922-8825
Fax: (979)922-8857

CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the 11th day of August, 2005.

Elizabeth G. Neally
Roerig, Oliveira & Fisher

855 West Price Road, Ste 9  
Brownsville, TX 78550  
***Via fax 956-542-0016***

                                  __/s/ Savannah Robinson_____  
                                       Savannah Robinson