United States District Court
Southern District of Texas
FILED

AUG 2 3 2005

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL ENGUITA** | § | |
| | § | **CIVIL ACTION NO. B-04-121** |
| **VS.** | § | **JURY** |
| | § | |
| **NEOPLAN USA CORP.** | § | |

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, NEOPLAN USA CORP., files this its First Amended Original Answer to Plaintiff's First Amended Complaint and would show the Court the following:

**I.**

1. No admission or denial is necessary to Paragraphs I, 1.1-1.3 of Plaintiff's First Amended Complaint.

**II.**

2. Defendant can neither admit nor deny Paragraphs II, 2.1-4. of Plaintiff's First Amended Petition.

3. Defendant denies the allegations contained in Paragraphs II, 5. and II, 6. of Plaintiff's First Amended Petition. Defendant specifically denies Plaintiff was perceived as having a disability or even requested accommodation.

4. Defendant denies the allegations contained in Paragraph II, 7. of Plaintiff's First Amended Petition. Plaintiff knew on or about April, 2002 of the Plant closure. Plaintiff's last day of work was June 24, 2002.

5. Defendant denies the allegations contained in Paragraph II, 8. of Plaintiff's First Amended Petition. Defendant had legitimate reason to terminate Plaintiff and denies discrimination.

6. Defendant denies the allegations contained in Paragraphs III, 9-11 of Plaintiff's First Amended Petition. Defendant specifically denies that Plaintiff timely filed his complaint of disability with the TCHR or EEOC or that he has met all conditions to proceed with suit and Defendant has waived any rights thereto.

7. Defendant denies the allegations contained in Paragraphs IV, 12-16 of Plaintiff's First Amended Petition. Defendant specifically denies that Plaintiff has sufficiently pled and can prove recovery under these causes of action.

8. Defendant denies the damages contained in Paragraphs V, 17-20 of Plaintiff's First Amended Petition. Defendant specifically denies Plaintiff is entitled to damages for attorneys' fees.

9. Defendant joins Plaintiff in requesting a trial by jury contained in Paragraph V, 1-21of Plaintiff's First Amended Petition

10. Defendant further affirmatively pleads its right to mitigation of damages and to the extent the Plaintiff has filed to mitigate his damages that his damages, if any should be adjusted accordingly.

11. Defendant further states that Plaintiff's claims are barred because he failed to timely file suit under the statute of limitations requirements pursuant to the Texas Commission on Human Rights Act; Texas Labor Code, Chapter 21, *et. seq.* And under the Equal Employment Act, 42 USC § 2000e, *et. seq.*

12. Defendant would show that the cap for damages pursuant to the Texas Commission on Human Rights Act; Texas Labor Code § 21.2585 and 42 USC § 12101, *et. seq.*; 42 USC § 2000, *et. seq.*; and 29 USC § 621.

13. Defendant further would show that Plaintiff has filed to exhaust his administrative remedies pursuant to the Texas Commission on Human Rights Act, Equal Employment Opportunity Act and Neoplan policies.

14. To the extent that exemplary damages may be requested by Plaintiff, these damages are precluded by § 101.024 of the Texas Civ. Prac. & Rem. Code.

15. For further answer, if such be necessary, and pleading in the alternative, Defendant, while denying any and all liability, affirmatively pleads that the Plaintiff's claims are barred by estoppel.

16. For further answer, if such be necessary, and pleading in the alternative, Defendant while denying any and all liability and further denying Defendant discriminated against Plaintiff, Defendant affirmatively pleads that Plaintiff did not have a written employment contract with Defendant which specifically provided and directly limited Defendant's right to terminate Plaintiff at will.

17. For further answer, if such be necessary, and pleading in the alternative, Defendant, while denying any and all liability, affirmatively pleads that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Original Petition be dismissed at Plaintiff's costs and for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
10225 North Tenth Street
McAllen, Texas 78504
(956) 631-8049
(956) 631-8141 - Fax.

BY: ______________________
JEFFREY D. ROERIG
Federal ID #1508
State Bar #17161700

Ms. Elizabeth G. Neally
Fed. I.D. No. 8044
State Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's First Amended Original Answer has been mailed, Certified Mail, Return Receipt Requested, to the Attorneys for Plaintiff, as follows:

Ms. Savannah Robinson
Attorney at Law
1822 Main Street
Danbury TX 77534

Mr. Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
101 North Tenth Avenue
Edinburg, TX 78541

on this 22 day of August, 2005.

______________________
Elizabeth G. Neally