United States District Court
Southern District of Texas
**ENTERED**

**SEP 2 3 2005**

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| NEOPLAN USA CORP. | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO EXTEND DEADLINE FOR DISPOSITIVE MOTIONS

BE IT REMEMBERED that on September, 22 2005, the Court **DENIED** the parties' Agreed Motion To Extend Deadline for Dispositive Motions. Dkt. No. 39.

**I.  Background**

*A. Factual*

This case arises out of an employment dispute between Daniel Enguita and his former employer, Neoplan USA Corp. Mr. Enguita alleges that he was wrongfully discharged from his position after a thirty seven year career. Plaintiff Daniel Enguita's Original Petition ¶¶ 4.1, 4.2. Plaintiff alleges that there was no legitimate business justification for his termination and that there was, and continues to be, work available which he is capable of performing. *Id.* ¶ 4.3. Plaintiff asserts three bases of discrimination — age, national origin, and disability. *Id.* ¶ 5.1.

*B. Procedural*

The motion presently before the Court requests an extension of the deadline for dispositive motions. Dkt. No. 39. This motion represents the second time the parties have found it necessary to extend this deadline. *See* Dkt. No. 30.

This case came to this Court by a Notice of Removal filed July 15, 2004. Dkt. No. 1. The initial pretrial and scheduling conference was ordered for September 28,

2004. Dkt. No. 2. This conference was later reset to October 5, 2004. Dkt. No. 9. The conference was held, and a subsequent scheduling order was entered on October 19, 2004. Dkt. No. 12. In that order, the parties were required to submit to mediation by February 25, 2005, discovery was to be completed by June 13, 2005, and dispositive motions were due by June 27, 2005. *Id.* The final pretrial conference was set for September 28, 2005. *Id.* On February 17, 2005, Alfred T. Denham, the mediator for the case, filed an Alternative Dispute Resolution Memorandum stating that the case had not settled. Dkt. No. 18. On June 3, ten days prior to the discovery deadline, the parties filed an Agreed Motion to Extend Deadlines. Dkt. No. 30. The reason for the requested extension was that the deposition of the Plaintiff, Daniel Enguita, had been rescheduled multiple times and was then scheduled for June 16, 2005 — three days after the discovery deadline. *Id.* Defendants claimed to need the transcript of this deposition prior to preparing a motion for summary judgment. *Id.* This motion was granted on July 6, 2005. Dkt. No. 32. A new scheduling order was entered on July 6, 2005, requiring (1) discovery to be completed by September 12, 2005; and (2) dispositive motions to be filed by September 26, 2005; and setting the final pretrial conference for January 5, 2006. Dkt. No. 33. Apparently, Plaintiff's deposition was not taken on June 16, as Plaintiff filed a Notice and Request for Approval of Deposition Plans on July 19, 2005. Dkt. No. 34. The deposition was set for July 27, 2005, and it was to be conducted by telephonic communication. *Id.* The parties now move for a further extension of the deadline for dispositive motions; the parties also request that all other deadlines remain the same. Dkt. No. 39.

II.   **Discussion**

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b).

As a preliminary matter, "[t]he 'good cause' standard focuses on the diligence of

2

the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline. Furthermore, "considerations of judicial economy and the client's interest in avoiding expenses for potentially unnecessary motion practice" do not constitute good cause for extending pre-trial deadlines. Jones, 2005 U.S. Dist. LEXIS at *4, *5.

In this case, Defendant presents several possible reasons which it contends form bases for establishing good cause. First, Defendant asserts that it did not receive videos of Plaintiff's deposition until September 12, 2005 (the deadline for discovery), and even then it was unable to open the videos. Dkt. No. 39, ¶ 2. Presumably, although Defendant nowhere states this in the motion before the Court, Defendant believes that the videos of this deposition are necessary for it to adequately prepare any dispositive motions in this case. Second, Defendant contends that it has conferred with Plaintiff regarding a possible settlement of this case, but that Defendant's current financial condition prevents it from engaging in settlement discussions. Id. Again, the Court may only assume that it is Defendant's assertion that the possibility of the judicial economy and the savings to its client that would be created by extending the dispositive motion deadline amount to good cause. Finally, it appears that Defendant relies on the agreement of Plaintiff to file this motion to provide good cause. Id. The Court disagrees as to all three possible bases and finds that good cause is lacking in this case.

Defendant first asserts that it has not received a working copy of the videos of Plaintiff's deposition. Id. The Court first notes that Defendant has provided no

3

additional allegation regarding this deposition. In this motion, Defendant does not allege any reason why the lack of access to the videos prevents it from meeting the deadlines as scheduled. The Court, however, will assume that Defendant is relying on the same basis for extension as in the previous Agreed Motion to Extend Deadlines, of June 3, 2005 — that Defendant needs the deposition in order to properly move for summary judgment. Dkt. No. 30. Even given this assumption, however, the Court finds that this assertion does not provide good cause for the requested extension. Defense counsel fails to provide any reasons for (1) why this deposition was not noticed until July 27, 2005, when it was, as of the June 3 motion, set for June 16, 2005; (2) why it could not find an alternate method to obtain copies of the videos prior to September 12, 2005; (3) why it did not request an extension or an order to provide the videos earlier, given its knowledge that it did not have the copy; (4) why the two weeks between Defendant's receipt of the videos and the deadline for filing dispositive motions is insufficient; or (5) even why the videos are necessary for the Defendant to prepare any dispositive motions. Without the reasons behind any of these failures by the Defendant, this Court cannot find that Defendant acted with diligence and therefore cannot find good cause for extending the dispositive motion deadline on this basis. *See* Alwood v. Steuben County Sheriff Dep't, 2005 U.S. Dist. LEXIS 19161, *3 (N.D. Ind. 2005) (finding no good cause when the defendant had not explained why the deposition was not conducted during the five months allotted for discovery and why it would not be able to prepare its dispositive motions by the scheduled deadline); *Alton Crain*, 2005 U.S. Dist. LEXIS at *5 (finding that "past scheduling difficulties and the fact that many of the witnesses identified by plaintiff reside out of town" was insufficient to establish good cause when the defendant had not explained why depositions had not been conducted earlier); *Jones*, 2005 U.S. Dist. LEXIS at *7-*8 (finding that mutual agreement to adjourn a deposition did not provide good cause for extending the deadline to file dispositive motions).

Defendant also asserts that it has discussed a possible settlement of this case with the plaintiff, but that it is unable to engage in settlement discussions at the present time given its financial condition. Dkt. No. 39, ¶ 2. The Court notes that the possibility

of settlement is not a concrete basis for extending the deadlines, especially considering that the parties have already attended mediation, at which time there was no settlement of this case. Dkt. No. 18. More importantly, however, the possibility of settlement does not provide a basis for amending a scheduling order. See Jones, 2005 U.S. Dist. LEXIS at *4, *5. Considerations of judicial economy and clients' interests in avoiding expenses do not amount to good cause. Id. Thus, this Court finds that the possibility of settlement at some future date does not provide a basis for granting the parties' motion.

    Finally, Defendant appears to rely on the fact that the plaintiff has agreed to this extension as a grounds for granting the motion. Dkt. No. 39. Stipulations between the parties, however, do not provide a basis for amending a scheduling order. See Parisi, 164 F.R.D. at 621. Additionally, as noted above, the absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones, 2005 U.S. Dist. LEXIS at *4. Thus, this basis also does not establish good cause, and it therefore cannot provide this court with authority to grant the motion.

    Moreover, "granting Defendant['s] motion[] will result in further substantial delay in achieving an early end to this litigation." Jones, 2005 U.S. Dist. at *7. The schedule for this case has already been amended once, for precisely the same reasons as Defendant asserts in the motion sub judice. See Dkt. Nos. 30, 32. The Court also observes that Defendant requests an amendment to only the dispositive motion deadline, leaving all other scheduled events unchanged. Dkt. No. 39. The Court finds this to be a thinly veiled attempt to move for a continuance of the trial, however, as Defendant's motion not only relies on the possibility of settlement, but also would leave this Court with only 4 weeks between the dispositive motion deadline (November 15) and the final pretrial conference (December 20). Id. Furthermore, this already shortened time period would include not only the Court's review, research, and analysis of the motion, but also the time period in which the non-moving party would have to respond to any dispositive motion. Clearly then, the later dates previously scheduled would have to be pushed back also. See Jones, 2005 U.S. Dist. LEXIS at *7-*8; Parisi, 164 F.R.D. at 621. Therefore, this Court finds that justice would not be served by

5

granting this extension and permitting this 'back-door' amendment of the entire scheduling order. See *Jones*, 2005 U.S. Dist. LEXIS at *7.

Thus, the Court finds that there is no good cause for extension of the dispositive motions deadline, and the motion must be denied.

### III.  Conclusion

For the foregoing reasons, the Court **DENIED** the parties' Agreed Motion To Extend Deadline for Dispositive Motions.  Dkt. No. 39.

DONE at Brownsville, Texas, this 22th day of September 2005.

_____
Hilda G. Tagle
United States District Judge