United States District Court
Southern District of Texas
FILED

SEP 27 2005

Michael N. Milby
Clerk of Court

CIVIL ACTION NO. B-04-121

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DANIEL ENGUITA,
Plaintiff

vs.

NEOPLAN USA CORP.
Defendant

DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Elizabeth G. Neally
Federal ID No. 8044
State Bar No. 14840400
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas 78504
956-631-8049 (Tel)
956-631-8141 (Fax)

ATTORNEYS FOR DEFENDANT
NEOPLAN USA CORP.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NEOPLAN USA CORP. ("Neoplan") Defendant in the above styled and numbered cause, and files its Motion for Summary Judgment and would show the Court the following:

### I.

Plaintiff Daniel Enguita brings his actions in his First Amended Complaint against Neoplan, his employer, pursuant to 42 U.S.C. § 2000e-5 (Title VII) alleging that he was discriminated against because of national origin, disability and age when Neoplan terminated his employment. He also brings suit for discrimination under 29 U.S.C. § 621 *et. seq.*, Americans with Disabilities Act (ADA) and 42 U.S.C. § 12101 *et. seq.*, the Age Discrimination in Employment Act (ADEA). See, Exhibit 1, Plaintiff's First Amended Complaint, paras. 12-16.

### II.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving parties are entitled to judgment as a matter

of law. ***Anderson v. Liberty Lobby***, 477 U.S. 242, 250; 106 S. Ct. 2505, 2551 91 L. Ed.2d 202 (1986); ***Celotex Corp v. Catrett***, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986) 91 L. Ed.2d 265; Fed. R. Civ. P. 56.

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); ***Anderson v. Liberty Lobby***, 477 U.S. 242, 250, 106 S. Ct. 2505, 2551 (1986); ***Celotex Corp v. Catrett***, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986)91 L. Ed.2d 265; Fed. R. Civ. P. 56.

While this court should draw all inferences in favor of the party opposing the motion for summary judgment, the opposing party cannot create a genuine issue of material facts simply based on its own pleadings. ***Anderson***, 477 U.S. at 250, 106 S. Ct. at 2510; ***Dorsett v. Board of Trustees***, 940 F.2d 121, 123 (5th Cir. La. 1991). Once the moving party has presented a properly supported motion for summary judgment, the burden shifts to the opposing party to present evidence that a genuine factual issue exists. The United States Supreme Court has held that summary judgment is mandated when, after an adequate time for discovery has elapsed, the none-existence of each element essential to the non-movant's case in which the non-movant will bear the burden of proof at trial. ***Celotex***, 477 U.S. at 322, 106 S. Ct. At 2552. "The mere existence of <u>some</u> alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material fact</u>." ***Anderson***, 477 U.S. at 247-8, 106 S. Ct. At 2510 (emphasis in original). Summary judgment should be granted in favor of Defendant because no issues of material fact exist in Plaintiff's state law claims.

Defendant would further show that adequate time for discovery has occurred.

## III.

## SUMMARY JUDGMENT EVIDENCE

In asserting its Motion for Summary Judgment, Defendant relies on the following summary judgment evidence: Plaintiff's First Amended Complaint, excerpts from Plaintiff's deposition, discovery, and the other exhibits referred to herein.

| | | |
|---|---|---|
| Exhibit 1. | - | Plaintiff's First Amended Complaint |
| Exhibit 2 | - | Deposition of Daniel Enguita |
| Exhibit 3 | - | Affidavit of Pat Robinette |
| | | A. Letter advising of plant closure dated April 24, 2002 |
| Exhibit 4 | - | Plaintiff's Responses to Interrogatories |

## IV.

## INTRODUCTION

Plaintiff has filed in his First Amended Complaint an employment discriminatory lawsuit alleging he was discriminated against under 42 U.S.C. § 2000e-5, the ADA and the ADEA. Plaintiff's First Amended Complaint alleges that Plaintiff was discriminated against because of age, national origin and disability in the termination of Plaintiff and the failure to relocate Plaintiff after the Brownsville plant closed. See, Exhibit 1, Plaintiff's First Amended Complaint, paragraphs 7 and 16.

## V.

## ARGUMENT AND AUTHORITY

A.  **Discrimination under Title VII**

   1.  *Prima Facie* **Case - Title VII - Discrimination under Title VII**

In paragraphs 12 & 13 of Plaintiff First Amended Complaint, Plaintiff raises a cause of action under Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. Plaintiff claims Defendant intentionally discriminated him because of his national origin, disability and age, when his employment was terminated on or about June 24, 2002.

Plaintiff's claims under 42 U.S.C. § 2000e, *et. seq.* (Title VII) must fail because Plaintiff cannot prove that Defendant's actions were a pretext for discrimination which is required in order to succeed in a Title VII case. **<u>Reeves v. Sanderson Plumbing Products, Inc.</u>** 530 U.S. 133, 142; 120 S.Ct. 2097, 2106; 147 L.Ed.2d 105 (2000).

Plaintiff must first establish his *prima facie* case of establishing discrimination by showing that he 1) is a member of a protected class; 2) was qualified for his position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. **<u>Septimus v. Univ. of Houston</u>**, 399 F.3d 601 Hn. 6 (5th Cir. Tex. 2005); **<u>Shackelford v. Deloitte & Touche, LLP</u>**, 190 F.3d 398, 404 (5th Cir. Tex. 1999). **<u>Thomas v. Clayton Williams Energy, Inc.</u>**, 2 S.W.3d 734, 739 (Tex. App. - Houston [14th Dist.] 1999).

Plaintiff can not meet this burden. Defendant will show that Plaintiff has no evidence to show that nonprotected class employees were treated differently. It is undisputed that the plant where the Plaintiff was employed was closed as opposed to Plaintiff being terminated. (See Exhibit 4-A) Plaintiff could only relate that one person out of 80 or 90 people retained his job. See Plaintiff's deposition Exhibit 2, pp 24-25.

> Q. The entire plant closed, right?
> A. Everything.
> Q. Okay. And it;'s never reopened, correct?

> A. No.
> Q. Okay. How may people were employed there?
> A. We started with 80 or 90 workers.
> Q. Okay. And when you closed, how may employees did you have?
> A. Well, the same. There were no others.
> Q. How may people stayed on with Neoplan after the plant closed in Brownsville that you know for a fact?
> A. One.
>
> Deposition of Daniel Enguita, Exhibit 2, p 24, l. 3-15

"An employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief." **Martin v. Kroger Co.**, 65 F.Supp.2d 516, 553 (S.D. Tex. 1999). Plaintiff further admitted that the only person he knew of who was retained was 50 years old. See Exhibit 2. Deposition of Daniel Enguita, pp 25, lines 3-5.

There is simply no evidence that Plaintiff suffered discriminatory treatment because of age, national origin or disability. Conclusory statements not supported by facts are not proper summary judgment proof. See, **Elaghil v. Tarrant Co. Jr. College**, 45 S.W.3d 133, 140 (Tex. App. - Ft. Worth 2000) and **Winters v. Chubb**, 2004 Tex. App. LEXIS 2441, Hn. 12 (Tex. App. - Houston [14th Dist.] 2004).

Plaintiff has shown no evidence of disparate input to show he was treated differently because of national origin, disability or age. "To establish that he received disparate treatment, Plaintiff must show that preferential treatment was given under 'nearly identical' circumstances." Plaintiff must show he was discharged for misconduct for which other employees were not. **Little v. Republic Refining Co.**, 924 F.2d 93, 97 (5th Cir. Ms. 1991); **Farrington v. Sysco Food Servs., Inc.**, 865 S.W.2d 247, 251 (Tex. App. - Houston [1st Dist] 1993).

The unrefuted fact is the Brownsville plant closed on or about June 24, 2005. As such,

Plaintiff has no direct evidence of discrimination because of age, national origin or age. Likewise, Plaintiff can not show disparate impact that there was some screening method used to screen out protected groups Similarly, there was no person similarly situated to Plaintiff who was treated differently. See *Ysleta I. S. D. v. Monarrez,* 48 Tex. Sup. J. 1014 (Tex. 2005).

Plaintiff's testimony in his deposition was that he was aware of no other person similarly situated as himself. See, Exhibit 2, Deposition of Daniel Enguita, pp. 29-30.

> Q. And what were you – why were you – do you believe that you were discriminated against?
> A. Perhaps because I was a Spaniard. I don't know. I( handled the entire company, you see. THE INTERPRETER: We're not getting everything. The phone is not – is cutting in and out.
> Q. (By Ms. Neally) Sir, in the nature of the speaker phone, you got to be real careful that you answer very clearly. And, I'm sorry, but we're not getting everything that you are saying. You think it was because you were Spanish?
> A. Well, I would say.
> Q. What other – what other employees were there at Neoplan U.S.A. who were of Spanish descent like you?
> A. None.
> Q. Okay. So you don't know of anyone else at Neoplan who was of Spanish descent who was treated the same way you were, correct?
> A. Correct.
> Q. Okay. How about you – you also had a disability, correct? You – you had spinal stenosis, correct?
> A. Yes.
> Q. Do you know anyone else who was – who had that same condition besides you?
> A. Well, no.
> Q. You've also claimed that you were discriminated against because of your age. Do you know anybody else who was discriminated against because of their age?
> A. No. I don't believe so.
> Q. Okay. You have no evidence that the – this mistreatment that you're claiming that was received by you was part of a pattern and practice engaged in by the Defendant towards the Plaintiffs and other similarly situated, correct.
>   THE INTERPRETER: Let me see that.
> Ms. Neally: No evidence of mistreatment.

    A.    No.
    Q.    (By Ms. Neally) That's correct, right?
    A.    Yes.
    Q.    You're not aware of any unwritten plan or scheme by the Defendant to discriminate against injured, older Hispanic employees, are you?
    A.    No.
Deposition of Daniel Enguita, Exhibit 2, pp. 29, l. 2 - 31, 1-4

Absent a discriminatory motive, a disagreement between an employer and employee over the assessment of job performance is not actionable. Even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminating reason. The Court's role in employment discrimination cases is not to second guess every personnel decision. **_Winters v. Chubb and Sons, Inc._**, 2004 Tex. App. LEXIS 2441 at Hn. 12 citing **_Martin_**, 65 F.Supp.2d at 552-53; **_Little_**, 924 F.2d at 97.

Here there is no direct evidence of discrimination and Plaintiff can not show disparate treatment.

## 2.    Legitimate, Nondiscriminatory Reasons

In the event the Court determines he has met his *prima facie* case, Defendant asserts that it had a legitimate, nondiscriminatory reason for the decision not to transfer Plaintiff as a supervisor to another location. In a Title VII or a TCHR case, once the Plaintiff makes out a *prima facie* case, an inference of discrimination arises and the defendant employer then bears the burden of articulating a legitimate, nondiscriminatory reason for the decision. **_Grimes v. Tex. Dept. Of Mental Health and Mental Retardation_**, 102 F.3d 137, 140 (5th Cir. Tex. 1996); **_McDonnell Douglas_**, 511 U.S. at 801-03.

"After legitimate, nondiscriminatory reason is offered, the presumption of unlawful discrimination, created by Plaintiff's *prima facie* case disappears. Plaintiff must then demonstrate

that the articulated rationale is merely a pretext for discrimination." *Gold v. Exxon Corp.*, 960 S.W.2d 378, 381 (Tex.App. - Houston [14th Dist.] 1998). See also, *Lawrence v. Univ. of Texas Medical Branch at Galveston*, 163 F.3d 309 (5th Cir. Tex. 1999).

The attached Affidavit of Pat Robinette, Exhibit 3, establishes the reasons why Plaintiff was terminated. At the time of the closing of the Brownsville plant, there were no similar positions of a supervisory position available for Plaintiff. Plaintiff could have remained with the company had he chose a reduction of salary and title. This job could have involved extensive travel. Plaintiff rejected this position.

Plaintiff testified in his deposition that the sole employee that he knew of who reassigned at Neoplan was Bob Tatum. See deposition of Enguita, Ex. 2, pp. 24-25. Bob Tatum was also employed at the Brownsville plant. After the closure of the plant he was reassigned to the position of field representative and worked at various other plants. The affidavit establishes at the time of the closure, that Mr. Bob Tatum was 48 years old. His date of birth is July 2, 1953. The affidavit also established that, Mr. Enguita was offered the same type of position as Mr. Tatum and refused it.

The affidavit further verifies that the plaint was closed because of financial and economic reasons. Further, Neoplan continues to experience downsizing and closures.

For Plaintiff to prevail, he must show that the stated reasons were a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804-05. Mere subjective belief of discrimination will not defeat the employer's proffered reason for challenged employment decisions. To succeed, the Plaintiff must raise "fact issues that reason for the employment decision was false, and that discrimination was the real reason." *Lawrence v. Univ. of Texas Medical Branch at Galveston*, 163

F.3d, 309 (5th Cir. Tex. 1999).

Plaintiff has no evidence except for his speculation that the preferred reasons are false.

**B.   American Disability in Employment Act ("ADA")**

In order to recover under the American Disabilities Act Defendant must show that he is a "qualified individual with a disability." 42 U.S.C. § 12112(b)(4).

A "qualified individual with a disability" is "an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The term "disability" means a physical or mental impairment that substantially limits one or more major life activities of an individual or a record of impairment or being regarded as having such an impairment. 42 U.S.C. §12102(2).

The term "qualified" as defined in the definition means a person who can perform the essential functions of his job with or without reasonable accommodation. 42 U.S.C. §12111(8).

In *Chandler v. City of Dallas*, the Fifth Circuit articulated a two-part analysis for determining whether a person is qualified within the meaning of the ADA:

> First, we must determine whether the individual could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue. Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions. As with establishing the existence of a handicap, the burden lies with the plaintiff to show he is otherwise qualified.

*Chandler*, 2 F.3d 1385-1393 (5th Cir. Tex 1993).

An employee is not qualified to work, if he is unavailable to work, even if his absence is attributable to an impairment or disability. In *Rogers v. International Marine Terminals, Inc.,*[125]

the Fifth Circuit held that an employee who was absent from work recuperating from ankle surgery was not qualified individual. An absent employee cannot fulfill any of his job functions, essential or otherwise, and is therefore not qualified. *Rogers*, 87 F.3d 755, 759 (5th Cir. 1996). See also, *Croy v. COBE Laboratories, Inc.*, 345 F.3d 1199 (10th Cir. La. 2003) (Multiple sclerosis was not a disability where employee was able to perform the job, just absent a lot).

Defendant relies on the same business reasons for why Plaintiff was terminated as referenced in its Title VII analysis, Section V.A.-2 herein. Plaintiff can not show that the proferred reason listed in the Title VII analysis are pretextual or false.

Defendant would further show that Plaintiff in his First Supplement Responses to Requests for Interrogatories indicates that he is no longer able to work because he is disabled. See Request for Interrogatory No. 5, Exhibit 4:

> **REQUEST FOR INTERROGATORY NO. 5**
> Please describe all efforts made by Plaintiff to mitigate his damages since your termination including any places that you have applied for a job, the position applied to, and the date you applied.
>
> **ANSWER:**
> Mr. Enguitas has been unable to seek work because of his disability. To reduce his financial strain he returned to Spain.

Plaintiff's admission in this interrogatory response establishes that he can not meet the burden of proving he is a qualified individual as that term is defined under the ADA and therefore, can not meet his burden of establishing a *prima facie* case under the ADA..

C.  **Age Discrimination in Employment Act ("ADEA")**

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges

of employment, because of such individual's age." 29 U.S.C. § 623 (a)(1)(1985). The basic framework for analyzing employment discrimination cases was laid out by the Supreme Court in *McDonnell Douglas Corp. V. Green* 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668, 677-79 (1973). While this case analyzed employment discrimination under Title VIII, the same analysis has been held applicable to cases involving the ADEA. See *O'Connor v. Consolidated Coin Caterers Corp.* 517 U.S. 308, 311, 116 S. Ct.1307, 1309-10. 134 L. Ed. 2d 433, 438 (1996); *Bodenheimer v. PPG Industries, Inc.* 5 F.3d 955, 957 n.4 (5th Cir. La. 1993). Therefore, Defendant will not reiterate its evidence as Plaintiff can not meet the burden to show discrimination or that the Defendant's reasons for Plaintiff's layoff were a pretext for employment.

In *Linetsky v. Eurpac Service Inc.*, the Northern U.S. District Court of Texas, Dallas granted the employers Motion for Summary Judgment on Plaintiff's age discrimination claim based on the ADEA. Eurpac closed one of its offices and downsized eliminating a total of 14 positions as Accounting Supervisor. See *Linetsky* 1998 U. S. Dist. LEXIS 17892 (N.D. 1998). The Court in *Linetsky* quoted the similar case of *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996).

In *Brown* an employee laid off for economic reasons claimed the company's proferred reasons were mere pretext for discrimination after new employees were hired two months later. The Court in *Brown* stated "the Plaintiff's evidence merely questioned the prudence of CSC's Logic's method of cost cutting. As such, it was not compelling particularly in light of the evidence to the contrary. The Plaintiff's guesswork and speculation that there were ways to retain him while cutting costs simply could not serve as a basis for sending a case to a jury." *Linetsky* at HN 11 quoting *Brown*, 82 F. 3d 651, 658 (5th Cir. 1996).

The Court in *Linetsky* established that needing to downsize and eliminating positions are valid and legitimate business reasons. The same is true with Neoplan.

## VI.

## CONCLUSION

Plaintiff failed to establish a *prima facie* case that he was discriminated against through adverse employment action. Further, Defendant has established legitimate non-discriminatory reasons for the employment actions taken concerning Plaintiff to which Plaintiff has failed to show that the reasons proffered were pretextual. Therefore, Plaintiff's claim of discrimination should be dismissed against this Defendant under Title VII of the Civil Rights Act of 1964, the Americans with Disability Act and the Age Discrimination in Employment Act.

WHEREFORE, PREMISES CONSIDERED Defendant Neoplan prays that this Court grant its motion for summary judgment in its entirety for all cause of action asserted against it by Plaintiff Daniel Enguita and for any and all further relief to which Defendant Neoplan is justly entitled in law or in equity, including costs of court.

                Respectfully submitted,

                **ROERIG, OLIVEIRA & FISHER, L.L.P.**
                10225 North Tenth Street
                McAllen, Texas 78504
                (956) 631-8049
                (956) 631-8141 - Fax
                Attorneys for Defendant, Neoplan USA Corp.

                By: _____
                    Elizabeth G. Neally
                    State Bar No. 14840400
                    Federal ID No. 8044
                    Jeffrey D. Roerig
                    State Bar No. 17161700
                    Federal ID No. 1503

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment has been served on all parties pursuant to Texas Rules of Civil Procedure, on this the 26 day of September, 2005, as follows:

Ms. Savannah Robinson
Attorney at Law
1822 Main
Danbury, Texas 78534

Mr. Carlos E, Hernandez, Jr.
Law Offices of Carlos E. Hernandez, Jr., P.C.
101 North 10th Street
McAllen, Texas 78504

                                                          Elizabeth G. Neally
                                                          Jeffrey D. Roerig

## EXHIBITS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| Exhibit 1. | -Plaintiff's First Amended Complaint |
| Exhibit 2 | -Deposition of Daniel Enguita |
| Exhibit 3 | -Affidavit of Pat Robinette |
| | A. Letter advising of plant closure dated April 24, 2005 |
| Exhibit 4 | -Plaintiff's Responses to Interrogatories |

## INDEX OF CASES

|  | Page Nos. |
|---|---|
| ***Anderson v. Liberty Lobby***,<br>477 U.S. 242, 250; 106 S. Ct. 2505, 2551 91 L. Ed.2d 202 (1986).......................... | 2 |
| ***Bodenheimer v. PPG Industries, Inc.***<br>5 F.3d 955, 957 n.4 (5th Cir. La. 1993).................................................................... | 11 |
| ***Brown v. CSC Logic, Inc.***<br>82 F.3d 651 (5th Cir. Tex. 1996).............................................................................. | 11 |
| ***Celotex Corp v. Catrett***,<br>477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986) 91 L. Ed2d 265;<br>Fed. R. Civ. P. 56...................................................................................................... | 2 |
| ***Chandler v. City of Dallas***<br>2 F.3d 1385, 1393 (5th Cir. Tex 1993)..................................................................... | 9 |
| ***Croy v. COBE Laboratories, Inc.***<br>345 F.3d 1199 (10th Cir. La. 2003)......................................................................... | 10 |
| ***Dorsett v. Board of Trustees***,<br>940 F.2d 121, 123 (5th Cir. La. 1991).................................................................... | 2 |
| ***Elaghil v. Tarrant Co. Jr. College***<br>45 S.W.3d 133, 140 (Tex. App. - Ft. Worth 2000) ................................................. | 5 |
| ***Farrington v. Sysco Food Servs., Inc.***<br>865 S.W.2d 247, 251 (Tex. App. - Houston [1st Dist] 1993)................................... | 5 |
| ***Gold v. Exxon Corp.***<br>960 S.W.2d 378, 381 (Tex.App. - Houston [14th Dist.] 1998)................................ | 8 |
| ***Grimes v. Tex. Dept. Of Mental Health and Mental Retardation***<br>102 F.3d 137, 140 (5th Cir. Tex. 1996).................................................................... | 7 |
| ***Lawrence v. Univ. of Texas Medical Branch at Galveston***<br>163 F.3d 309 (5th Cir. Tex. 1999). .......................................................................... | 8 |
| ***Little v. Republic Refining Co.***<br>924 F.2d 93, 97 (5th Cir. Ms. 1991)........................................................................ | 5,7 |
| ***Linetsky v. Eurpac Service Inc.***<br>1998 U. S. Dist. LEXIS 17892 (N.D. Dallas 1998).................................................. | 10, 11 |

*Martin v. Kroger Co.*,
65 F.Supp.2d 516, 553 (S.D. Tex. 1999).................................................................... 5, 7

*McDonnell Douglas Corp. v. Green*
411 U.S. 792, 802-04, 93 S. Ct. 1817,
1824-25, 36 L. Ed. 2d 668, 677-79 (1973)................................................................ 11

*O'Connor v. Consolidated Coin Caterers Corp.*
517 U.S. 308, 311, 116 S. Ct.1307, 1309-10. 134
L. Ed. 2d 433, 438 (1996)......................................................................................... 10

*Reeves v. Sanderson Plumbing Products, Inc.*
530 U.S. 133, 142; 120 S.Ct. 2097, 2106; 147 L.Ed.2d 105 (2000)......................... 4

*Rogers v. International Marine Terminals, Inc.*
87 F.3d 755, 759 (5th Cir. 1996)................................................................................ 9, 10

*Septimus v. Univ. of Houston*,
399 F.3d 601 Hn. 6 (5th Cir. Tex. 2005)..................................................................... 4

*Shackelford v. Deloitte & Touche, LLP*,
190 F.3d 398, 404 (5th Cir. Tex. 1999)....................................................................... 4

*Thomas v. Clayton Williams Energy, Inc.*,
2 S.W.3d 734, 739 (Tex. App. - Houston [14th Dist.] 1999). ..................................... 4

*Winters v. Chubb*,
2004 Tex. App. LEXIS 2441, Hn. 12 (Tex. App. - Houston [14th Dist.] 2004)......... 5, 7

*Ysleta I. S. D. v. Monarrez*
48 Tex. Sup. J. 1014 (Tex. 2005)............................................................................... 6

## ADDITIONAL REFERENCES

29 U.S.C. § 621 *et. seq.*,
Americans with Disabilities Act (ADA) ................................................................. 1

42 U.S.C. § 12101 *et. seq.*,
Age Discrimination in Employment Act (ADEA).................................................. 1, 9

42 U.S.C. § 2000e........................................................................................................ 1, 3, 4
(Title VII)

42 U.S.C. § 12112(b)(4)............................................................................................... 9

42 U.S.C. § 12101(2).................................................................................................... 9

29 U.S.C.A. § 623 (a)(1)(1985)..................................................................................... 10