IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARYJUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Enguita, Plaintiff herein, and makes this his

response to the Motion for Summary Judgement of Defendant[1] (concerning

pretextual termination) and would show as follows:

I.

1.    The motion for summary judgment of Defendant complains that Plaintiff

has no evidence that his termination was motivated by a discriminatory reason,

and no evidence that the reason stated for termination was pretextual.  However,

there is circumstantial evidence that his age, and/or disability were motivating

factors in his termination. Circumstantial evidence is sufficient to prove

discrimination was a motivating factor in Mr. Enguita's termination.  *Desert

Palace, Inc. v. Costa*, 539 U.S. 90, 93, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

2.    Defendant further complains that Plaintiff has no evidence that any

similarly situated employee was treated differently (Defendant's Motion page 4 -

5), or the same (Defendant's motion page 6). However, that is not the standard for

discrimination in "reduction in force" claims.  See: *Williams v. Gen. Motors Corp.*, 656 F.2d 120, 127-28 (5th Cir. Unit B Sept.1981);  *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 813 (5th Cir.1991) (elaborating upon the special  *Williams* prima facie case standard in reduction in force cases);  *Eugene v. Rumsfeld*, 168 F.Supp.2d 655, 668 (S.D.Tex.2001); *Stewart v. Sanmina Texas L.P.*, 156 S.W.3d 198, 209-10 (Tex.App.-Dallas 2005, no pet.h.).

II.
LEGAL STANDARDS

A.  STANDARDS CONCERNING SUMMARY JUDGMENT

3.      Summary judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R CIV PRO 56(c). Factual controversies, if any exist, are resolved in favor of the nonmoving party. *See: Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir.1994) (en banc); *see also: Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact. *See: Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). "[T]he burden on the moving party may be discharged by 'showing' ... that there is an

---

[1] This is Defendant's third motion for summary judgment. As such Plaintiffs assign a context "tag" to differentiate it from the prior motions.  This tag is not intended to be argumentative.

absence of evidence to support the nonmoving party's case." *Id.; see also: Colson v. Grohman,*174 F. 3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," *Celotex Corp.*, 477 U.S. at 323, the party "need not negate the elements of the nonmovant's case." *Little*, 37 F. 3d at 1075 (citing *Celotex*, 477 U.S. at 323).

4.    If the moving party meets this burden, the non-movant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial. *See* FED R. CIV PRO 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986); *Little*, 37 F. 3d at 1071 (citing *Celotex*, 477 U.S. at 325). "Unsubstantiated assertions" or "mere allegations or denials" will not adequately cast doubt on material facts at issue. *See id.* (citing *Hopper v. Frank*, 16 F. 3d 92 (5th Cir.1994); *see also* FED R CIV PRO 56(e)). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. *See: Davis v. Chevron USA, Inc.*, 14 F. 3d 1082, 1086 (5th Cir.1994). The evidence must be viewed in the light most favorable to the nonmovant. *See Whelan v. Winchester Prod. Co.*, 319 F. 3d 225, 228 (5th Cir.2003); *Walker v. Thompson*, 214 F. 3d 615, 624 (5th Cir.2000). Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F. 3d at 1071.

5.    Because Mr. Enguitas alleges circumstantial evidence of discrimination, his claims are governed by the three-step burden shifting process announced in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 36 L

Ed 2d 668 (1973). Under this process, the plaintiff initially has the burden to

present a prima facie case of discrimination that includes, among other things

depending on the nature of the claim, proof of an adverse employment action. *See*

*McDonnell Douglas*, 411 U.S. at 802.  Once the plaintiff presents a prima facie

case, the defendant must then put forward a legitimate, non-discriminatory reason

for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the

defendant meets that burden, the presumption of discrimination disappears and the

burden of production shifts back to the plaintiff to present evidence that the stated

reason was merely a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at

805-07.  When challenged to do so in a motion for summary judgment, a plaintiff

must establish a prima facie case and present evidence raising a fact issue of

pretext in order to survive such a motion. *Russo v. Smith Int'l, Inc.*, 93 S.W. 3d

428, 438-39 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). A plaintiff in a

discrimination case may proceed "either directly by persuading the court that a

discriminatory reason more likely motivated the employer or indirectly by

showing that the employer's proffered explanation is unworthy of credence."  See

*Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089,

67 L.Ed.2d 207 (1981).

6.      A prima facie case of discrimination is made by showing plaintiff (1) is

within a protected group, (2) was adversely affected or suffered an adverse

employment action, and (3) similarly situated non-protected class members were

not treated similarly.  See: *Swierkiewicz v. Sorema N.A.***,** 534 U.S. 506, 510, 122 S.Ct. 992, 996, 152 L.Ed.2d 1 (2002).  However, because plaintiffs in reduction in force cases are laid off and oftentimes unable to prove the replacement element of the *McDonnell Douglas* standard, the Fifth Circuit has modified the test in cases involving a general reduction in the employer's workforce.  See: *Williams v. Gen. Motors Corp*., 656 F.2d 120, 127-28 (5th Cir. Unit B Sept.1981);  *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 813 (5th Cir.1991) (elaborating upon the special *Williams* prima facie case standard in reduction in force cases); *Eugene v. Rumsfeld*, 168 F.Supp.2d 655, 668 (S.D.Tex.2001);  compare *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir.1990) ("We have held that the failure to prove replacement by a younger employee is 'not necessarily fatal' to an age discrimination claim where the discharge results from a general reduction in the work force due to business conditions.").  In such cases, the fourth prong of the prima facie case is altered to require the plaintiff to produce "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Williams*, 656 F.2d at 129; *Eugene*, 168 F.Supp.2d at 668;  cf. *Brown v. CSC Logic, Inc*., 82 F.3d 651, 654 (5th Cir.1996) ("We note, however, that the 'reduction in force' standard applies only when a company lays off protected individuals, while retaining younger employees in similar positions.") (emphasis in original).  Thus, under this altered standard, Mr. Enguita need not necessarily establish the replacement element, as it appears that he--a protected class employee--was laid

off while Tatom--a younger and less qualified employee (Defendant's Motion, page 8)--was retained.

7.    Where the facts are controverted, if the plaintiff raises more than a scintilla of evidence in support of his claims, the motion for summary judgment should be denied. *Fontenot v. Upjohn Co.*, 780 F. 2d 1190 (5th Cir. 1986). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex.2002).

8.    In a case involving multiple claims, the movant must show that at least one necessary element of each of Plaintiffs' claims is missing, or proven conclusively against Plaintiff. *Robertson v. Neuromedical Center*, 161 F.3d 292, 294 (5th Cir. 1998); *American Petrofina Co. v. Crump Business Forms,* 597 S.W. 2d 467 (Tex. Civ. App. - Dallas 1980, writ ref'd n.r.e.).

9.    If sufficient evidence is produced such that reasonable minds could differ about the fact determination to be made by the jury, then summary judgment would not be proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S. Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986); *Transportation Ins. Co. v. Moriel*, 879 S.W. 2d 10, 25 (Tex. 1994).

10.    Issues not expressly presented to the trial court in the motion, answer or other response shall not be considered. *City of Houston v. Clear Creek Basin Authority*, 589 S.W. 2d 671 (Tex. 1979). Summary Judgment may not be granted on grounds that are not raised by the movant in his motion. *McConnell v.*

*Southside ISD,* 858 S.W. 2d 337 (Tex. 1993). *Russ v. International Paper Co.,* 943

F2d 589, 592 (5th Cir. 1991).

11.     Mere conclusions in an affidavit supporting a motion for summary

judgment are insufficient to establish the existence of a fact. *Mercer v. Daoran*

*Corp.,* 676 S.W. 2d 580 (Tex. 1984); *Anderson v. Snider,* 808 S.W. 2d 54 (Tex.

1991). *See: Martin v. John W. Stone Oil Distrib., Inc.*, 819 F. 2d 547, 549 (5th Cir.

1987) (hearsay evidence in affidavits cannot be considered for purposes of

summary judgment); *Davis v. Howard*, 561 F. 2d 565, 569 (5th Cir. 1977).

Rather, affidavits should detail particular facts, show the affiant's competency, and

the allegations contained in the affidavit should be direct, unequivocal, and such

that perjury is assignable to them, if untrue. *Brownlee v. Brownlee*, 665 S.W. 2d

111 (Tex. 1984). *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F. 2d 539, 556 (5th

Cir. 1980).

12.     Affidavits will not be considered where the fact assert could not have been

readily controverted. *Collora v. Navarro*, 574 S.W. 2d 65 (Tex. 1978); *Bessent v.*

*Times-Herald Printing Co.,* 709 S.W. 2d 635 (Tex. 1986). Summary Judgment

should never be granted when the issues are inherently those for the finder of fact,

such as involving malice, fraud, reliance, intent, reasonable care, uncertainty and

the like. *Dan Lawson & Assoc. v. Miller*, 742 S.W. 2d 528 (Tex. Civ. App. - Ft.

Worth 1987, no writ). Conclusory statements, subjective belief and mere surmise

or suspicion are not evidence and do not raise a fact issue.  *Texas Div.-Tranter,*

*Inc. v. Carrozza*, 876 S.W. 2d 312, 313 (Tex. 1994).

13.    A non-movant need not respond to allegations and evidence, which are insufficient as a matter of law. *Cove Investments v. Manges,* 602 S.W. 2d 512 (Tex. 1980).

B. STANDARDS FOR NO EVIDENCE MOTIONS

14.    A no evidence motion is appropriate where there has been adequate time for discovery.  TEX. R. CIV. PRO 166a(i).  Whether there has been an adequate time for discovery is not measured by any strict standard, but depends on the circumstances.  *Aguirre v. Phillips Properties, Inc*, 111 S.W. 3d 328, 344 (Tex. App - Corpus Christi 2003, pet den.). To determine whether adequate time for discovery has passed, appellate courts have considered the following non-exclusive list of factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence summary judgment; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery which has already taken place; and (7) whether the discovery deadlines were specific or vague. *Id.* When a party contends that it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Id.*

15.    To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. TEX. R. CIV. PRO 166a(i); *Southwestern Elec. Power Co. v. Grant*, 73 S.W. 3d

211, 215 (Tex. 2002); *Flameout Design & Fabrication Inc. v. Pennzoil Caspian*

*Corp*, 994 S.WS. 2d 830, 834 (Tex. App - Houston [1st Dist] 1999, no pet.); *See:*

*Celotex*, 477 at 322-25.    The Defendant moving for summary judgment must

point out with particularity the elements of Plaintiff's claims which they believe

there is no proof upon.  *Holmstrom v. Lee*, 26 S.W. 3d 526, 530 (Tex. App -

Austin, 2000, no pet.)  Once a specific fault in the pleadings or proof is identified,

the claimant has the burden to bring forward proof of the challenged element on

which the claimant has the burden of proof.

16.    A "no-evidence" motion for summary judgment is not proper if the plaintiff

brings forward more than a scintilla of evidence to prove a probative fact.  *Forbes*

*v. Granada Biosciences, Inc.,* 124 S.W. 3d 167, 172 (Tex. 2003). More than a

scintilla of evidence exists if the evidence "rise[s] to a level that would enable

reasonable and fair minded people to differ in their conclusions."  *Merrell Dow*

*Pharm, Inc. v. Havner*, 953 S.W. 2d 706, 711 (Tex. 1997); *King Ranch v.*

*Chapman*, 118 S.W. 3d 742, 751 (Tex. 2003).

17.    Evidence is material if it might affect the outcome of the suit.  *Moore v. K-*

*Mart Corp*, 981 S.W. 2d 266, 269 (Tex. App - San Antonio 1998, pet den.).

18.    With mixed questions of law and fact, summary judgment is appropriate

where the underlying facts are undisputed and the record reveals no evidence from

which reasonable persons might draw conflicting inferences about the facts. *Estate*

*of Smith v. U.S.*, 300 F.Supp.2d 474, 476 (S.D.Tex. 2004) (citing  *Abshire v.*

*Seacoast Prods. Inc.*, 668 F. 2d 832, 835 (5th Cir. 1982)).

C.  REDUCTION IN FORCE

19.    In a reduction-in-force case, a plaintiff makes out a prima facie case by showing:  (1) that he is within the protected age group;  (2) that he has been adversely affected by the employer's decision;  (3) that he was qualified to assume another position at the time of the discharge;  and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir.1996) (quoting *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir.1991));  see: *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 435 (Tex.App.-Houston [14th Dist.] 2002, pet. denied).

20.    A plaintiff challenging his termination can ordinarily establish the third prong of a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job ***at the time of the adverse action***, by which is meant that the plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired. *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 & n. 3 (5th Cir.1988)(emphasis added).  He can establish the fourth prong by showing that he was either (1) replaced by someone outside the protected class, (2) replaced by someone younger, or (3) otherwise discharged because of his age. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir.1993).

21.    Once a prima facie case is made out by the discharged employee, the

employer may rebut that claim by articulating a legitimate, nondiscriminatory

reason for its decision. *Amburgey*, 936 F.2d at 813; *Anderson v. Taylor Publ'g

Co.*, 13 S.W.3d 56, 59 (Tex.App.-Dallas 2000, pet. denied) (citing *Bodenheimer*, 5

F.3d at 957).   A showing that a discharged employee was clearly better qualified

than younger retained employees is one of the ways that a plaintiff can respond to

the employer's reduction-in-work-force reason and show that a reduction in force

was a mere pretext for age discrimination. *Nichols*, 81 F.3d at 42; *E.E.O.C. v.

Manville Sales Corp.*, 27 F.3d 1089, 1096 n. 5 (5th Cir.1994); *Anderson,* 13

S.W.3d at 59.   The evidence of relative qualifications must be more than merely

subjective and speculative. *Nichols*, 81 F.3d at 41.   It must be specific and

comparative in nature. *Id.* (citing *Bodenheimer*, 5 F.3d at 959).   Furthermore, the

evidence must demonstrate that the decision to retain a younger worker instead of

an older one was more than a bad business decision.  See *Bodenheimer*, 5 F.3d at

959.   The evidence must show a mistake of judgment large enough that one may

wonder whether it was a mistake at all. *Amburgey*, 936 F.2d at 814.

D.  APPLICATION TO THE FACTS - AGE

22.    The factory closed on June 24, 2002, but Mr. Enguitas continued receiving

salary and other benefits, and reasonably believed that management was seeking a

position for him with the company either in Colorado, or elsewhere. (Exhibit 1,

page 44, line 6 through page 45, line 17; Exhibit 4). Defendant now asserts that a

lesser position was offered to Mr. Enguitas (Defendant's Exhibit 3), which makes

that belief more reasonable, a claim Mr. Enguitas contests and for which no documentary proof has been provided (Exhibit 1, page 45, line 14-24; Plaintiff's Exhibit 3).

23.     Mr. Enguitas was over the age of forty at the time, a fact the Defendant does not contest. (Defendant's Motion, pages 10-12).   Although he had serious physical problems, his job performance was not affected, he did not require accommodation. He was capable and was in fact performing his job, a fact that Defendant does not contest. (Defendant's motion, pages 10-12). A place for him was not made available, although Mr. Tatom, a younger employee, was provided a transfer, a fact that Defendant does not contest. (Defendant's motion, page 8). Thus the first four tests are met.

24.     In reply, Defendant urges that the reduction in force was a non-discriminatory reason for termination. Because the Defendant's assertion of a non-discriminatory reason is not subject to question at the summary judgment stage, the Plaintiff is now put to proving by more than a scintilla that the alleged non-discriminatory reason was a mere pretext.  This can be accomplished by circumstantial evidence that age was a motivating factor. *Desert Palace v. Costa*, supra.; *Rachid v. Jack in the Box, Inc.*, 376 F. 3d 305, 309 (5th Cir. 2004) (applying modified test in ADEA case).

25.     Mr. Enguita had spent his entire adult life working for this firm in virtually the same position, as a coordinator of new plants and supervisor of the assembly line. (Exhibit 1, pages 19, line 18 through page 21, line 3; page 22, line 25 through

page 24, line 2). His last post was Plant Manager. (Exhibit 1, page 55, lines 23-25).  By experience, he was vastly more qualified than any other employee for his job.  Mr. Tatom's last position was "Project Manager II". (Exhibit 1, page 56, line 15-17).  Mr. Tatom was in a job that had less seniority, less responsibility, and less experience and information concerning the overall product and business of Defendant. (Exhibit 1, page 24, line 23-24).

26.    The plaintiff can usually provide sufficient evidence of discriminatory intent by showing that the employer's proffered reason for the adverse action is false[2].  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-149, 120 S.Ct. 2097, 2106-2109, 147 L.Ed.2d 105 (2000).  The stated reason, that all employees were terminated, is false because Defendant admits that not all employees were terminated and a lesser qualified individual was retained who was not as old as Mr. Enguitas.  This is more than a scintilla of evidence that some other reason was a motivating factor in choosing to retain Mr. Tatom, and discharge Mr. Enguita.

E. - APPLICATION TO THE FACTS - DISABILITY

27.    The ADA prohibits discrimination by private employers against qualified individuals with a disability.  Specifically, it provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring,

---

[2] Defendant does not raise the next step in a "mixed motive" analysis - whether the same employment decision would have been reached without the discriminatory motive. See: *Keelan v. Majesco Software, Inc.*, 407 F. 3d 332, 340-42 (5th Cir. 2005).

advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."   42 U.S.C. § 12112(a);  see also § 12111(2).  A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  In turn, a "disability" is defined as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment;  or (C) being regarded as having such an impairment.   42 U.S.C. § 12102(2).

28.     Although federal regulations treat work as a major life activity within the statutory definition, the United States Supreme Court stopped short of doing so in *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 200, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) ( "Because of the conceptual difficulties inherent in the argument that working could be a major life activity, we have been hesitant to hold as much, and we need not decide this difficult question today.").n  The Supreme Court held, to show a substantial limitation, "a claimant would be required to show an inability to work 'in a broad range of jobs,' rather than a specific job." *Id*.  (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)).

29.     Thus, under the standards that apply, it is possible to be "disabled" for one purpose, and not disabled for another. See, e.g.,  *Bragdon v. Abbott*, 524 U.S. 624,

641, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998) (The ADA "addresses substantial limitations on major life activities, not utter inabilities."); *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 22 (1st Cir.2002) ("The focus is not on whether the individual has the courage to participate in the major life activity despite her impairment, but, rather, on whether she faces significant obstacles when she does so. The EEOC's emphasis on 'condition, manner, or duration' in contrasting how a disabled person performs an activity and how a member of the general public performs that same activity dovetails with this formulation.").

30.    Mr. Enguita's only work experience is with this Defendant, in this job, which he was capable of performing in 2002 when he was terminated. (Exhibit 1, page 17, line 14 through page 19, line 5). He was able to perform that job despite serious illness, surgery, and rehabilitation. Since he returned to Spain, he has developed further health problems, which may make it questionable about whether he could perform the same job today. (Plaintiff's Exhibit 2, Defendant's Exhibit E. Exhibit 1, page 25, line 9 -25). But, he has applied for jobs and thinks he could do "anything". (Exhibit 1, page 10, line 9 through page 11, line 2; page 26, lines 2-4). However whether he is currently disabled does not affect whether he was capable of performing his job in June, 2002. This is a factor that can be considered in the measure of damages, that is: what wages he could have earned had he been retained, and does not preclude liability for discriminating against him because of his disability. He was able to work at the time of his termination. *Bienkowski*, supra.

31.     That Mr. Enguitas had a history of disabling conditions, that he was able to overcome, and that was known to the Defendant is not contested (See: Exhibit 1, page 36, line 22 through 37, line 16; page 62, line 18 through page 63, line 17; Deposition Exhibit L-1, report of injury 1987; Deposition Exhibit N, return to work after surgery 2002; Deposition Exhibit O, application for short-term disability after surgery; Deposition Exhibit P, notice of short term disability 1998; Deposition Exhibit Q, application for disability benefits 2003).  Thus Mr. Enguitas qualifies as being "disabled" for the purposes of the anti-discrimination statutes. 42 U.S.C. § 12102(2)(C); *Deppe v. United Airlines,* 217 F. 3d 1262, 1267 (9th Cir. 2000).

32.     A plaintiff must show that (1) he has a history of disability;  (2) he is a qualified individual for the job in question;  and (3) an adverse employment decision was made because of his disability.  *McInnis v. Alamo Cmty. Coll.  Dist*., 207 F.3d 276, 280 (5th Cir.2000).  Once the plaintiff proves his prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its rejection of the plaintiff.  *Id*. Once the employer articulates such a reason, the burden then shifts back to the plaintiff to establish by a preponderance of evidence that the articulated  reason was merely a pretext for unlawful discrimination. *Id*. Proof that the adverse employment action was "because" of the history of disability may be accomplished by circumstantial evidence that the disability was a motivating factor in the decision. *Desert Palace v. Costa*, supra.

33.    Because he had a history of disabling conditions, was fired when a different employee who did not have such a record was retained, and was qualified for the job *at the time that he was fired*, Mr. Enguitas makes a prima facie case of disability discrimination.  *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 & n. 3 (5th Cir.1988).

34.    The same reasoning and evidence discussed concerning the age discrimination charge applies equally to the disability charge.  That is, Mr. Enguita was treated differently than another, lesser qualified individual, who did not have a disability.  Proving the employer's stated reason for the firing is pretext is ordinarily sufficient to permit the trier of fact to find that the employer was actually motivated by discrimination. *Reeves,* 530 U.S. 133, 147-148, 120 S.Ct. at 2108-09, 147 L.Ed.2d 105;  see also *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex.1996) (employer claimed employee violated three day policy, but was fired before three days ran); *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473 (Tex. 2001) (employer claimed employee had poor performance but all reviews were very favorable). The stated reason - that all employees were terminated - is clearly false. At least one employee was transferred, Mr. Tatom. That person was less qualified than Mr. Enguitas.

35.    Although the case is confessedly not compelling at this point, the case is not subject to the more rigorous factual examination that occurs after a trial on the merits, when all of the facts are known.  A mere scintilla is insufficient to present a question for the jury. However, it is the function of the jury as the traditional

finder of facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses. *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 572 (5th Cir., 2002). There is more than a "mere" scintilla of evidence, however, and the motion for summary judgment should be denied.

F.    OBJECTIONS TO EVIDENCE

36.    Plaintiff objects to the affidavit of Pat Robinette for the reason that the affidavit is not reliable. FRE Rule 701, 702; *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 90, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). There is no showing of the qualifications, investigation, or efforts made to reach the conclusions stated as facts in the affidavit.

37.    Plaintiff further objects to the affidavit of Pat Robinette for the reason that the affidavit consists of unsupported allegations, conclusory contentions without support, and states conclusions which are not readily rebuttable. *Hopper v. Frank*, 16 F. 3d 92 (5th Cir.1994). For example: He states that there were no other jobs[3] available in June of 2002, although he contradicts himself by saying that a job was offered, and does not state what other jobs were available, where, at what skill level, or at what salary. It is beyond credence that this multinational corporation had no open positions worldwide. Hence it is logical to conclude that Mr. Robinette excluded some positions for some reasons which are not stated. Affidavits should detail particular facts, show the affiant's competency, and the allegations contained in the affidavit should be direct, unequivocal, and such that

perjury is assignable to them, if untrue. *Brownlee v. Brownlee*, 665 S.W. 2d 111 (Tex. 1984); *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F. 2d 539, 556 (5th Cir. 1980). Unsupported allegations or affidavits setting forth "ultimate or conclusory facts and conclusions of law" are insufficient to either support or defeat a motion for summary judgment. *Galindo v. Precision American Corp*, 754 F. 2d 1212, 1216 (5th Cir. 1985), *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir 1995).

38.    Plaintiff further objects to the affidavit of Pat Robinette because it is contradictory and hence inherently unreliable.  For example: He states that Mr. Enguitas was notified of the plant closure on June 24, 2002. However, the attached exhibit shows that the letter considered this to be a "temporary" shut down, when the plant would be "idled".  Hence this letter does not support the statement that notice was given of the final plant closure.  *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628, 64 S.Ct. 724, 88 L. Ed 967 (1944) (concerning the effect of affidavits from interested witnesses).

39.    Plaintiff further object to the affidavit of Pat Robinette because it is contradictory and hence inherently unreliable. For example: He states that 143 persons lost their jobs. However, previously produced documentation shows that only 143 persons were employed at the Brownsville plant (Deposition Exhibit J), and we know that at least one person was reassigned. Hence his math is incorrect.

---

[3] "No similar positions of a supervisory position available..." (Defendant's Exhibit 3).

See: *Boze v. Branstetter*, 912 F.2d 801, 807 (5th Cir. 1990) (discussion of "clear,

direct and positive" requirement for affidavit).

40.    Plaintiff further objects to the statement made in argument, and

unsupported by the evidence that Neoplan continues to experience downsizing and

closures (Motion, page 8).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the

Motion be denied.

Respectfully Submitted,

_/s/ Savannah Robinson___
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
(979) 922-8825
fax: 979-922-8857

EXHIBITS

Exhibit 1 - Deposition of Daniel Enguitas, with exhibits L-1, N, O, P, Q
Exhibit 2 - Doctor's note regarding travel
Exhibit 3 - Affidavit of Daniel Enguitas, October '05.
Exhibit 4 - Affidavit of Daniel Enguitas.

CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and
foregoing was this day served by certified mail, return receipt requested, pursuant
to the Federal Rules of Civil Procedure, on the following persons, on this the
_06__ day of __October_, 2005.

Elizabeth Neally
Jeffy Roerig
Roerig, Oliveira & Fisher
855 West Price Rd., Suite 9

Brownsville, TX 78550
FAX: 956-542-0016

___/s/ Savannah Robinson_____
Savannah Robinson

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

BE IT REMEMBERED, that on the _____ day of _____, 2005, came

to be heard the Motion of Defendant for summary judgment concerning the pretext

of discrimination, and the Court having examined the pleadings and being of the

opinion that the Motion should be denied,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the

Motion is denied. All relief inconsistent with this Order is likewise denied.

SIGNED in Brownsville, Texas, on this the _____ day of _____, 2005.


_____
Hon. Hilda Tagle
JUDGE PRESIDING