IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | CIVIL ACTION NO. B-04-121 |
| | § | |
| vs. | § | |
| | § | |
| Neoplan USA Corporation | § | JURY REQUESTED |

STATEMENT pursuant to 28 USCA §1746

THE STATE OF TEXAS §
THE COUNTY OF HIDALGO §

BEFORE ME, The Undersigned Authority, on this day personally appeared Daniel Enguitas, the undersigned, who, after being duly sworn, deposed and stated on his oath the following:

1. "My name is Daniel Enguita. I am over the age of eighteen (18), of sound mind, and I understand the taking of an oath. I have personal knowledge of every statement made in this statement, all of which statements are true and correct. I am fully competent and authorized to testify as to the matters stated herein.

2. I am the plaintiff in the above styled, attached and referenced litigation.

3. When I was employed by Neoplan for over thirty years. I was initially employed straight out of school when I was living in Spain. I later was transferred to Germany, South Africa, and then Colorado, USA. After being employed for some time in Colorado, USA, Neoplan restructured and split into separate companies. The new Neoplan USA company continued as my employer. I was transfered after the restructuring to the Brownsville, Texas plant. In Brownsville, I was a line production manager.

**EXHIBIT 4**

4. In my job in Brownsville, Texas, Neoplan USA made reasonable accomodations for my disability. I have spinal stenosis, which has required surgery. As a result, I am not as mobile as I would like to be. However, with reasonable accomodations I could and did perform my job.

5. On April 24, 2002, all employees received written notice of the plant being closed. However, some employees were offered work elsewhere. I believed that, because of my many years of service to the company, and because of conversations I had with management, that I would be offered work elsewhere. I asked about other positions in the company, and was told that qualified employees would be offered positions elsewhere. I was qualified, and desired such a position.

6. When the plant in Brownsville was closed, there were other jobs available in the company that I could perform with reasonable accomodation, such as field representative, and other positions. I believed, because of my long service and my conversations with managment, that the company was seeking positions in the company, either in their Colorado plant or elsewhere, that I could fill.

7. I continued to receive my regular paycheck, which was deposited into my bank accounts, until September 01, 2002. I was then notified that my final check would be September 13, 2002. The final check was deposited in my account, as shown by the banking records attached (Exhibit 4-A).

8. Until the final notification, I reasonably believed that the company would find a position for me and make reasonable accomodations for my disability. Thus, I believe that September 01, 2002, is the effective date of my termination.

9. I applied for disability benefits in Germany, which is attached as Defendant's Exhibit E-2. I gave a date that work ended as June 24, 2002, because that is the date that the plant closed. After that date, other than cleaning my desk, continuing to request other employment, and cooperating with management, I did not physically perform work. Because this application is for disability, the physical ability to perform work is the key question. This is not the same and should not be taken as the date that my termination was effective, instead it is the date of physical work.

10. Likewise, in Exhibit C, answers to interrogatories, I gave June 24, 2002 as the last date of physical work. I continued to receive benefits and seek other positions within the company until September 01, 2002. Thus, I believe that the effective date of termination should be September 01, 2002. That is the date that it was reasonably clear that the company would not find work for me, and allow my employment to cease.

11. I declare under penalty of perjury that the foregoing is true and correct and that I have provided this declaration voluntarily.

12. Further affiant sayeth not.

*Daniel Enguitas*
Daniel Enguitas

SIGNED AND SWORN Before me on this the 03 day of Marzo, 2005.

*Aurelio Aguirre Juarez*
Notary Public