United States District Court
Southern District of Texas
FILED

OCT 1 7 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENGUITA | § | |
| | § | CIVIL ACTION NO. B-04-121 |
| VS. | § | JURY |
| | § | |
| NEOPLAN USA CORP. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND OBJECTIONS TO PLAINTIFF'S EXHIBITS TO RESPONSE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Neoplan USA Corp., defendant in the above styled cause and serves Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment and Objections to Plaintiff's Exhibits to Response and would show the Court the following:

**I.**

1. In Plaintiff's response to Defendant's Motion for Summary Judgement, Plaintiff mistakenly concludes that Defendant's sole reason for not re-assigning the Plaintiff to another plant is because it is Defendant's position that all employees were terminated, see Plaintiff's Reply, paragraph 34.

2. This is simply a misrepresentation of Defendant's position. The legitimate reasons are addressed in Defendant's Motion for Summary Judgement in Section V.A-2. These reasons are addressed in the affidavit of Pat Robinette attached as Exhibit 3 to the Motion and include the reason that it was for economic reasons and that there were no positions of a managerial nature available to re-assign Plaintiff.

3. The sole disputed issue concerning whether Plaintiff was offered a less prestigious position

with less pay is irrelevant, as there are other uncontested reasons why he, along with 143 others, was terminated and that there were no other similar positions available. Defendant only must address the reasons for the closing and why Plaintiff was not re-assigned to a similar position. Plaintiff has not addressed those reasons in his response.

4. Plaintiff's affidavit is based solely on conclusory statements and does not present evidence of pretext or false motives. The circumstantial evidence Plaintiff relies upon is based on one employee out of 143 being reassigned and this was not to a comparable position. There is no evidence of any employees remaining at The Brownsville plant or in a managerial capacity.

5. Plaintiff has presented no evidence that Pat Robinette's statements are false. Ms. Robinette has been employed in a position of authority and has personal knowledge to base her statements. There is no evidence to Defendant to reflect these statements. Even Mr. Enguita testified the plant closed because there was no production. See Exhibit 2 to Motion for Summary Judgment, Deposition of Plaintiff, page 67 line 3- 6.

| Question | Ln. 3. | Do you know why the plant was closed in |
| | Ln. 4. | Brownsville? |
| Answer | Ln. 5. | Well they closed because there was no |
| | Ln. 6. | production. |

6. Obviously, Robinette's statement that the closure of the plant with 143 employees losing their jobs indicates theat Mr. Enguita was not singled out even if one or more employees retained their position.

7.    In his deposition, Mr. Enguita even admitted that the plant did not close so that he would lose his job.  See deposition of Daniel Enguita, Motion for Summary Judgment Exhibit 2, page 52, line 24 - page 53, line 2.

| | | |
|---|---|---|
| Question | Ln. 24. | Okay. And are you–are you claiming that |
| | Ln. 25. | They closed the–Brownsville plant just so they |
| | Ln. 1. | Could discriminate against you? |
| Answer | Ln. 2. | No. |

8.    Further Plaintiff admits being continuously employed even after his disability leave was up until the plant closed on June 24, 2002.  See Exhibit 2, Deposition of Plaintiff, page 63, line 12 -24.

| | | |
|---|---|---|
| Question | Ln. 12. | Okay. And after August 31st, 1998 when you |
| | Ln. 13. | Went back to work, you–stayed employed until |
| | Ln. 14. | They closed the plant in Brownsville, right? |
| Answer | Ln. 15. | I didn't say a year |
| | Ln. 16. | (Sic) |
| | Ln. 17. | Yes |
| Question | Ln. 18. | Okay. And then you were |
| | Ln. 19. | out again on disability, according to this letter, in |
| | Ln. 20. | 2002–from 2/22/2 through 3/31/2002, right? |
| Answer | Ln. 21. | Yes. |
| Question | Ln. 22. | And then you remained employed with Neoplan |

| | Ln. 23. | Until the plant closed down on June 24th, 2002? |
|---|---|---|
| Answer | Ln. 24 | Yes. |

9.    Further, Plaintiff's counsel represents that Mr. Enguita received salary and benefits after the plant closed. Yet Mr. Enguita's deposition testimony contradicts this. He stated on page 55, line 8-12:

| Question | Ln. 8. | Okay. So after the pay period of 6/24/02, |
|---|---|---|
| | Ln. 9. | You were no longer working at the plant. You were |
| | Ln. 10. | Still getting vacation pay, but you weren't getting |
| | Ln. 11. | Any pay for work at the plant, correct? |
| Answer | Ln. 12. | Yes. |

See Ex. 2 to Motion for Summary Judgment, Plaintiff's deposition.

10.    Plaintiff must show that Defendants reasons for its action were pretextual or false. Plaintiff's response has failed to do so.

11.    Further, Plaintiff asserts that Robinette's affidavit should be struck because it is heresay. Yet, Plaintiff has produced no admissible documents deflecting Robinette's testimony or the fact the plant closed because of financial reasons and did not re-open.

12.    Plaintiff objects to the affidavit of Pat Robinette as contradictory and therefore inherently unreliable. In doing so, Plaintiff relies on his own unsupported conclusory statements and inadmissable unreliable evidence to refute the summary judgment. For instance, he relies on a document, labeled as J, by Plaintiff as establishing the number of persons employed at the Brownsville plant and represents that there were there were only 143 people employed at the evidence a statement

that can not be established merely by looking at the document.   Plaintiff had ample time to discover

evidence to contradict and establish the evidence that he tries to assert as fact in his response, yet he

failed to do so.  Defendant, therefore request that the Exhibits attached to Plaintiffs response be struck

and not considered in the ruling of the Defendant's Motion for Summary Judgment.

## II.

13.   In order to establish a prima facie case of discrimination in a reduction in workforce case,

the plaintiff must demonstrate: 1.) he is a member of a protected group: 2.) he was adversely affected

by the employer's decision: 3.) he was qualified to assume a similar position and 4.) Others who were

not members of the protected class remained in similar positions. *Eugene v. Rumsfield,* 168 F.Supp.2d

655, 669 (S.D., Tex., 2001).   In situations where the employer reduces its workforce and does not

plan to replace the discharged employee, the fourth element is that after the discharge, others who

were not members of the protected class remained in similar positions.  In which case the plaintiff is

required to produce evidence, circumstantial or direct, from which a fact finder might reasonably

conclude that the employer intended to discriminate in reaching the decision at issue.   *Id.,* 168

F.Supp.2d at 668, citing *Williams v. General Motors, Co.* 656 F..2d 120, 129 (5th Cir. 1981); *Molnar*

*v. Ebasco Constructions, Inc.,* 986 F.2d 115, 118 (5th Cir. 1993).

14.   Plaintiff's sole evidence of an employee being retained by Defendant is Bob Tatum, yet

it is uncontraverted that he was not retained at the Brownsville plant and that he was not retained in

a similar position.  Plaintiff has no evidence to refute the statement of Pat Robinette that: "At the time

of the closing of the Brownsville plant there were no similar positions of a supervisory position

available for Mr. Enguita" and that Bob Tatum was kept on as a field representative at a lower rate

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO PLAINTIFF'S
EXHIBIT TO RESPONSE- PAGE 5

of pay and traveled to various other positions. This was not the managerial position that Plaintiff described he held at the Brownsville plant. There is simply no evidence that there were any similar positions available for Plaintiff at the time of the closing or that other similarly situated employees were retained at a similar position.

15.     See also *Brown CSC Logic, Inc.*, 82 F.3d 651, (5th Cir., Tex., 1996) where the Defendant's reasons for terminating plaintiffs were economic in nature  by Defendant making significant cutbacks throughout the company which supported employer's summary judgment where plaintiff had sued defendant terminated them in violation of the Age Discrimination in Employment Act. The reduction in  force standard applies only when a company lays off protected  individuals while retaining younger employees in similar positions, *Id.*, 82 F.3d at 654. To show pretext, plaintiff must establish either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. *Konowitz v. Schnadig Corp.*, 965 F2d 230, 232-33 (7th Cir 1992); *Grohs v. Gold Bond Bldg., Prods.*, 859 F.2d 1283, 1286 (7th Cir. 1988) *cert. den. 490 U.S. 1036, 104 L.Ed. 2d 405, 109 S.Ct. 1934 (1989).*  See also *Branstetter v. GTE North, Inc.*, 1995 U.S. LEXIS 12694, HN 15 (N.D. Indiana 1995).

16.     Here, even were the Court to conclude that the sole example Plaintiff has given of an over 50 year old man being retained out of 143 employees is circumstantial evidence, the proffered business reasons for the closure of the plant are undisputed and there is no evidence of discriminatory reasons for not retaining Plaintiff in a "similar position."

## III.

17.    Defendant objects to Plaintiff's Exhibits as incompetent Summary Judgment evidence. Specifically, Defendant objects to Exhibits J, K, L, N, O, P and Q, as well as exhibit 2 referred to Plaintiff's Response.    Federal Rules of Civil Procedure 56(e) and Federal Rules of Evidence 602 provide that affidavits and evidence submitted in a n attempt to thwart summary judgment must be based on personal knowledge as required by both Rules.    See *Juarez v. Menard, Inc.*, 366 F.3d 479, 484 (7th Cir. 2004).    Plaintiff had the opportunity to refute the statements of Pat Robinette through discovery and failed to do so.    Rule 56 of the Federal Rules of Civil Procedure require the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact.    See *Bailey v. Floyd County Bd. Of Educ.*, 106 F3d 135, 145 (6th Cir. 1997).    Here, Plaintiff's reliance on documents discussed during the deposition of Plaintiff with no predicate or basis for personal knowledge established requires that these Exhibits be struck as summary judgment evidence and not relied on in the ruling on the summary judgment.

18.    Defendant would further show that even if this evidence is allowed it does not refute the legitimate reasons for the closing of the Brownsville plant, that there were no managerial positions available for Mr. Enguita and that Mr. Enguita's termination was do to financial reasons.

## IV.

19.    Plaintiff states that the Motion for Summary Judgment of Defendant is based on the termination of Mr. Enguita being effective on June 24, 2002.    In fact, the response to the Summary Judgment admits "the factory closed on June 24, 2002...."    See, paragraph 22., page 9 of Plaintiff's Response to Defendant's Motion for Summary Judgment.    Plaintiff claims that Mr. Enguita continued

to receive salary and benefits of which there is no evidence other than Plaintiff's self-serving affidavit.

20.     As is indicated by the Plaintiff mere conclusions and an affidavit supporting a motion for summary judgment are insufficient to establish an existence of a fact. *Mercer v. Daoran Corp.*, 676 SW2d 580 (Tex. 1984); *Anderson v. Snider*, 808 SW2d 54 (Tex. 1991); *Martin v. John W. Stone Oil Distributors, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); *Davis v. Howard*, 561 F.2d 565, 569 (5th Cir. 1977).

21.     Conclusory statements, subjective beliefs, and mere surmise or suspicion are not evidence and do not raise a fact issue. *Tex. Div. - Tranter, Inc. v. Carrozza*, 876 SW2d 312, 313 (Tex. 1994). See, Plaintiff's Reply to Summary Judgment, paragraphs 10, 11, and 12 on this issue. Even though the Plaintiff acknowledges the closing of the plant on June 24, 2002, any claims after that time were based on speculation by the Plaintiff that he would continue to be employed in a different position.   The fact that Plaintiff may have received vacation or sick pay does not offset the fact that Plaintiff was aware of his termination on June 24, 2002 and hence, that is the starting date for his claim of discrimination. Regardless of Plaintiff's termination date, the fact is the plant closed on that date and did not re-open.  This fact is admitted to by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant Neoplan USA Corporation requests that this Court grant this Motion for Summary Judgment and Objections to Plaintiff's Exhibit to Response, striking said exhibits  and grant such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telefax    : (956) 542-0016

Attorneys for Defendant Neoplan USA Corp.

By:_____
    Jeffrey D. Roerig
    State Bar No. 17161700
    Federal ID No. 1503
    Elizabeth G. Neally
    State Bar No. 14840400
    Federal ID No. 8044


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment and Objections to Plaintiff's Exhibits to Response has been mailed, Certified Mail Receipt Requested, to the Attorney for Plaintiff, as follows:

Ms. Savannah Robinson          Mr. Carlos E. Hernandez, Jr.
Attorney at Law                101 North Tenth Avenue
1822 Main Street               Edinburg, Texas 78539
Danbury TX 77534


on this 17ᵗʰ day of October, 2005.

_____
JEFFREY D. ROERIG
ELIZABETH G. NEALLY


DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO PLAINTIFF'S
EXHIBIT TO RESPONSE- PAGE 9